Sean C. Ferry (SBN 310347)
sferry@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

Attorneys for Creditor
Deutsche Bank National Trust Company As Trustee For
INDYMAC INDX Mortgage Loan Trust 2006-Flx1,
Mortgage Pass-Through Certificates Series 2006-Flx1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Taurean E Wright<br><br>Debtor. | Case No. 6:25-bk-11843-SY<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>107 CACHANILLA CT<br>PALM DESERT  California  92260<br><br>**CONFIRMATION HEARING:**<br>DATE:         May 27, 2025<br>TIME:         01:30 PM<br>PLACE:       3420 Twelfth St.,<br>                     Riverside, CA 92501<br>CTRM:        302<br>JUDGE:       Scott H. Yun |

Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1, by and through its authorized loan servicing agent, PHH Mortgage (collectively the "Creditor"), secured creditor of the above-entitled debtor, Sionita C Angeles ("Debtor"),

This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, Schneid & Crane, LLP's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz, Schneid & Crane, LLP, either expressly or impliedly through Robertson, Anschutz, Schneid & Crane, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below: 1

## I. STATEMENT OF FACTS

On or about July 5, 2006, Debtor executed a promissory note in the original principal sum of $645,000.00 (the "Note") which was made payable to Franklin Financial, A Corporation ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 107 Cachanilla Ct, Palm Desert, CA 92260 (the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On March 25, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Riverside Division, and was assigned case number 6:25-bk-11843-SY.

On April 8, 2025, Debtor filed his Chapter 13 Plan ("Plan") which provides for Creditor's claim in Class 2. The plan isn't feasible. Schedule J provides for ongoing monthly payments of $2300, even though ongoing payments are actually $3564.64, a difference of $1264.64. Pre-petition arrears are $107,050.53, which translates to payments of $1,784.18/month. The total additional ongoing payments + arrears payment per month is $3,048.82. Debtor's net income is only $2,097.19.

## II. ARGUMENT

**A.  DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED IT IS NOT FEASIBLE**

---

2 Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case

11 U.S.C. §1325(a)(6) requires a debtor to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982).

In the present case, with Creditor's pre-petition arrears anticipated at the amount of $116,213.21 but the Plan is providing for arrearage of $110,000.00. However, Debtor's Plan as proposed is not feasible. As Schedule J provides for ongoing monthly payments of $2300, even though ongoing payments are actually $3564.64, a difference of $1264.64. Pre-petition arrears are $107,050.53, which translates to payments of $1,784.18/month. The total additional ongoing payments + arrears payment per month is $3,048.82. Debtor's net income is only $2,097.19.

For the reasons stated above, Creditor objects to the confirmation of Debtor's Plan.

**WHEREFORE**, Creditor respectfully requests:

1. That the Court deny confirmation of the Debtor's Plan;
2. For such other and further relief as this court deems just and proper

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: 5/13/2025

/s/ Sean C. Ferry
Sean C. Ferry
Attorneys for Creditor, Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1

- 3 -    CASE NO.    6:25-BK-11843-SY
**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1 Park Plaza, Suite 600
Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): _____
OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/13/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats    dacoats@raslg.com
Rod Danielson (TR)    notice-efile@rodan13.com
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/13/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Taurean E Wright
107 Cachanilla Ct
Palm Desert, CA 92260-3159

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/13/2025 | Sean C. Ferry | /s/ Sean C. Ferry |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**