**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

In re:

TAUREAN E WRIGHT,

      Debtor.

**Case No: 6:25-bk-11843-SY**

**Chapter 13**

**DEBTOR'S REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN BY JEAN BARANOWSKI**

**<u>Confirmation Hearing</u>**
Date:  May 27, 2025
Time:  1:30 PM
Courtroom:  302
Location:  3420 Twelfth Street
           Riverside, CA 92501

      Debtor Taurean E. Wright, hereby submits the following reply to the objection to confirmation filed by Jean Baranowski and alleges as follows:

      Baranowski lost all interest in the subject property well over a year before this case was filed through a completed, recorded nonjudicial foreclosure. Her continued efforts to interfere with this bankruptcy reflect a fundamental misunderstanding of property law and bankruptcy law and procedure, and her objection should be summarily overruled.

      Furthermore, Baranowski has acted in bad faith through her interactions with this case. She simultaneously complains of not being listed in the bankruptcy petition and yet threatened to sue Debtor's counsel for defamation if he included her name in the petition. She has relentlessly harassed both the Debtor and his wife. Her conduct reflects personal animus and spite, and she is not a legitimate participant in this case.

1

## INTRODUCTION

2   Baranowski is the former owner of 107 Cachanilla Court, Palm Desert, CA. Her interest

3   in the property was extinguished when the second deed of trust was foreclosed and title was

4   transferred to the Debtor by recorded Trustee's Deed on December 6, 2023 (Doc. No. 2023-

5   0363066, Riverside County Recorder). Prior to that, a Notice of Default (Doc. No. 2023-

6   0005486), Substitution of Trustee (Doc. No. 2023-0005485), and Notice of Trustee's Sale (Doc.

7   No. 2023-0102669) were duly recorded. These documents conclusively establish that

8   Baranowski's title was divested and that she has no continuing ownership interest in the property.

9   Furthermore, since this foreclosure was done as a nonjudicial foreclosure, Baranowski's personal

10  liability on the mortgage was also extinguished by the foreclosure sale.

11

12  ## ARGUMENT

13  ### A.

14  ### Baranowski Has No Interest in the Subject Property

15  Baranowski's entire objection rests on the false premise that she retains ownership of 107

16  Cachanilla Court. This is refuted by public records. The foreclosure process was completed

17  under California's nonjudicial foreclosure statutes, and the Trustee's Deed recorded on

18  December 6, 2023 transferred legal title to Debtor Taurean Wright. Under California law, that

19  deed is *prima facie* evidence of proper foreclosure. See *Moeller v. Lien*, 25 Cal. App. 4th 822,

20  830 (1994).

21

22  ### B.

23  ### Baranowski's Procedural Complaints Are Unfounded and Contradicted by Her Conduct

24  Baranowski's complaints about not being listed are directly contradicted by her own

25  conduct. When Debtor's counsel spoke with her by phone shortly after the petition was filed, she

26  confirmed her awareness of the bankruptcy, the Debtor's intent to use it to rehabilitate the

27  mortgage and retain the property, and the pending motion to continue the automatic stay.

28  Counsel informed her of his intent to list her as a creditor and former owner of the property. In

response, she threatened to sue counsel personally for defamation if her name appeared in the bankruptcy filings**.** Rather than risk frivolous litigation, counsel chose the path of least resistance: he served Baranowski with copies of all pleadings to keep her fully informed and awaited her voluntary participation. Now that she has entered the fray, it is presumed she has abandoned the threat of defamation. Accordingly, the amendments filed concurrently with this Reply now include Baranowski listed in several appropriate places.

Since the foreclosure, Baranowski has also persistently harassed the Debtor, his spouse, and their extended family. Her behavior has included contacting the Debtor's neighbors, making false claims to the Homeowners Association, and, according to the HOA, attempting to hire a company to demolish the property. Her persistent interference has caused stress and disruption to the Debtor's household and is further evidence that her involvement in this case is driven solely by personal animus and an inability to move on with her life. Her situation is unfortunate, but this is not an appropriate way to express her grievances.

## C.

**Baranowski's Requests for Relief Are Procedurally Defective and Legally Unsupported**

Baranowski's objection improperly attempts to shoehorn several forms of relief into a confirmation opposition without filing the necessary motions. First, she asks the Court to vacate the automatic stay. But she had actual notice of Debtor's motion to continue the stay, acknowledged this in a phone call with counsel, and chose not to oppose it at the time. She now seeks to revisit that decision.

Second, she seeks an order "striking" the inclusion of the mortgage and homestead in the Debtor's schedules. No such motion was filed. This is not a proper request for relief and is based on a fundamental misunderstanding of what a bankruptcy petition is. Even if such a motion were to have been filed, it would be meritless.

Third, she seeks an order granting her "clear title" to the property. That relief must be pursued, if at all, through a properly filed adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. No such proceeding has been initiated, and no facts support any

plausible claim of ownership. Baranowski lost the property through a completed, nonjudicial foreclosure. Her attempt to now collaterally assert ownership rights in the confirmation context is procedurally and substantively improper.

**D.**

**The Plan Is Feasible and Filed in Good Faith**

Debtor has filed amended Schedules I and J and an amended Chapter 13 Plan concurrently with this Reply. The amended Plan reflects the correct arrears on the PHH Mortgage as $116,214, consistent with the mortgage lender's objection to confirmation. Based on this figure, the amended Plan proposes monthly payments of $2,222 over 60 months.

To support feasibility, the Debtor is filing an amended Schedule I to include updated income information for his spouse. Although she has not yet received her first full paycheck, her employment has commenced and her projected income is now included as an estimate.

Schedule J is also being amended to reflect the updated ongoing mortgage payment of $3,565, along with minor expense adjustments. The amended schedules demonstrate that the monthly plan payment of $2,222 is feasible under 11 U.S.C. § 1325(a)(6).

There is no evidence that the case was filed in bad faith. The Debtor is simply exercising his rights under Chapter 13 to reorganize his debts and protect lawfully acquired property.

///

///

///

///

///

///

///

///

///

///

4

**REPLY TO OBJECTION TO CONFIRMATION**

## **CONCLUSION**

If Baranowski had been the one to file a Chapter 13 bankruptcy before her house was foreclosed on, she might have been able to save her property. But that did not happen. Instead, she defaulted on her mortgage, lost the property to foreclosure, and now seeks to derail the Debtor's good faith efforts to keep his home.

Accordingly, Debtor respectfully requests that the Court:

1. Overrule the Objection to Confirmation filed by Jean Baranowski; and

2. Confirm the Amended Chapter 13 Plan as proposed

NEXUS BANKRUPTCY

Date: May 20, 2025

BENJAMIN HESTON,
Attorney for Debtor

## <u>DECLARATION OF TAUREAN WRIGHT</u>

I, Taurean Wright, declare as follows:

1. I am the Debtor in this bankruptcy case. I have personal knowledge of all matters stated herein and if called to testify, I could competently testify thereto.

2. I live at 107 Cachanilla Court in Palm Desert, California, with my wife, Jermaine, and our three children.

3. Before buying the house, we were renting it from Jean Baranowski. We paid her rent every month until we found out the house was in foreclosure. That was around June 2023.

4. Around that time, Jean asked Jermaine's father to help her catch up on the payments to stop the foreclosure. He met with her at our dining table to talk about it. He told her he would consider helping if she could promise that she wouldn't lose the house and would add his name to the title. But she said she couldn't make that promise, so he decided not to help her.

5. At that point, my wife and I assumed we would have to move. We even found a new place to rent and put down a deposit for a move-in date in mid-October 2023. But on October 15th, we found out that the foreclosure auction had gone through and that we had the opportunity to buy the house. So we did. We stopped our plans to move and bought the property.

6. Since then, Jean has been harassing us and the people around us. She has contacted our neighbors, the HOA, and even people we know personally. The HOA told us she claimed to have hired someone to demolish our house. They had to block her and let her know she no longer owns the property and they won't be communicating with her anymore.

///
///
///
///

**REPLY TO OBJECTION TO CONFIRMATION**

7. Ever since we bought the home, Jean has done everything she can to make our lives difficult. She lost the property in a foreclosure, and we bought it legally. I'm just trying to keep my home and take care of my family.

8. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 20, 2025

_____
TAUREAN E. WRIGHT,
Debtor

**REPLY TO OBJECTION TO CONFIRMATION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN BY JEAN BARANOWSKI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/20/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats    dacoats@raslg.com
Rod Danielson (TR)    notice-efile@rodan13.com
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Sean C Ferry    sferry@raslg.com, sean.ferry7@ecf.courtdrive.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 5/20/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun                    Jean Baranowski
3420 Twelfth Street                   78-365 Highway 111, Ste 123
Suite 345 / Courtroom 302             La Quinta, CA 92253
Riverside, CA 92501-3819

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.