| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com | |
| ☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>TAUREAN E WRIGHT,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-11843-SY<br>CHAPTER: 13<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE:07/15/2025<br>TIME: 1:30 pm<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street<br><br>Riverside, CA 92501 |
|---|---|

1. TO *(specify claimant and claimant's counsel, if any)*: JEAN BARANOWSKI

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #9) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.
   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 06/10/2025

Nexus Bankruptcy
Printed name of law firm

/s/Benjamin Heston
Signature

Date Notice Mailed: 6/11/2025

Benjamin Heston
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>TAUREAN E WRIGHT,<br><br>        Debtor. | **Case No: 6:25-bk-11843-SY**<br><br>**Chapter 13**<br><br>**NOTICE OF HEARING AND OBJECTION TO CLAIM OF JEAN BARANOWSKI (Claim 9)**<br><br>**Hearing:**<br>Date: July 15, 2025<br>Time: 1:30 PM<br>Courtroom:  302 |

    **PLEASE TAKE NOTICE** that on July 15, 2025, at 1:30 p.m. in Courtroom 302 of the above-entitled Court, the Debtor, Taurean Wright, will and hereby does object to Proof of Claim No. 9 filed by Jean Baranowski.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(g), the court may grant the relief requested in the attached Objection without a hearing if you do not file and serve a written opposition and request for a hearing. Any written opposition to the attached Objection must be filed with the Clerk of the Bankruptcy Court and served on the undersigned no later than fourteen (14) days prior to the hearing date noted above. If you fail to file a timely opposition, the Court may treat such failure as a consent to the granting of the motion.

OBJECTION TO CLAIM No. 9

# I. INTRODUCTION

Debtor Taurean Wright ("Debtor") submits this Objection to Proof of Claim No. 9 ("Claim"), filed by Jean Baranowski ("Baranowski"). The Claim, asserting a total liability of $533,915, should be disallowed in its entirety. The primary basis for the Claim is an alleged ownership interest in the real property located at 107 Cachanilla Court, Palm Desert, California ("Property"). However, Baranowski's interest in the Property was extinguished by a valid, recorded nonjudicial foreclosure sale on December 6, 2023. As Baranowski no longer holds any legal or equitable interest in the Property, she lacks standing to assert a claim against the Debtor or the Property.

This Proof of Claim is the latest step in a history of litigation through which Ms. Baranowski has pursued various legal remedies to save her home from foreclosure. These efforts included actions in state and federal court, as well as four separate Chapter 13 bankruptcy filings. Unfortunately, each of these attempts to retain her property failed; the lawsuits were dismissed, as were all four bankruptcy cases. While her desire to save her home is understandable, the result of these prior proceedings is that the legal question of ownership has been conclusively settled. This history, detailed below, demonstrates that the basis for her current Claim has already been fully litigated and decided against her.

| Case Name | Court | Case Number | Status |
|---|---|---|---|
| *Baranowski v. Abundant Investments, ZBS Law* | Riverside Superior Court | CVPS2301882 | **Dismissed.** Demurrer sustained without leave to amend on Feb. 14, 2024. |
| *Baranowski v. Abundant Investments, ZBS Law* | CA Court of Appeal, 4th Dist. | E083661 | Appeal pending from dismissal. |
| *Baranowski v. Deutsche Bank, PHH Mortgage, Western Progressive* | U.S. District Court, C.D. Cal. | 5:24-cv-02483-JGB-SP | **Dismissed.** Nov. 22, 2024. |

| *Baranowski v. Deutsche Bank, PHH Mortgage, Western Progressive* | U.S. Court of Appeals, 9th Cir. | 24-7164 | Appeal pending from dismissal. |
|---|---|---|---|
| *In re Baranowski* | U.S. Bankruptcy Court, C.D. Cal. | 6:23-bk-12509-WJ | **Dismissed** one day after filing. |
| *In re Baranowski* | U.S. Bankruptcy Court, C.D. Cal. | 6:23-bk-13045-WJ | **Dismissed** for failure to file documents. |
| *In re Baranowski* | U.S. Bankruptcy Court, C.D. Cal. | 6:23-bk-13624-WJ | **Dismissed** for failure to file documents. |
| *In re Baranowski*[1] | U.S. Bankruptcy Court, C.D. Cal. | 6:23-bk-13914-WJ | **Dismissed** after Trustee moved to dismiss. |

The Claim is composed of:

- $83,915 for alleged rent arrears;

- $250,000 for alleged property damage;

- $200,000 vaguely described as "equity"; and

- A priority claim of $3,400 for an alleged consumer deposit.

In addition to its fundamental invalidity due to the foreclosure, the Claim is defective on several other grounds: it lacks evidentiary support, is based on vague and unliquidated figures, improperly seeks priority status, and attempts to assert a claim for "equity," which is not a cognizable claim. For these reasons, which are detailed below, the Claim should be disallowed.

## II. FACTUAL BACKGROUND

Prior to December 6, 2023, Baranowski was the owner of the Property. On that date, the Property was sold at a nonjudicial foreclosure sale to the Debtor. A Trustee's Deed Upon Sale was subsequently recorded, vesting title in the Debtor. Notwithstanding the foreclosure,

---

[1] A fifth bankruptcy case was filed on the same day as the fourth bankruptcy case and was promptly dismissed by the clerk as a duplicate case (case no: 6:23-bk-13915-WJ).

Baranowski disputes Debtor's ownership, and as detailed above, has initiated multiple unsuccessful legal actions regarding title.

On June 3, 2025, Baranowski filed the Claim in this bankruptcy case for $533,915. Attached to the Claim is a self-generated invoice and a copy of a residential lease agreement. The Claim provides no independent, verifiable evidence to substantiate the amounts claimed for damages, rent arrears, or "equity."

## III. LEGAL ARGUMENT

### A. The Claim Should Be Disallowed Under § 502(b)(1) as It Is Unenforceable Against the Debtor

Section 502(b)(1) of the Bankruptcy Code mandates that a claim shall be disallowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). A properly filed proof of claim is deemed allowed and constitutes *prima facie* evidence of its validity and amount. Fed. R. Bankr. P. 3001(f). However, once the objecting party produces evidence sufficient to negate the *prima facie* validity of the claim, the burden shifts back to the claimant to prove its validity by a preponderance of the evidence. *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000).

Here, the Debtor holds recorded title to the Property pursuant to a nonjudicial foreclosure sale. Under California law, a trustee's sale extinguishes all junior interests, including the trustor's (Baranowski's) right of redemption and ownership. *See* Cal. Civ. Code § 2910; *Hohn v. Riverside County Flood Control & Water Conservation Dist.*, 228 Cal. App. 2d 605, 612-13 (1964). Because Baranowski's ownership interest was terminated, she has no legal basis to assert claims for rent, damages, or lost equity against the rightful owner of the Property.

### B. The Claim Is Wholly or Partially Barred on Multiple Alternative Grounds.

Even if there were some basis for asserting a claim, it is subject to disallowance or reclassification for the following reasons:

**1. The Claim for "Equity" Is Not a "Claim" Under § 101(5).**

The Claim seeks $200,000 for "equity." The Bankruptcy Code defines a "claim" as a "right to payment." 11 U.S.C. § 101(5)(A). "Equity" is not a right to payment; it is the value of an ownership interest in property, net of liens. As Baranowski's ownership interest has been extinguished, she has no right to any equity in the Property. Furthermore, a loss of equity itself is not a cognizable legal cause of action that gives rise to a "right to payment" from the Debtor. Accordingly, this portion of the Claim should be disallowed.

**2. The Priority Claim Under § 507(a)(7) Is Improper.**

Baranowski asserts a priority claim of $3,400 under § 507(a)(7), which provides priority for " deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." This section is inapplicable. This provision is intended to protect consumers who pay for goods or services they never receive. It does not apply to a landlord-tenant security deposit held by a former owner who lost the property in foreclosure. Accordingly, this priority claim is invalid and should be disallowed.

**3. The Claim for Rent and Damages is Speculative and Lacks Evidentiary Support.**

Federal Rule of Bankruptcy Procedure 3001(c) requires that a proof of claim be accompanied by supporting documentation. Baranowski's Claim for $83,915 in rent and $250,000 in property damage is supported only by a self-serving invoice. There are no ledgers, damage estimates from third-party contractors, photographs, or other documentation to substantiate these amounts. To the extent the rent portion could be construed as a claim for damages resulting from the termination of a lease, it would be capped by 11 U.S.C. § 502(b)(6). However, the foundational issue remains: Baranowski has no standing to claim rent or damages related to a property she no longer owns.

## IV. CONCLUSION

The nonjudicial foreclosure sale extinguished any ownership interest Baranowski had in the Property, thereby eliminating any enforceable right to payment from the Debtor for claims rooted in that ownership. The Claim is an improper attempt to litigate a title dispute within the bankruptcy case which Baranowski has already lost in other forums. Furthermore, the amounts claimed are speculative, unsupported by evidence, and assert a priority status for which the claim would not be entitled to.

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order sustaining this objection disallowing Proof of Claim No. 9 in its entirety.

Date: June 10, 2025                              /s/Benjamin Heston
                                                 BENJAMIN HESTON
                                                 Attorney for Debtor

## <u>DECLARATION OF TAUREAN WRIGHT</u>

I, Taurean Wright, declare as follows:

1. I am the Debtor in the above-captioned bankruptcy case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. I am the current owner of the real property located at 107 Cachanilla Court, Palm Desert, California. I acquired title to the property through a nonjudicial foreclosure sale on December 6, 2023. A Trustee's Deed reflecting my ownership was recorded in the official records of Riverside County.

3. I have reviewed Proof of Claim No. 9 filed by Jean Baranowski, the former owner of the property. I dispute the validity of this claim in its entirety.

4. I do not owe Ms. Baranowski for rent, as she is not the owner or landlord of the property. I dispute the allegation of property damage and the amount claimed. I further dispute that she has any claim to equity in a property she no longer owns.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 9, 2025

_____

TAUREAN WRIGHT

## DECLARATION OF BENJAMIN HESTON

I, Benjamin Heston, declare as follows:

1. I am the attorney for the Debtor in the above-captioned bankruptcy case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. In preparing this Objection, I visited the online case access portals for the Riverside Superior Court, State Appellate Court, Central District Federal Court, Ninth Circuit Appellate Court, and Central District Bankruptcy Court and obtained true and correct copies of the dockets which are attached to the Objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: June 9, 2025                    /s/Benjamin Heston_____
                                      BENJAMIN HESTON

# EXHIBIT A

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1    Taurean Wright

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Central District of California**

Case number:  **25–11843**

</td><td>

FILED

**U.S. Bankruptcy Court**
**Central District of California**

6/3/2025

**Kathleen J. Campbell, Clerk**

</td></tr>
</table>

## Official Form 410
## Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

JEAN BARANOWSKI

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| JEAN BARANOWSKI | |
| Name | Name |
| 78–365 HIGHWAY 111 #123 LA QUINTA, CA 92253–2071 | |
| Contact phone    760–333–7499 | Contact phone |
| Contact email    support@moneywiser.com | Contact email |
| Uniform claim identifier (if you use one): | |

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7. How much is the claim?**

$ _____533915.00_____

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

_____Accrued rent owed,damages,Equity_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**           $ _____

**Amount of the claim that is secured:**     $ _____

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $ _____

**Annual Interest Rate** (when case was filed)     _____ %

☐ Fixed
☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.**     $ _____83915.00_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No<br>☑ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☑ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ 3400.00

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date        6/3/2025
_____
MM / DD / YYYY

/s/  Jean Baranowski
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Jean Baranowski |
|---|---|
| | First name    Middle name    Last name |
| Title | Landlord |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 78 365 Highway 111#123 |
| | Number   Street |
| | La Quinta, CA 92253 |
| | City   State   ZIP Code |
| Contact phone | 760–333–7499         Email    support@moneywiser.com |

Jean Baranowski
78365 Highway 111 #123
La Quinta, CA 92253
Phone: 1.760.333.7499

*May 31, 2025*

Taurean E Wright
107 Cachanilla Court
Palm Desert, CA 92260

PROOF OF CLAIM: INVOICE 101

Accrued Rent:
Lease attached: Lease 2/1/2021 expired 2/1/2022
Continued to stay rent free to date
Rent due @2800 P/M : Rent increased $3400 as of 9/4/2022
90825 Rent:
(6910) Less Late fees waived:
(2800.) Deposit
_____ Rent from Casita to be determined
$83,915 TOTAL DUE


$250,000 : 6/2023: (Cost to remove and replace damage to property )
Physical construction damage to home Baranowski owner
Palm Desert City: Total Legal costs to be determined
Final project costs to be determined Invoice to be amended accordingly


$200.000: Equity 7/2023 Physical appraisal property Baranowski owner
Value: $835,000
Appraiser to provide copy for review

TOTAL COSTS $533,915

_Jean Baranowski_

Dated: May 31 , 2025


Respectfully submitted,

(1)

DocuSign Envelope ID: 522EA726-A2B2-425D-B792-A04057A042A1

CALIFORNIA
ASSOCIATION
OF REALTORS®

# RESIDENTIAL LEASE OR
## MONTH-TO-MONTH RENTAL AGREEMENT
(C.A.R. Form LR, Revised 12/19)

Date  _12/10/2020_ , _Jean Baranowski_ ("Landlord") and
_Jermaine and Taurean Wright , Julian Decierdo_ ("Tenant") agree as follows ("Agreement"):

**1. PROPERTY:**
  A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _107 Cachanilla_
     _Ct, Palm Desert, CA  92260-3159_ ("Premises").
  B. The Premises are for the sole use as a personal residence by the following named person(s) **only:** _Taurean Wright,_
     _Jermaine Wright, Dioree Wright, Taleia Wright, Xyriah Wright_
  C. The following personal property, maintained pursuant to paragraph 11, is included: _refrigerator, stove, microwave_
     _____  or ☐ (if checked) the personal property on the attached addendum is included.
  D. The Premises may be subject to a local rent control ordinance _____

**2. TERM:** The term begins on (date) _February 1, 2021_ ("Commencement Date"). If Tenant has not paid all amounts then due;
  (i) Tenant has no right to possession or keys to the premises and; (ii) this Agreement is voidable at the option of Landlord, 2 calendar
  days after giving Tenant a Notice to Pay (C.A.R. Form PPN). Notice may be delivered to Tenant (i) in person; (ii) by mail to Tenant's
  last known address; or (iii) by email, if provided in Tenant's application or previously used by Tenant to communicate with Landlord or
  agent for Owner. If Landlord elects to void the lease, Landlord shall refund to Tenant all rent and security deposit paid.
  **(Check A or B):**
  ☐ A. **Month-to-Month:** This Agreement continues from the commencement date as a month-to-month tenancy. Tenant may
       terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Tenant shall be
       responsible for paying rent through the termination date even if moving out early. Landlord may terminate the tenancy by
       giving written notice as provided by law. Such notices may be given on any date.
  ☒ B. **Lease:** This Agreement shall terminate on (date) _February 1, 2022_ ∕ at _5:00_ ☐ AM/ ☒ PM. Tenant
       shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this
       Agreement in writing or signed a new agreement; (ii) mandated by any rent increase cap or just cause eviction control under
       any state or local law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month
       tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by
       Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and
       effect.

**3. RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.
  A. Tenant agrees to pay $2,800.00 _____ per month for the term of the Agreement.
  B. Rent is payable in advance on the 1st (or ☐ _____ ) day of each calendar month, and is delinquent on the next day.
  C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full
     month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated and Tenant shall pay
     1/30th of the monthly rent per day for each day remaining in the prorated second month.
  D. **PAYMENT: (1)** Rent shall be paid by ☐ personal check, ☐ money order, ☐ cashier's check, made payable to _Jean_
     _Baranowski_ _____ , ☐ wire/electronic transfer, or ☒ other _bank transfer to account_ ,
     **(2)** Rent shall be delivered  to (name) _____
     (whose phone number is) _____ at (address) _____
     _____ , (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if
     checked, rent may be paid personally, between the hours of _____ and _____ on the following days _____ ).
     **(3)** If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in
     writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.
  E. Rent payments received by Landlord shall be applied to the earliest amount(s) due or past due.

**4. SECURITY DEPOSIT:**
  A. Tenant agrees to pay $2,800.00 _____ as a security deposit. Security deposit will be ☒ transferred to and held by the
     Owner of the Premises, or ☐ held in Owner's Broker's trust account.
  B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which
     includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest,
     invitee or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property
     or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or
     any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written
     notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: **(1)** furnish Tenant an itemized statement
     indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by
     California Civil Code § 1950.5(g); and **(2)** return any remaining portion of the security deposit to Tenant.
  C. **Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security
     deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.**
  D. No interest will be paid on security deposit unless required by local law.
  E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in
     Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is
     released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been
     released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

Tenant's Initials _(JO)_ ) _x( )_ )          Landlord's Initials _( )_ ) _( )_

© 2019, California Association of REALTORS®, Inc.
LR REVISED 12/19 (PAGE 1 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 8)**          (Z-8 to Fouce)

(2)

DocuSign Envelope ID...

Case 6:25-bk-11843-SY Doc 409 Filed 06/10/25 Entered 06/10/25 13:32:09 Desc
Main Document Page 16 of 93
Premises: 107 Cachanilla Ct, Palm Desert, CA ...          Date: 12/10/2020

**5. MOVE-IN COSTS RECEIVED/DUE:** Move-in funds shall be paid by ☐ personal check, ☒ money order, or ☐ cashier's check, ☐ wire/ electronic transfer.

| Category | Total Due | Payment Received | Balance Due | Date Due | Payable To |
|---|---|---|---|---|---|
| Rent from 02/01/2021 to 02/28/2021 (date) | $2,800.00 | | $2,000.89 | 02/01/2021 | Jean Baranowski |
| *Security Deposit | $3,400.00 | $500.00 | $3,100.00 | 12/08/2020 | Jean Baranowski |
| Other | | $2,300.00 | $2,300.00 | 12/10/2020 | Jean Baranowski |
| Other | | | | | |
| Total | $5,500.00 | $2,550.00 | $3,500.00 | | Jean Baranowski |

*The maximum amount of security deposit, however designated, cannot exceed two months' Rent for an unfurnished premises, or three months' Rent for a furnished premises.

**6. LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within **5 (or** ☐ _____ **) calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ _____ or _5.000_ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall neither be deemed an extension of the date Rent is due under paragraph 3 nor prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

☒ A. Parking is permitted as follows: _Parking spot_ _____

_____

The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used only for parking properly registered and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work, or storage of inoperable vehicles, or storage of any kind is not permitted in parking space(s) or elsewhere on the Premises except as specified in paragraph 8.

OR☐ B. Parking is not permitted on the real property of which the Premises is a part.

**8. STORAGE: (Check A or B)**

☐ A. Storage is permitted as follows: _____

The right to separate storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

OR☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _Electric, Gas, pool and gardener_ , except _Water, trash and HOA_ , which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

☐ A. **Water Submeters:** Water use on the Premises is measured by a submeter and Tenant will be separately billed for water usage based on the submeter. See attached Water Submeter Addendum (C.A.R. Form WSM) for additional terms.

☐ B. **Gas Meter:** The Premises does not have a separate gas meter.

☐ C. **Electric Meter:** The Premises does not have a separate electrical meter.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke alarm(s) and carbon monoxide detector(s).

**(Check all that apply:)**

☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____

_____

☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

☒ C. (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within **3 days** after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within 3 days after the Commencement Date.
(ii) Tenant shall complete and return the MIMO to Landlord within **3 (or** ☐ _____ **) days** after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.

Tenant's Initials ( _B.O_ ) ( _O_ )          Landlord's Initials ( _JB_ ) ( _____ )

**LR REVISED 12/19 (PAGE 2 OF 8)**

RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 8)

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com          107 Cachanilla Ct

(3)

Premises: *107 Cachanilla Ct. Palm Desert, CA 92*                                           Date: *12/10/2020*

☐ **D.** Tenant will provide Landlord a list of items that are damaged or not in operable condition within **3 (or** ☐_____ **) days after** Commencement Date, not as a contingency of this Agreement but rather as an acknowledgement of the condition of the Premises.

☐ **E.** Other: _____

## 11. MAINTENANCE USE AND REPORTING:

**A.** Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, carbon monoxide detector(s) and smoke alarms, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall replace any burned out or malfunctioning light bulbs. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage with any item including carbon monoxide detector(s) and smoke alarms on the property. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

**B.** ☒ Landlord ☐ Tenant shall water the garden, landscaping, trees and shrubs, except: _____

**C.** ☒ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____

**D.** ☒ Landlord ☐ Tenant shall maintain _____.

**E.** Landlord and Tenant agree that State or local water use restrictions shall supersede any obligation of Landlord or Tenant to water or maintain any garden, landscaping, trees or shrubs pursuant to 11B, 11C, and 11D.

**F.** Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

**G.** The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____.

**H.** Tenant understands that if Premises is located in a Common Interest Development, Landlord may not have authority or control over certain parts of the Premises such as roof, electrical, gas or plumbing features inside certain walls, and common areas such as shared parking structure or garage.

**I.** Tenant shall not use the premises to plant, grow, cultivate or sell marijuana.

## 12. NEIGHBORHOOD CONDITIONS: Tenant is advised to satisfy himself or herself as to neighborhood or area conditions, including, but not limited to, schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

## 13. PETS: Unless otherwise provided in California Civil Code §54.2, or other law, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, ☐ except as agreed to in the attached Pet Addendum (C.A.R. Form PET).

## 14. SMOKING:

**A.** (i) Tenant is responsible for all damage caused by smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced or repainted. Such actions and other necessary steps will impact the return of any security deposit.

**B.** The Premises or common areas may be subject to a local non-smoking ordinance.

**C.** NO SMOKING of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is in material breach of this Agreement; (ii) Tenant, guests, and all others may be required to leave the Premises. ☐ Smoking of the following substances only is allowed: _____.

## 15. RULES/REGULATIONS:

**A.** Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests, invitees, and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, under federal, state, or local law including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

**B.** (If applicable, check one)

☒ **1.** Landlord shall provide Tenant with a copy of the rules and regulations within _____ days

or _____.

OR☐ **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

## 16. ☒ (If checked) CONDOMINIUM; PLANNED UNIT DEVELOPMENT:

**A.** The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant or Landlord shall have the right to deduct such amounts from the security deposit.

Tenant's Initials (_____) (_____)                     Landlord's Initials (_____) (_____)

**LR REVISED 12/19 (PAGE 3 OF 8)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com        107 Cachanilla Ct

(4)

DocuSign Envelope ID: 522EA726-A3B7-4359-B769-A04057A64434

Premises: *107 Cachanilla Ct, Palm Desert, CA  92*____    Date: *12/10/2020*

B. If applicable, Tenant is required to pay a fee to the HOA to gain access to certain areas within the development such as but not necessarily including or limited to the front gate, pool, and recreational facilities. If not specified in paragraph 5, Tenant is solely responsible for payment and satisfying any HOA requirements prior to or upon or after the Commencement Date.

C. (Check one)
☒ 1. Landlord shall provide Tenant with a copy of the HOA Rules within _____ days
      or _____ .

OR☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

17. ALTERATIONS; REPAIRS: Unless otherwise specified by law or paragraph 25C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

18. KEYS; LOCKS:
A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____ ):
   ☒ *3*   key(s) to Premises,        ☒ *2*   remote control device(s) for garage door/gate opener(s),
   ☒ *1*   key(s) to mailbox,         _____ ,
   ☐       key(s) to common area(s),  _____ .
B. Tenant acknowledges that locks to the Premises ☐ have, ☐ have not, been re-keyed.
C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. ENTRY:
A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters, or repairing dilapidation relating to the presence of mold); providing decorations, alterations, or improvements, or supplying necessary or agreed services; or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, contractors and others (collectively "Interested Persons"). Tenant agrees that Landlord, Broker and Interested Persons may take photos of the Premises.
B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: (1) 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. (2) If Landlord has in writing informed Tenant that the Premises are for sale and that Tenant will be notified orally to show the premises (C.A.R. Form NSE), then, for the next 120 days following the delivery of the NSE, notice may be given orally to show the Premises to actual or prospective purchasers. (3) No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement. (4) No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises.
C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

20. PHOTOGRAPHS AND INTERNET ADVERTISING:
A. In order to effectively market the Premises for sale or rental it is often necessary to provide photographs, virtual tours and other media to Interested Persons. Tenant agrees that Broker may photograph or otherwise electronically capture images of the exterior and interior of the Premises ("Images") for static and/or virtual tours of the Premises by Interested Persons for use on Broker's website, the MLS, and other marketing materials and sites. Tenant acknowledges that once Images are placed on the Internet neither Broker nor Landlord has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet.
B. Tenant acknowledges that prospective Interested Persons coming onto the Premises may take photographs, videos or other images of the Premises. Tenant understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Landlord has control over who views such Images nor what use viewers may make of the Images.

21. SIGNS: Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

22. ASSIGNMENT; SUBLETTING: A. Tenant shall not sublet all or any part of Premises, or parking or storage spaces, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement. B. This prohibition also applies ( ☐ does not apply) to short term, vacation, and transient rentals such as, but not limited to, those arranged through AirBnB, VRBO, HomeAway or other short term rental services. C. Any violation of this prohibition is a non-curable, material breach of this Agreement.

23. JOINT AND INDIVIDUAL OBLIGATIONS: If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

24. POSSESSION:
A. (1) Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement

Tenant's Initials ☒( *θθ* ) ☒( *∅* )          Landlord's Initials ( *✗* ) ( ____ )

LR REVISED 12/19 (PAGE 4 OF 8)

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5  www.lwolf.com    107 Cachanilla Ct

(5)

DocuSign Envelope ID: 522EA725-A3B7-4150-B709-A04057A64424

Premises: 107 Cachanilla Ct, Palm Desert, CA 92260                           Date: 12/10/2020

Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ _____ ) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid.

or (2) Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.

B. ☐ Tenant is already in possession of the Premises.

**25. TENANT'S OBLIGATIONS UPON VACATING PREMISES:**

A. Upon termination of this Agreement, Tenant shall: (i) give Landlord all copies of all keys and any opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons; and personal property belonging to Tenant (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address; and (vii) _____

B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.

C. **Right to Pre-Move-Out Inspection and Repairs:** (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the expiration of this Agreement, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 25C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3), or (4).

**26. BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 25, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

**27. TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

**28. DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

**29. INSURANCE: A.** Tenant's, guest's, invitees or licensee's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. B.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance. **C.** ☐ Tenant shall obtain liability insurance, in an amount not less than $ _____, naming Landlord and, if applicable, Property Manager as additional insured for injury or damage to, or upon, the Premises during the term of this agreement or any extension. Tenant shall provide Landlord a copy of the insurance policy before commencement of this Agreement, and a rider prior to any renewal.

**30. WATERBEDS/PORTABLE WASHERS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises. Tenant shall not use on the Premises ☐ Portable Dishwasher ☐ Portable Washing Machine.

**31. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

**32. NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

| Landlord: Jean Baranowski | Tenant: Jermaine and Taurean Wright |
|---|---|
| 107 Cachanilla Ct | 107 Cachanilla |
| Palm Desert ,CA92260-3159 | Palm Desert Ca 92260 |

Tenant's Initials X(____) X(____)                    Landlord's Initials (____) (____)

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr, Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com          107 Cachanilla Ct

(b)

**33. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within **3** days after its receipt (C.A.R. Form TEC). Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**34. REPRESENTATION**

**A. TENANT REPRESENTATION; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Landlord requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: **(i)** before occupancy begins; upon disapproval of the credit report(s), or upon discovering that information in Tenant's application is false; **(ii)** After commencement date, upon disapproval of an updated credit report or upon discovering that information in Tenant's application is no longer true. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

**B. LANDLORD REPRESENTATIONS:** Landlord warrants that, unless otherwise specified in writing, Landlord is unaware of **(i)** any recorded Notices of Default affecting the Premise; **(ii)** any delinquent amounts due under any loan secured by the Premises; and **(iii)** any bankruptcy proceeding affecting the Premises.

**35. MEDIATION:**

**A.** Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

**B.** The following matters are excluded from mediation: **(i)** an unlawful detainer action; **(ii)** the filing or enforcement of a mechanic's lien; and **(iii)** any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

**C.** Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**36. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed $1,000 (or $_____), except as provided in paragraph 35A.

**37. C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**38. STATUTORY DISCLOSURES:**

**A.** ☐ **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

**B. PERIODIC PEST CONTROL (CHECK IF EITHER APPLIES):**

   **1.** ☐ Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

   **2.** ☐ Premises is a house. Tenant is responsible for periodic pest control treatment.

**C.** ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

**D. BED BUGS:** Landlord has no knowledge of any infestation in the Premises by bed bugs. See attached Bed Bug Disclosure (C.A.R. Form BBD) for further information. Tenant shall report suspected bed bug infestation to Landlord or, if applicable, property manager and cooperate with any inspection for and treatment of bed bugs. Landlord will notify tenants of any units infested by bed bugs.

**E. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

**F.** ☐ **RESIDENTIAL ENVIRONMENTAL HAZARDS BOOKLET:** Tenant acknowledges receipt of the residential environmental hazards booklet.

**G.** ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.

**H. FLOOD HAZARD DISCLOSURE:** Flooding has the potential to cause significant damage to personal property owned by Tenant. See attached Tenant Flood Hazard Disclosure (C.A.R. Form TFHD) for additional information.

**39. SERVICEMEMBERS CIVIL RELIEF ACT:** Notwithstanding anything to the contrary in paragraphs 2, 4, 26 or elsewhere in this Agreement, the Servicemembers Civil Relief Act applies to this Agreement and any effort to terminate it, as specified in Sections 3951 and 3955 of the Act.

**40. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement

Tenant's Initials (  ) (  )  Landlord's Initials (  ) (  )  

LR REVISED 12/19 (PAGE 6 OF 8)

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Ct. Cambridge, Ontario, Canada N1T 1J5  www.lwolf.com          107 Cachanilla Ct

Premises: *107 Cachanilla Ct. Palm Desert, CA  92260-3159*                                                      Date: *12/10/2020*

with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**41. AGENCY:**

    **A. CONFIRMATION:** The following agency relationship(s) are confirmed for this transaction:

    Landlord's Brokerage Firm _____  License Number _____

    Is the broker of (check one): ☐ the Landlord; or ☐ both the Tenant and Landlord. (Dual Agent).

    Landlord's Agent _____*Jermaine Wright*_____  License Number ___*02083299*___

    Is (check one): ☐ the Landlord's Agent. (salesperson or broker associate) ☐ both the Tenant's and Landlord's Agent. (Dual Agent)

    Tenant's Brokerage Firm _____*Harcourts Desert Homes*_____  License Number _____

    Is the broker of (check one): ☐ the Tenant; or ☐ both the Tenant and Landlord. (Dual Agent)

    Tenant's Agent _____*Jermaine Wright*_____  License Number _____

    Is (check one): ☐ the Tenant's Agent. (salesperson or broker associate) ☐ both the Tenant's and Landlord's Agent. (Dual Agent)

    **B. DISCLOSURE:** ☐ (If checked): The term of this Agreement exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**42.** ☐ **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

**43. NOTICE OF RIGHT TO RECEIVE FOREIGN LANGUAGE TRANSLATION OF LEASE/RENTAL AGREEMENTS:** California Civil Code requires a landlord or property manager to provide a tenant with a foreign language translation copy of a lease or rental agreement if the agreement was negotiated primarily in Spanish, Chinese, Korean, Tagalog or Vietnamese. If applicable, every term of the lease/rental needs to be translated except for, among others, names, dollar amounts and dates written as numerals, and words with no generally accepted non-English translation.

**44. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LL or LCA).

**45. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

**46. OTHER TERMS AND CONDITIONS:** If checked, the following ATTACHED documents are incorporated in this Agreement:

    ☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☐ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD);

    ☐ Lease/Rental Mold and Ventilation Addendum (C.A.R. Form LRM); ☐ Landlord in Default Addendum (C.A.R. Form LID)

    ☒ Bed Bug Disclosure (C.A.R. Form BBD); ☒ Tenant Flood Hazard Disclosure (C.A.R. Form TFHD)

    ☒ Rent Cap and Just Cause Addendum (C.A.R. Form RCJC)

    Other: _____

**47. REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 50 or 51 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity **(i)** represents that the entity for which that party is acting already exists and **(ii)** shall Deliver to the other Party and Escrow Holder, within 3 Days After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of this Agreement. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**48.** ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

**49. The Premises is being managed by Owner, (or, if checked):**

    ☐ Listing firm in box below     ☐ Leasing firm in box below     ☐ Property Management firm immediately below

Real Estate Broker (Property Manager) _____  DRE Lic # _____

By (Agent) _____  DRE Lic # _____

Address _____  Telephone # _____

Tenant's Initials ( __ ) ( __ )                                           Landlord's Initials ( __ ) ( __ )

LR REVISED 12/19 (PAGE 7 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 7 OF 8)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5  www.lwolf.com                    107 Cachanilla Ct

(8)

DocuSign Envelope ID: 5225473A-A357-4322-B26A-A048765A61A7

Premises: 107 Cachanilla Ct, Palm Desert, CA 92260-3159                                                    Date: 12/10/2020

**50. Tenant** agrees to rent the Premises on the above terms and conditions.

☐ One or more Tenants is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Tenant Representative) (C.A.R. Form RCSD-T) for additional terms.

| | |
|---|---|
| Tenant X _____ | Date 12/10/2020 |

Print Name Jermaine and Taurean Wright

| | | | | |
|---|---|---|---|---|
| Address _____ | City _____ | State ____ | Zip ____ |
| Telephone (760)442-7799 Fax _____ | E-mail jejajermaine@gmail.com | | |

Tenant X _____                                                    Date 12/10/2020

Print Name Julian Declerdo

| | | | | |
|---|---|---|---|---|
| Address _____ | City _____ | State ____ | Zip ____ |
| Telephone (760)219-2629 Fax _____ | E-mail jejajermaine@gmail.com | | |

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: (i) guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and (iii) waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

| | | |
|---|---|---|
| Guarantor (Print Name) _____ | | |
| Guarantor _____ | | Date _____ |
| Address _____ | City _____ | State ____ Zip ____ |
| Telephone _____ Fax _____ | E-mail _____ | |

**51. Landlord** (owner or ☐ agent for owner) agrees to rent the Premises on the above terms and conditions.

☐ One or more Landlords is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Landlord Representative) (C.A.R. Form RCSD-LL) for additional terms.

| | | | |
|---|---|---|---|
| Landlord _____ | Date _____ | Landlord _____ | Date _____ |

Jean Baranowski

Address 107 Cachanilla Ct, Palm Desert, CA 92260-3159

Telephone (760)485-6499    Fax _____    E-mail support@moneywiser.com

---

**REAL ESTATE BROKERS:**

A. Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.

B. Agency relationships are confirmed in paragraph 41.

C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or lease or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Leasing Firm) Harcourts Desert Homes                                    DRE Lic. # _____

| | | | | |
|---|---|---|---|---|
| By (Agent) _____ | Jermaine Wright DRE Lic. # _____ | | Date _____ |
| Address _____ | City _____ | State CA Zip _____ |
| Telephone (760)442-7799 Fax _____ | E-mail jejajermaine@gmail.com | | |

Real Estate Broker (Listing Firm) _____                                    DRE Lic. # _____

| | | | | |
|---|---|---|---|---|
| By (Agent) _____ | Jermaine Wright DRE Lic. # 02083299 | | Date _____ |
| Address _____ | City _____ | State _____ Zip _____ |
| Telephone (760)442-7799 Fax _____ | E-mail jejajermaine@gmail.com | | |

© 2019, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**LR REVISED 12/19 (PAGE 8 OF 8)**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 8 OF 8)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    107 Cachanilla Ct

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

---

| Complaints | File Date | Disposition |
|---|---|---|
| 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI | 09/06/2023 | Other Court Ordered Dismissal - 02/14/24 |

| Plaintiff(s) | | Defendant(s) | |
|---|---|---|---|
| JEAN BARANOWSKI | Dismissal - Other Court Ordered Dismissal | ABUNDANT INVESTMENTS, LLC | Dismissal - Other Court Ordered Dismissal |
| | | ATT: ZBS LAW, LLP | |
| | | ZBS LAW, LLP | Dismissal - Other Court Ordered Dismissal |
| | | ATT: ZBS LAW, LLP | |

---

| Complaints | File Date | Disposition |
|---|---|---|
| Appeal of Order JEAN BARANOWSKI | 04/11/2024 | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| JEAN BARANOWSKI | ABUNDANT INVESTMENTS, LLC |
| | ZBS LAW, LLP |

---

| Date | Action |
|---|---|
| 04/19/2023 | Case assigned to Department: Department PS1 |
| 04/19/2023 | Complaint for: Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief and Declaratory Relief Filed By: JEAN BARANOWSKI |
| 04/19/2023 | Request to Waive Court Fees (FW-001) on Complaint for Declaratory Relief of JEAN BARANOWSKI Request Type: Initial Result Type: Granted Filed By: JEAN BARANOWSKI |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| | Result: Granted |
| 04/19/2023 | Civil Case Cover Sheet (CM-010) on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 04/19/2023 | Certificate of Counsel.<br>Filed By: JEAN BARANOWSKI |
| 04/19/2023 | Summons Issued and Filed<br>Filed By: JEAN BARANOWSKI |
| 04/20/2023 | Order on Court Fee Waiver (FW-003) - Granted by Clerk on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Request Type: Initial<br>Result Type: Granted<br>Filed By: JEAN BARANOWSKI |
| 04/20/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230420-01535 |
| 04/20/2023 | Payment: $450.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230420-01535 |
| 04/20/2023 | Notice of Case Management Conference Complaint for Declaratory Relief |
| 04/20/2023 | Notice of Department Assignment |
| 04/28/2023 | Declaration ZBS Law, LLP'S Declaration of Nonmonetary Status on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ZBS LAW, LLP<br>Against / As To: JEAN BARANOWSKI |
| 04/28/2023 | Payment: $1.85,  Legal Connect, for ZBS LAW, LLP, Receipt: EFM20230428-01606 |
| 05/04/2023 | Ex-Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction; Memorandum of Points and Authorities, Declarations in Support Thereof TEMPORARY RESTRAINING ORDER on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 05/04/2023 | Proposed Order Granting Ex Parte Application for Temporary Restraining Order and an Order to Show Cause RE: Preliminary Injunction; Memorandum of Points and Authorities, Declarations in Support Thereof on Complaint for Declaratory Relief of JEAN |

PAGE: 2

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

---

Date        Action

            BARANOWSKI

05/04/2023  Payment: $60.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt:
            20230504-00501

05/08/2023  Defendants Opposition to Plaintiffs Ex Parte Application for
            Temporary Restraining Order on Complaint for Declaratory Relief of
            JEAN BARANOWSKI
            Filed By: ABUNDANT INVESTMENTS, LLC

05/08/2023  Declaration in Support of Defendants' Opposition to Ex Parte
            Application for Temporary Restraining Order and Order to Show Cause
            Re Preliminary Injunction
            Filed By: ABUNDANT INVESTMENTS, LLC

05/08/2023  Request for Judicial Notice.
            Filed By: ABUNDANT INVESTMENTS, LLC

05/08/2023  Declaration of Magdalena D. Kozinska in Support of Defendants
            Opposition to Ex Parte Application for TRO
            Filed By: ABUNDANT INVESTMENTS, LLC

05/08/2023  Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC,
            Receipt: EFM20230508-02022

05/08/2023  Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC,
            Receipt: EFM20230508-02146

05/09/2023  Minute Order: Ex-Parte Application for Temporary Restraining Order
            and Order to Show Cause RE: Preliminary Injunction; Memorandum of
            Points and Authorities, Declarations in Support Thereof

05/09/2023  Ex-Parte Application for Temporary Restraining Order and Order to
            Show Cause RE: Preliminary Injunction; Memorandum of Points and
            Authorities, Declarations in Support Thereof at 8:30 AM in
            Department PS1 Honorable Kira L. Klatchko, Judge
            D. Elless, Courtroom Assistant
            Court Reporter: None
            APPEARANCES:
            JEAN BARANOWSKI is present Telephonically, represented by PRO PER
            MAGDALENA KOZINSKA is present Telephonically, representing Abundant
            Investments, LLC and ZBS Law, LLP
            This matter is being live streamed for public access.
            Ex Parte Application for Temporary Restraining Order and Order to
            Show Cause RE: Preliminary Injunction is called for hearing.

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| | Court inquires of plaintiff regarding reason for Ex Parte Application.<br>Court, counsel and party confer regarding loan modification.<br>Court makes the following order(s):<br>Hearing held and continued to 05/10/2023 at 08:30 AM in Department PS1 (Pre-disposition) Continued - Other pre-disposition hearing<br>Reason for Continuance: To allow parties to meet and confer and try to reach a resolution.<br>Notice waived. |
| 05/10/2023 | Minute Order: Ex-Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction; Memorandum of Points and Authorities, Declarations in Support Thereof |
| 05/10/2023 | Ex-Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction; Memorandum of Points and Authorities, Declarations in Support Thereof at 8:30 AM in Department PS1 Honorable Kira L. Klatchko, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>JEAN BARANOWSKI is present Telephonically, represented by PRO PER<br>MAGDALENA KOZINSKA is present Telephonically, representing ABUNDANT INVESTMENTS, LLC and ZBS LAW, LLP<br>This matter is being live streamed for public access.<br>Court inquires of counsel and parties regarding status of meet and confer.<br>Court and counsel confer regarding resolution to matter.<br>Court makes the following order(s):<br>Hearing off calendar. |
| 05/23/2023 | Declaration of Demurring Party in Support of Automatic Extension pursuant to CCP 430.41 on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Days to extend Default Eligible Date: 30<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 05/23/2023 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230523-01548 |
| 06/08/2023 | Ex Parte Application for temporary restraining order and an order to |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| | show cause RE: Preliminary Injunction on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 06/08/2023 | Proposed Order (after heariing)<br>Filed By: JEAN BARANOWSKI |
| 06/08/2023 | Proposed Order (hearing) re: proposed order on Complaint for Declaratory Relief of JEAN BARANOWSKI for hearing on 06/12/2023<br>Filed By: JEAN BARANOWSKI |
| 06/08/2023 | Notice of Document Quality Assurance |
| 06/08/2023 | Notice of Hearing (eFiling) on Ex Parte Application re: on Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 06/08/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230608-00568 |
| 06/08/2023 | Payment: $60.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230608-00568 |
| 06/08/2023 | Notice of Document Return. |
| 06/08/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230608-01092 |
| 06/09/2023 | Defendants Opposition to Plaintiff's Ex Parte Application for TRO and OSC Re Preliminary Injunction on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/09/2023 | Declaration in support of Defendants Opposition to Ex Parte Application for TRO and OSC Re Preliminary Injunction<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/09/2023 | Declaration of Magdalena Kozinska in support of Opposition to Plaintiff's Ex Parte Application for TRO and OSC Re Preliminary Injunction<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/09/2023 | Request for Judicial Notice.<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/09/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230609-01668 |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov
_____
CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal
_____

Date        Action

06/12/2023  Minute Order: Ex Parte Application for temporary restraining order
            and an order to show cause RE: Preliminary Injunction

06/12/2023  Ex Parte Application for temporary restraining order and an order to
            show cause RE: Preliminary Injunction at 8:30 AM in Department PS1
            Honorable Kira L. Klatchko, Judge
            D. Elless, Courtroom Assistant
            Court Reporter: None
            APPEARANCES:
            JEAN BARANOWSKI is present Telephonically, represented by PRO PER
            MAGDALENA KOZINSKA is present Telephonically, representing Abundant
            Investments, LLC
            This matter is being live streamed for public access.
            At 09:01 AM, the following proceedings were held:
            Ex Parte Application for Temporary Restraining Order and an order to
            show cause re: Preliminary Injunction is called for hearing.
            Court inquires of defense counsel regarding opposition.
            Argument presented by Magdalena Kozinska.
            Argument presented by Jean Baranowski.
            Court makes the following order(s):
            Ex Parte Application for Temporary Restraining Order and an order to
            show cause re: Preliminary Injunction denied.
            Court does not have sufficient evidence to grant the Ex Parte
            Application. The complaint filed on 04/19/2023 does not state a
            proper cause of action to grant the Ex Parte Application.
            10/18/2023 8:30 AM Case Management Conference () in Department PS1
            confirmed.
            Notice to be given by Magdalena Kozinska.

06/14/2023  Notice of Ruling re: Plaintiff's Ex Parte Application for TRO and
            OSC Re Preliminary Injunction on Complaint for Declaratory Relief of
            JEAN BARANOWSKI
            Filed By: ABUNDANT INVESTMENTS, LLC

06/16/2023  Proposed Order
            Filed By: ABUNDANT INVESTMENTS, LLC

06/16/2023  Proposed Order re: Plaintiff's Ex Parte Application for TRO and OSC
            Re Preliminary Injunction on Complaint for Declaratory Relief of
            JEAN BARANOWSKI

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 06/16/2023 | Notice of Document Return. |
| 06/16/2023 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230616-00538 |
| 06/20/2023 | Order to Show Cause why sanctions should not be imposed for failure to file Proof of Service |
| 06/21/2023 | Order Re: Plaintiff's Ex Parte Application for TRO and OSC Re Preliminary Injunction on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/21/2023 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230621-00863 |
| 06/22/2023 | Proposed order opposition request<br>Filed By: JEAN BARANOWSKI |
| 06/22/2023 | Defendant Abundant Investments, LLC's Notice of Demurrer and Demurrer to Plaintiff's Complaint; Memorandum of Points and Authorities in Support on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/22/2023 | Declaration of Magdalena D. Kozinska in Compliance with California Civil Code 430.41<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/22/2023 | Request for Judicial Notice in Support of Defendant's Abundant Investments, LLC Demurrer to Complaint<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 06/22/2023 | Proposed Order Opposition Request TRO to be Reversed Declaration of Jean Baranowski<br>Filed By: JEAN BARANOWSKI |
| 06/22/2023 | Notice of Document Return. |
| 06/22/2023 | Payment: $450.00, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230622-02185 |
| 06/22/2023 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230622-02185 |
| 06/23/2023 | Payment: $1.85, JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230623-00278 |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| 07/12/2023 | Ex Parte Application re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 07/13/2023 | Notice of Hearing (eFiling) on on Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 07/13/2023 | Proposed Order<br>Filed By: JEAN BARANOWSKI |
| 07/13/2023 | Opposition TO PLAINTIFFS EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP |
| 07/13/2023 | Declaration of MAGDALENA KOZINSKA IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 07/13/2023 | Declaration of MAGDALENA KOZINSKA IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 07/13/2023 | [Proposed] Order Granting Ex Parte Application for Temporary Restraining Order on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 07/13/2023 | Notice of Hearing (eFiling) on Ex Parte Application re: on Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 07/13/2023 | Payment: $60.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230713-00515 |
| 07/13/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230713-00515 |
| 07/13/2023 | Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction  by JEAN BARANOWSKI rescheduled from 07/13/2023 at 08:30 AM in Department PS1 to 07/14/2023 at 08:30 AM in Department PS1 |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 07/13/2023 | Notice of Document Return. |
| 07/13/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP, Receipt: EFM20230713-01840 |
| 07/13/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230713-01999 |
| 07/14/2023 | Proof of Service<br>Filed By: ZBS LAW, LLP |
| 07/14/2023 | Certificate of Mailing |
| 07/14/2023 | Minute Order: Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction by JEAN BARANOWSKI |
| 07/14/2023 | Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction by JEAN BARANOWSKI at 8:30 AM in Department PS1 Honorable Kira L. Klatchko, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>After review of the ex parte application and supporting declarations filed by JEAN BARANOWSKI, the ex parte application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction is denied.<br>The application is moot because the sale at issue has been postponed. Further, to the extent this application repeats arguments already addressed by the court when it denied Ms. Baranowski's last request to postpone the sale, it is an improper motion for reconsideration.<br>Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction by JEAN BARANOWSKI is ordered vacated (future hearing/trial).<br>Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.<br>Minute entry completed. |
| 07/14/2023 | Notice of Document Return. |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| 08/03/2023 | Proposed Order Re: Plaintiff's Ex Parte Application on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/03/2023 | Proposed Order Re: Plaintiff's Ex Parte Application on Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 08/03/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230803-02098 |
| 08/14/2023 | Notice of Ruling re: Defendant's Demurrer to Plaintiff's Complaint on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/14/2023 | Minute Order: Hearing re: Demurrer on Complaint for Declaratory Relief of JEAN BARANOWSKI by ABUNDANT INVESTMENTS, LLC |
| 08/14/2023 | Hearing re: Demurrer on Complaint for Declaratory Relief of JEAN BARANOWSKI by ABUNDANT INVESTMENTS, LLC at 8:30 AM in Department PS1<br>Honorable Kira L. Klatchko, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>In accordance with California Rule of Court 3.1308 & Local rule 3316, a tentative ruling was issued and oral argument was not requested.<br>Court makes the following order(s):<br>Tentative ruling shall become the ruling of the court.<br>Demurrer by ABUNDANT INVESTMENTS, LLC on Complaint for Declaratory Relief of JEAN BARANOWSKI sustained.<br>Leave to amend Complaint for Declaratory Relief of JEAN BARANOWSKI granted, with 20 days to leave to amend.<br>No opposition was filed. Defendant Abundant demurrers to all causes of action in the complaint. Plaintiff's first and fourth causes of action for violation of Civil Code sections 2923.5, 2923.6 and 2924 appear on their face to be barred as they are not based on a mortgage or deed of trust covered by Civil Code section 2924.15. (Civ. Code, § 2923.5(f), 2924.15(a).) Plaintiff's seventh cause of action under the Federal Truth in Lending Act appears to be inapplicable in this case based on the facts pleaded in the Complaint; insufficient facts are pleaded to the point that this cause of action is uncertain. Plaintiff's Elder Abuse claims and |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date        Action

fraud/misrepresentation claims (second, third, fifth, eighth) are
insufficiently specific and on their face are insufficiently
pleaded. The particularity requirement for fraud claims necessitates
pleading facts that show how, when, where, to whom, and by what
means the representations were made. (Small v. Fritz Companies, Inc.
(2003) 30 Cal.4th 167, 184.) To maintain a cause of action for fraud
through nondisclosure or concealment of facts, there must be
allegations demonstrating that the defendant was under a legal duty
to disclose those facts. (Los Angeles Memorial Coliseum Commission
v. Insomniac, Inc. (2015) 233 Cal.App.4th 803, 831; see also Stewart
v. Superior Court (2017) 16 Cal.App.5th 87, 101-102.) Plaintiff's
derivative Business and Professions Code section 17200 claim fails
because all other causes of action are insufficiently pleaded.
Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.

08/14/2023  Certificate of Mailing

08/15/2023  (Proposed) Order Re: Demurrer to Plaintiff's Complaint on Complaint
            for Declaratory Relief of JEAN BARANOWSKI

08/15/2023  Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC,
            Receipt: EFM20230815-00951

08/16/2023  Order Re: Demurrer to Plaintiff's Complaint on Complaint for
            Declaratory Relief of JEAN BARANOWSKI
            Filed By: ABUNDANT INVESTMENTS, LLC

08/16/2023  Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC,
            Receipt: EFM20230816-00348

08/28/2023  Ex Parte Application re: Exparte Application for Temporary
            Restraining Order on Complaint for Declaratory Relief of JEAN
            BARANOWSKI
            Filed By: JEAN BARANOWSKI

08/28/2023  Proposed Order re: Exparte Application for TRO Proposed Order on
            Complaint for Declaratory Relief of JEAN BARANOWSKI
            Filed By: JEAN BARANOWSKI

08/28/2023  Proposed Order re: Exparte Application for TRO Proposed Order on
            Complaint for Declaratory Relief of JEAN BARANOWSKI

08/28/2023  Proposed Order (hearing) re: [Proposed] Order Granting Ex Parte

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| | Application for Temporary Restraining Order and An Order to Show Cause Re: Preliminary Injunction; Memorandum of Points and Authorities on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 08/28/2023 | DEFENDANTS OPPOSITION TO PLAINTIFFS THIRD EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/28/2023 | Declaration of MAGDALENA KOZINSKA IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS THIRD EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/28/2023 | Declaration of DECLARATION OF MAGDALENA KOZINSKA IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS THIRD EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/28/2023 | Proposed Order re: Granting Ex Parte Application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction; Memorandum of Points and Authorities on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 08/28/2023 | Notice of Hearing (eFiling) on Ex Parte Application re: on Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 08/28/2023 | Payment: $60.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230828-00279 |
| 08/28/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230828-00279 |
| 08/28/2023 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20230828-00324 |
| 08/28/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230828-02000 |
| 08/29/2023 | Notice of ruling re: plaintiffs ex parte application for temporary restraining order and an order to show cause re preliminary injunction on Complaint for Declaratory Relief of JEAN BARANOWSKI |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| | Filed By: ABUNDANT INVESTMENTS, LLC |
| 08/29/2023 | Minute Order: Ex Parte Hearing re: Exparte Application for Temporary Restraining Order by JEAN BARANOWSKI |
| 08/29/2023 | Ex Parte Hearing re: Exparte Application for Temporary Restraining Order by JEAN BARANOWSKI at 8:30 AM in Department PS1 Honorable Kira L. Klatchko, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>JEAN BARANOWSKI is present Telephonically, represented by PRO PER<br>MAGDALENA KOZINSKA is present Telephonically, representing Abundant Investments, LLC<br>This matter is being live streamed for public access.<br>At 10:12 AM, the following proceedings were held:<br>Ex Parte Application for Temporary Restraining Order by Jean Baranowski is called for hearing.<br>Argument presented by Jean Baranowski.<br>Court makes the following order(s):<br>Exparte Application for Temporary Restraining Order by Jean Baranowski is denied.<br>Notice waived. |
| 08/29/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20230829-01075 |
| 09/06/2023 | 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI Filed By: JEAN BARANOWSKI |
| 09/06/2023 | Proof of Service on Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Service Type: Electronic Service<br>Date Served: 09/06/2023<br>Filed By: JEAN BARANOWSKI<br>Against / As To: ZBS LAW, LLP |
| 09/08/2023 | Payment: $1.85,  Legal Connect, for BARANOWSKI, JEAN, BARANOWSKI, JEAN, Receipt: EFM20230908-00928 |
| 09/29/2023 | Notice of related case Filed By: JEAN BARANOWSKI |
| 10/02/2023 | Payment: $1.85,  Legal Connect, for BARANOWSKI, JEAN, Receipt: |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| | EFM20231002-00200 |
| 10/03/2023 | Case Management Statement on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 10/04/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20231004-00027 |
| 10/05/2023 | Notice of Demurrer and demurer to Plaintiff's First Amended Complaint on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 10/05/2023 | Declaration of Magdalena D. Kozinska in Support of Demurrer to First Amended Complaint<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 10/05/2023 | Request for Judicial Notice. in support of Defendant's Abundant Investments, LLC Demurrer to Complaint<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 10/06/2023 | Payment: $60.00,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20231006-00605 |
| 10/06/2023 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20231006-00605 |
| 10/06/2023 | Certificate of Mailing |
| 10/10/2023 | Minute Order: Hearing on Order to appear and show cause, if any, why sanctions not to exceed $1,500 or dismissal should not be imposed for failure to file Proof of Service on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN BARANOWSKI |
| 10/10/2023 | Hearing on Order to appear and show cause, if any, why sanctions not to exceed $1,500 or dismissal should not be imposed for failure to file Proof of Service on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN BARANOWSKI at 8:30 AM in Department PS1 Honorable Kira L. Klatchko, Judge<br>L. Zuniga, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>On Court's own motion:<br>Hearing continued to 10/18/2023 at 08:30 AM in Department PS1. |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date        Action

            Notice to be given by Clerk to MAGDALENA KOZINSKA.
            Minute entry completed.

10/16/2023  Case Management Statement untimely pursuant to CRC 3.725 on 1st
            Amended Complaint for Declaratory Relief of JEAN BARANOWSKI
            Untimely Pursuant: untimely pursuant to CRC 3.725
            Filed By: JEAN BARANOWSKI

10/17/2023  Payment: $1.85,  Legal Connect, for BARANOWSKI, JEAN, Receipt:
            EFM20231017-00045

10/17/2023  Minute Order: Court on its Own Motion

10/17/2023  Court on its Own Motion at 1:52 PM in Department PS1 Honorable Kira
            L. Klatchko, Judge
            D. Elless, Courtroom Assistant
            Court Reporter: None
            APPEARANCES:
            No Appearances
            On Court's own motion:
            Continue (future hearing) 10/18/2023 08:30 AM Case Management
            Conference to 11/08/2023 at 08:30 AM in Department PS1.
            Continue (future hearing) 10/18/2023 08:30 AM Hearing on Order to
            appear and show cause, if any, why sanctions not to exceed $1,500 or
            dismissal should not be imposed for failure to file Proof of Service
            on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN
            BARANOWSKI to 11/08/2023 at 08:30 AM in Department PS1.
            Reason for Continuance: To be heard with other matters set that day.
            Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.
            Minute entry completed.

10/17/2023  Certificate of Mailing

10/18/2023  Case Management Conference at 8:30 AM in Department PS1

10/18/2023  Hearing on Order to appear and show cause, if any, why sanctions not
            to exceed $1,500 or dismissal should not be imposed for failure to
            file Proof of Service on Complaint for Declaratory Relief of JEAN
            BARANOWSKI JEAN BARANOWSKI at 8:30 AM in Department PS1

11/01/2023  Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt:
            EFM20231101-01018

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

---

Date       Action

11/07/2023 Minute Order: Court on its Own Motion

11/07/2023 Court on its Own Motion at 9:26 AM in Department PS1 Honorable Kira
           L. Klatchko, Judge
           D. Elless, Courtroom Assistant
           Court Reporter: None
           APPEARANCES:
           No Appearances
           On Court's own motion:
           Continue (future hearing) 11/08/2023 08:30 AM Case Management
           Conference to 11/16/2023 at 08:30 AM in Department PS1.
           Continue (future hearing) 11/08/2023 08:30 AM Hearing on Order to
           appear and show cause, if any, why sanctions not to exceed $1,500 or
           dismissal should not be imposed for failure to file Proof of Service
           on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN
           BARANOWSKI to 11/16/2023 at 08:30 AM in Department PS1.
           Continue (future hearing) 11/08/2023 08:30 AM Hearing re: Demurrer
           on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI
           by ABUNDANT INVESTMENTS, LLC to 11/16/2023 at 08:30 AM in Department
           PS1.
           Reason for Continuance: Due to the unavailability of the Court.
           Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.
           Minute entry completed.

11/07/2023 Certificate of Mailing

11/08/2023 Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief
           of JEAN BARANOWSKI by ABUNDANT INVESTMENTS, LLC at 8:30 AM in
           Department PS1

11/08/2023 Case Management Conference at 8:30 AM in Department PS1

11/08/2023 Hearing on Order to appear and show cause, if any, why sanctions not
           to exceed $1,500 or dismissal should not be imposed for failure to
           file Proof of Service on Complaint for Declaratory Relief of JEAN
           BARANOWSKI JEAN BARANOWSKI at 8:30 AM in Department PS1

11/15/2023 Minute Order: Court on its Own Motion

11/15/2023 Court on its Own Motion at 4:26 PM in Department PS1 Honorable Kira
           L. Klatchko, Judge
           D. Elless, Courtroom Assistant

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| | Court Reporter: None |
| | APPEARANCES: |
| | No Appearances |
| | On Court's own motion: |
| | Continue (future hearing) 11/16/2023 08:30 AM Case Management Conference to 01/08/2024 at 08:30 AM in Department PS1. |
| | Continue (future hearing) 11/16/2023 08:30 AM Hearing on Order to appear and show cause, if any, why sanctions not to exceed $1,500 or dismissal should not be imposed for failure to file Proof of Service on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN BARANOWSKI to 01/08/2024 at 08:30 AM in Department PS1. |
| | Continue (future hearing) 11/16/2023 08:30 AM Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI to 01/08/2024 at 08:30 AM in Department PS1. |
| | Reason for Continuance: Due to the unavailability of the Court. |
| | Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA. |
| | Minute entry completed. |
| 11/15/2023 | Certificate of Mailing |
| 11/16/2023 | Case Management Conference at 8:30 AM in Department PS1 |
| 11/16/2023 | Hearing on Order to appear and show cause, if any, why sanctions not to exceed $1,500 or dismissal should not be imposed for failure to file Proof of Service on Complaint for Declaratory Relief of JEAN BARANOWSKI JEAN BARANOWSKI at 8:30 AM in Department PS1 |
| 11/16/2023 | Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI at 8:30 AM in Department PS1 |
| 11/22/2023 | Notice of Application and Declaration order request for an order continuing hearing and related pre hearing dates |
| | Filed By: JEAN BARANOWSKI |
| 12/05/2023 | Declaration of Jean Baranowski |
| | Filed By: JEAN BARANOWSKI |
| 12/05/2023 | Plaintiff Jean Baranowski Hearing Continiance Declaration Request in Support of Notice of Application of Proposed Order Request Filed 10/31/2023; [Proposed] Order to Continue Hearing and Compliance on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI |
| | Filed By: JEAN BARANOWSKI |
| 12/05/2023 | Notice of Document Return. |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 12/06/2023 | Payment: $1.85, Legal Connect, for BARANOWSKI, JEAN, Receipt: EFM20231206-00264 |
| 12/06/2023 | Minute Order: Court on its Own Motion |
| 12/06/2023 | Amended Minute Order: Court on its Own Motion |
| 12/06/2023 | Court on its Own Motion at 3:46 PM in Department PS1 Honorable Kira L. Klatchko, Judge<br>A. Vallejo Garcia, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>Pursuant to Plaintiff Jean Baranowski Hearing Continuance Declaration Request in Support of Notice of Application of Proposed Order Request Filed 10/31/2023; [Proposed] Order to Continue Hearing and Compliance submitted to the Court;<br>Court makes the following order(s):<br>Hearing re: Plaintiff Jean Baranowski's Request to Continue set 12/12/23 at 08:30 AM in Department PS1<br>The Court will construe this request as an Ex Parte Application to Continue.<br>Notice provided to Counsel and parties via email.<br>Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.<br>Minute entry completed. |
| 12/06/2023 | Certificate of Mailing |
| 12/11/2023 | Defendants' Opposition to Plaintiff's Ex Parte Application to Continue Demurrer Hearing on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 12/11/2023 | Declaration of Magdalena Kozinska in Support of Defendants' Opposition to Plaintiff's Ex Parte Application to Continue Demurrer Hearing<br>Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP |
| 12/11/2023 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP, Receipt: EFM20231211-00788 |

PAGE: 18

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|

12/12/2023 Minute Order: Hearing re: Plaintiff Jean Baranowski's Request to
Continue

12/12/2023 Hearing re: Plaintiff Jean Baranowski's Request to Continue at 8:30
AM in Department PS1 Honorable Kira L. Klatchko, Judge
D. Elless, Courtroom Assistant
Court Reporter: None
APPEARANCES:
JEAN BARANOWSKI is present Telephonically, represented by PRO PER
MAGDALENA KOZINSKA is present Telephonically, representing Abundant
Investments, LLC
This matter is being live streamed for public access.
At 09:19 AM, the following proceedings were held:
Matter is called for hearing.
The Court will construe this request as an Ex Parte Application to
Continue.
Argument presented by Magdalena Kozinska.
Argument presented by Jean Baranowski.
Court inquires of Plaintiff regarding bankruptcy matters.
Court makes the following order(s):
Request to Continue is granted.
Continue (future hearing) 01/08/2024 08:30 AM Case Management
Conference to 02/14/2024 at 08:30 AM in Department PS1.
Continue (future hearing) 01/08/2024 08:30 AM Hearing re: Demurrer
on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI
to 02/14/2024 at 08:30 AM in Department PS1.
Court informs Plaintiff that the Response to the Demurrer will run
with new hearing date.
Court further orders:
Hearing on Order to appear and show cause, if any, why sanctions not
to exceed $1,500 or dismissal should not be imposed for failure to
file Proof of Service () on 01/08/2024 at 08:30 AM vacated.
Notice waived.

01/08/2024 Case Management Conference at 8:30 AM in Department PS1

01/08/2024 Hearing on Order to appear and show cause, if any, why sanctions not
to exceed $1,500 or dismissal should not be imposed for failure to
file Proof of Service on Complaint for Declaratory Relief of JEAN
BARANOWSKI JEAN BARANOWSKI at 8:30 AM in Department PS1

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 01/08/2024 | Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI at 8:30 AM in Department PS1 |
| 01/30/2024 | Case Management Statement on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 01/31/2024 | Plaintiffs Memorandum of Points and Authorities in Opposition to Demurrer of Defendants Abudant Investments LLC and ZBS Law LLP on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 01/31/2024 | Declaration in Support of Plaintiffs MPA's in Support of Opposition to Demurrer<br>Filed By: JEAN BARANOWSKI |
| 01/31/2024 | Payment: $1.85, Legal Connect, for BARANOWSKI, JEAN, Receipt: EFM20240131-01054 |
| 02/01/2024 | Payment: $1.85, Legal Connect, for BARANOWSKI, JEAN, Receipt: EFM20240201-00705 |
| 02/02/2024 | Case Management Statement untimely pursuant to CRC 3.725 on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Untimely Pursuant: untimely pursuant to CRC 3.725<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 02/02/2024 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20240202-01110 |
| 02/07/2024 | Reply in Support of Demurrer of Defendant Abundant Investments, LLC's to First Amended Complaint on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 02/08/2024 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20240208-01069 |
| 02/14/2024 | Notice of Lis Pendens<br>Filed By: JEAN BARANOWSKI |
| 02/14/2024 | Case Management Conference at 8:30 AM in Department PS1 |
| 02/14/2024 | Minute Order: Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI |
| 02/14/2024 | Hearing re: Demurrer on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI at 8:30 AM in Department PS1 Honorable Kira L. Klatchko, Judge |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date        Action

D. Elless, Courtroom Assistant
Court Reporter: None
APPEARANCES:
JEAN BARANOWSKI is present Telephonically, represented by MAGDALENA
KOZINSKA Telephonically, who is also present, representing Abundant
Investments, LLC and ZBS Law, LLP
MAGDALENA KOZINSKI is present Telephonically, representing Abundant
Investments, LLC and ZBS Law, LLP
This matter is being live streamed for public access.
At 09:07 AM, the following proceedings were held:
Motion by Abundant Investments, LLC and ZBS Law, LLP regarding
Demurrer on 1st Amended Complaint is called for hearing.
Argument presented by Jean Baranowski.
Argument presented by Magdalena Kozinska.
Demurrer on 1st Amended Complaint is taken under submission.
///
Court subsequently rules same day on matter taken under submission.
Demurrer sustained without leave to amend (entire case).
This is a pre-foreclosure action filed by a homeowner against a
mortgage lender and its foreclosing trustee to challenge the
lender's authority to proceed with a non-judicial foreclosure.
Defendant Abundant demurrers to all causes of action in the First
Amended Complaint. The Court previously sustained with leave a prior
demurrer brought on similar grounds.

Plaintiff's First Amended Complaint now alleges causes of action for
(1) fraud; (2) negligent misrepresentation; (3) violations of the
Unfair Competition Law; and (4) elder abuse. Plaintiff alleges in
the FAC that she executed a promissory note and a deed of trust to
the originating lender, and challenges Defendants' authority to
pursue a non-judicial foreclosure on the ground that the originating
lender is the only party entitled to enforce the note and any
security interest with it. (FAC, ¶ 18.) In essence, Plaintiff
challenges AIL's beneficial interest in the Deed of Trust, and its
authority to pursue a foreclosure under the power of sale therein,
based on two theories: (1) that AIL is not a holder of the note, and
(2) that no properly recorded and acknowledged assignment into AIL
exists. Based on AIL's alleged lack of authority, Plaintiff alleges
that the notice of default executed by AIL's foreclosing trustee,
ZBS, is fraudulent. (FAC, ¶ 11.)

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date          Action

To withstand a demurrer the complaint must contain "a statement of
the facts constituting the cause of action, in ordinary and concise
language." (Code Civ. Proc., § 425.10.) "[T]he complaint need only
allege facts sufficient to state a cause of action, each evidentiary
fact that might eventually form part of the plaintiff's proof need
not be alleged. (C.A. v. William S. Hart Union High School Dist.
(2012) 53 Cal.4th 861, 872.) Generally, a plaintiff need only plead
facts necessary "to acquaint a defendant with the nature, source and
extent of his claims." (Doe v. City of Los Angeles (2007) 42 Cal.4th
531, 549-550.) A demurrer on the ground of uncertainty will only be
sustained where a defendant cannot reasonably determine what issues
must be admitted or denied, or what claims are directed against
them. (Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th
612, 616.)

Plaintiff's fraud and negligent misrepresentation claims are
insufficiently pleaded. The elements of fraud are: (1) a
misrepresentation, (2) knowledge of falsity, (3) intent to defraud,
(4) justifiable reliance, and (5) resulting damage. (Robinson
Helicopter Co., Inc. v. Dana Corp. (2004) 34 Cal.4th 979, 990.) The
elements of negligent misrepresentation are (1) the
misrepresentation of a past or existing material fact, (2) without
reasonable ground for believing it to be true, (3) with intent to
induce another's reliance on the fact misrepresented, (4)
justifiable reliance on the misrepresentation, and (5) resulting
damage. (Apollo Capital Fund LLC v. Roth Capital Partners, LLC
(2007) 158 Cal.App.4th 226, 243 [internal citation omitted]). In
contrast to fraud, negligent misrepresentation does not require
knowledge of falsity. (Id.) It is enough that defendant intended to
induce reliance and proof of intent to defraud is not required.
(Borman v. Brown (2021) 59 Cal.App.5th 1048, 1060-1061.) "To
withstand demurrer, facts constituting every element of fraud must
be alleged with particularity." (Kalnoki v. First American Trustee
Servicing Solutions, LLC (2017) 8 Cal.App.5th 23, 35.)

Here, the fraud and negligent misrepresentation causes of action are
predicated upon (1) AIL's lack of authority or the right under the
promissory note to exercise the power of sale under the Deed of
Trust, and (2) the alleged nonexistence of a valid assignment of
deed of trust into AIL. Plaintiff alleges that, because AIL has no
authority under the note and the deed of trust, the execution of the

PAGE: 22

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date                Action

notice of default was a fraudulent act. The FAC fails to allege a fraud claim under either of such theories.

As to AIL's alleged lack of interest in the note, Plaintiff alleges that the promissory note she signed with the originating lender was "no longer a negotiable instrument" because no assignment was physically applied to the Note whereas there was "sufficient room on the back of the Note to complete the assignment." (FAC, ¶ 14.) Although it is not entirely clear, Plaintiff appears to be alleging that AIL has no right to foreclose under the Deed of Trust because it is not a holder of the note which allegedly was not properly assigned or "negotiated" to Defendant AIL by an endorsement on the back of the note as the bearer of the note. On that basis, Plaintiff alleges that the chain of assignments of deed of trust into AIL are deemed invalid transfers and in turn AIL and its foreclosing trustee ZBS have no standing to proceed with a non-judicial foreclosure as "strangers" to such transaction. (FAC, ¶ 16.) Plaintiff's claim fails as a foreclosing entity's status as the holder of the note does not dictate its rights to pursue a non-judicial foreclosure.

Plaintiff's allegations that AIL does not hold the note or that it was not properly negotiated to AIL cannot support the conclusion that AIL had no rights to pursue a foreclosure under the Deed of Trust. "The 'holder' [of the note] is the 'person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession.' " (Creative Ventures, LLC v. Jim Ward & Associates (2011) 195 Cal.App.4th 1430, 1446.) A promissory note may be negotiated by an endorsement on the note or by a separate "allonge" attached to the note and containing the endorsement. (Pribus v. Bush (1981) 118 Cal.App.3d 1009, 1010-1011.) But, "a person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument…." (Com. Code, § 3301.) Under the Commercial Code "a person entitled to enforce" the note comes in many forms: "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) [lost or damaged note] of Section 3418." (Id.) Physical possession of the note is not required. (See Kalnoki, supra, 8 Cal.App.5th at 42, citing cases holding that there is no legal basis to claim that the

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date              Action

foreclosing party must possess the original note to execute a
nonjudicial foreclosure sale.)

Plaintiff also alleges that Defendants have no authority to go
forward with the foreclosure and the trustee's sale because an
assignment was not acknowledged or recorded. (FAC, ¶ 17.) Plaintiff
alleges that no evidence of a recorded assignment exists in the
County Recorder's Office. (FAC, ¶ 20.) On that basis, Plaintiff
alleges that Defendants cannot exercise the power of sale under the
Deed of Trust because the Deed of Trust was not assigned to AIL.
These allegations are inconsistent with judicially noticeable copies
of the series of assignments of Deed of Trust from the originating
lender, IndyMac Bank, F.S.B. into AIL as the present beneficiary and
the substitution of trustee into ZBS. The Court takes judicial
notice of these recorded documents.

Plaintiff fails to allege that she sustained any damages as a result
of the alleged fraudulent recording of the notice of default. "In
order to recover for either tort, plaintiffs had to prove that the
alleged misrepresentation resulted in a loss. Deception with loss is
not actionable." [Citation.] (Creative Ventures, LLC, supra, 195
Cal.App.4th at 1444.) A mortgage trustor's right to contest the
foreclosing entity's authority to foreclose under a Deed of Trust
based on an invalid assignment is limited in that he or she may
bring a wrongful foreclosure action, only when a foreclosure has
been completed, where the foreclosing party had taken a beneficial
interest in the deed of trust by a void, as opposed to merely a
voidable, assignment. (Yvanova v. New Century Mortgage Corp. (2016)
62 Cal.4th 919, 933, 943.)

At the hearing on this matter, the Court inquired of Plaintiff as to
what additional documents or allegations she might add to the
Complaint to support these causes of action. She stated that she
could not point to any specific facts or document and repeated facts
already pleaded. Plaintiff stated that she had additional documents
in front of her that would support her claim. The Court asked
several times what those documents were, or what the title of those
documents were. Plaintiff could not identify any specific document.
Plaintiff has not established facts, and it appears she could not
establish facts, to support her fraud and negligent
misrepresentation claims.

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date          Action

The cause of action for elder abuse is also insufficiently pleaded.
Welfare and Institutions Code section 15610.30 defines financial
abuse as occurring when someone (1) "takes, secretes, appropriates,
obtains, or retains" real or personal property of an elder or
dependent adult for (2) a wrongful use or with intent to defraud or
by undue influence. Section 15610.30(c) clarifies the words, "takes,
secretes, appropriates, obtains, or retains" when the elder or
dependent adult is "deprived" of any property right. Plaintiff has
not addressed the deficiencies in this cause of action. Plaintiff
still has not alleged facts demonstrating that Defendants wrongfully
initiated a non-judicial foreclosure process. And Plaintiff does not
allege that Defendant has engaged in a wrongful taking or
appropriation, or a misuse of property. Plaintiff also has not
articulated what facts, if any, could be pleaded in support of this
cause of action.

Plaintiff's derivative Business and Professions Code section 17200
claim fails because all other causes of action are insufficiently
pleaded. Plaintiff also has not pleaded any unfair practice.
Plaintiff also has not articulated what facts, if any, could be
pleaded in support of this cause of action. She was asked at the
hearing on this matter what documents or facts might support this or
any other cause of action and she was not able to point to any
additional documents or facts that could be pleaded.

The Case Management Conference set for hearing on February 14, 2024
is vacated.
Case Management Conference () on 02/14/2024 at 08:30 AM vacated.
Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.

02/14/2024  Certificate of Mailing

02/14/2024  Notice of Document Return.

02/16/2024  Proposed Judgment
            Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP
02/20/2024  Demuurer
            Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| 02/20/2024 | Proposed Order (hearing) re: Demurrer to Plaintiff's First Amended Complaint on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 02/20/2024 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP, Receipt: EFM20240220-00547 |
| 02/20/2024 | Notice of Document Return. |
| 02/20/2024 | Payment: $1.85,  Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20240220-01568 |
| 02/21/2024 | Order Re: Demurrer to Plaintiff's First Amended Complaint<br>Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP |
| 02/21/2024 | Judgment of Dismissal on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP<br>Against / As To: JEAN BARANOWSKI |
| 03/04/2024 | Plaintiff's Notice of Motion for Reconsideration and Memorandum of Points and Authorities in Support of Reconsideration on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: JEAN BARANOWSKI |
| 03/05/2024 | PLANTIFF JEAN BARANOWSKIS DECLARATION IN SUPPORTOF NOTICE OF MOTION FOR RECONSIDERATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECONSIDERATION<br>Filed By: JEAN BARANOWSKI |
| 03/05/2024 | Payment: $60.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20240305-01420 |
| 03/05/2024 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20240305-01420 |
| 03/06/2024 | Notice of Entry of Judgment or Order on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 03/06/2024 | Notice of Entry of Judgment or Order on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 03/06/2024 | Payment: $1.85,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20240306-00180 |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 03/06/2024 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, Receipt: EFM20240306-01704 |
| 03/11/2024 | Defendant Abundant Investments, LLC's Opposition to Plaintiff's Motion for Reconsideration on 1st Amended Complaint for Declaratory Relief of JEAN BARANOWSKI<br>Filed By: ABUNDANT INVESTMENTS, LLC |
| 03/11/2024 | Declaration of Magdalena D. Kozinska in Support of Defendant Abundant Investments, LLC's Opposition to Plaintiff's Motion for Reconsideration<br>Filed By: ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP |
| 03/11/2024 | Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC, ZBS LAW, LLP, Receipt: EFM20240311-02099 |
| 03/18/2024 | PLAINTIFF NOTICE OF FILING DOCUMENTATION IN SUPPORT FOR MOTION FOR RECONSIDERATION<br>Filed By: JEAN BARANOWSKI |
| 03/18/2024 | Payment: $1.85, JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: EFM20240318-00508 |
| 03/22/2024 | Minute Order: Hearing re: Motion Notice of motion for reconsidertion by JEAN BARANOWSKI |
| 03/22/2024 | Hearing re: Motion Notice of motion for reconsidertion by JEAN BARANOWSKI at 8:30 AM in Department PS1 Honorable John M. Tomberlin, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>In accordance with California Rule of Court 3.1308 & Local rule 3316, a tentative ruling was issued and oral argument was not requested.<br>Court makes the following order(s):<br>Tentative ruling shall become the ruling of the court.<br>On Court's own motion, the Motion for Reconsideration by Jean Baranowski is continued to April 9, 2024 at 8:30 a.m. in this department. No further briefing is permitted.<br>Hearing continued not held to 04/09/2024 at 08:30 AM in Department PS1<br>Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA. |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date        Action

03/22/2024  Certificate of Mailing

03/25/2024  Memorandum of Costs (Summary) on 1st Amended Complaint for
            Declaratory Relief of JEAN BARANOWSKI
            Filed By: ABUNDANT INVESTMENTS, LLC

03/29/2024  Payment: $1.85, Legal Connect, for ABUNDANT INVESTMENTS, LLC,
            Receipt: EFM20240329-00336

04/09/2024  Clerk's Certificate of Mailing on 1st Amended Complaint for
            Declaratory Relief of JEAN BARANOWSKI

04/09/2024  Minute Order: Hearing re: Motion Notice of motion for reconsidertion

04/09/2024  Hearing re: Motion Notice of motion for reconsidertion at 8:30 AM in
            Department PS1 Honorable Kira L. Klatchko, Judge
            M. Youngberg, Courtroom Assistant
            Court Reporter: None
            APPEARANCES:
            No Appearances
            In accordance with California Rule of Court 3.1308 & Local rule
            3316, a tentative ruling was issued and oral argument was not
            requested.
            Tentative ruling shall become the ruling of the court.
            Motion for Reconsideration is denied.
            Plaintiff's motion for reconsideration was filed more than 10 days
            after service of written notice of entry of the order it challenges
            and was filed after entry of judgment in this case. It is untimely.
            (Code Civ. Proc., § 1008(a); Safeco Ins. Co. of Illinois v.
            Architectural Facades Unlimited, Inc. (2005) 134 Cal.App.4th 1477,
            1482 ["It is well settled that entry of judgment divests the trial
            court of authority to rule on a motion for reconsideration"];
            California Dental Association v. California Dental Hygienists'
            Association (1990) 222 Cal.App.3d 49, 59 ["an order of dismissal
            following sustaining of a demurrer without leave to amend … is a
            judgment…."].) Additionally, the motion does not state any new or
            different facts, circumstances, or law, that would permit the Court
            to reconsider its order of February 14, 2024. (Code Civ. Proc., §
            1008; People v. Safety National Casualty Corp. (2010) 186
            Cal.App.4th 959, 974.) The motion also fails to explain why any
            allegedly new facts or materials could not, with reasonable
            diligence, have

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

---

| Date | Action |
|------|--------|
| | been timely presented in opposition to the demurrer heard February 14, 2024. |
| | Notice to be given by Counsel for Defendant. |
| | |
| 04/11/2024 | Notice of Appeal |
| | Filed By: JEAN BARANOWSKI |
| 04/11/2024 | Notice of Appeal of Order in Superior Court with Deposit on Appeal of Order JEAN BARANOWSKI |
| | Filed By: JEAN BARANOWSKI |
| 04/12/2024 | Notification of Filing Notice of Appeal on Appeal of Order JEAN BARANOWSKI |
| | |
| 04/12/2024 | Payment: $100.00,  JEAN BARANOWSKI, for BARANOWSKI, JEAN, Receipt: 20240412-00261 |
| 04/23/2024 | Notice of filing documentation in support of motion for reconsideration |
| | Filed By: JEAN BARANOWSKI |
| 04/23/2024 | Notice of Document Return. |
| | |
| 04/24/2024 | Notice of Default on Appeal (Superior Court) for failure to timely designate the record on appeal on Appeal of Order JEAN BARANOWSKI |
| | Against / As To: JEAN BARANOWSKI |
| 04/29/2024 | Request to Waive Court Fees on Appeal of Order JEAN BARANOWSKI |
| | Filed By: JEAN BARANOWSKI |
| 04/29/2024 | Request to Waive Court Fees for preparing and certifying clerk's transcript for appeal. (FW-001) |
| | Request Type: Initial |
| | Filed By: JEAN BARANOWSKI |
| 04/30/2024 | Request to Waive Court Fees and Order on Appeal of Order JEAN BARANOWSKI |
| | Filed By: JEAN BARANOWSKI |
| 04/30/2024 | Order from District Court of Appeal filing fee is WAIVED. on Appeal of Order JEAN BARANOWSKI |
| | |
| 05/01/2024 | Order on Court Fee Waiver (FW-003) - Granted |
| | Request Type: Initial |
| | Result Type: Granted |

Superior Court of California County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

Date        Action

            Filed By: JEAN BARANOWSKI

05/13/2024  Appellant's Notice Designating Record on Appeal on Appeal of Order
            JEAN BARANOWSKI
            Filed By: JEAN BARANOWSKI

05/13/2024  Appellant's Notice Designating Record on Appeal. on Appeal of Order
            JEAN BARANOWSKI
            Designation Type: Clerks Transcript with Settled Statement
            Filed By: JEAN BARANOWSKI

05/23/2024  Respondent's Notice Designating Record on Appeal. on Appeal of Order
            JEAN BARANOWSKI
            Designation Type: Clerks Transcript with Settled Statement
            Filed By: ABUNDANT INVESTMENTS, LLC

05/29/2024  Respondent's Notice Designation record on appeal
            Filed By: ABUNDANT INVESTMENTS, LLC

05/29/2024  Respondent's Notice Designation record on appeal
            Filed By: ABUNDANT INVESTMENTS, LLC

05/29/2024  Notice of Document Return.

05/30/2024  Order from District Court of Appeal Appellant is DIRECTED to serve
            filed copy of judgment on Appeal of Order JEAN BARANOWSKI

06/13/2024  Notice of Default on Appeal (Superior Court) for failure to timely
            serve and file a proposed settled statement on appeal on Appeal of
            Order JEAN BARANOWSKI
            Against / As To: JEAN BARANOWSKI

06/28/2024  Proposed Statement on Appeal (2) on Appeal of Order JEAN BARANOWSKI
            Filed By: JEAN BARANOWSKI

06/28/2024  Settled Statement on Appeal (Proposed) on Appeal of Order JEAN
            BARANOWSKI
            Filed By: JEAN BARANOWSKI

08/08/2024  Order on Appellant's Proposed Settled Statement on Appeal of Order
            JEAN BARANOWSKI

08/13/2024  Amended Certificate of Mailing on Appeal of Order JEAN BARANOWSKI

08/23/2024  Attachment to form APP-014 on Appeal of Order JEAN BARANOWSKI
            Filed By: JEAN BARANOWSKI

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|------|--------|
| 08/23/2024 | Appellant Jean Baranowski's Objections to Amended Settled Statement on Appeal of Order JEAN BARANOWSKI |
| 08/29/2024 | Minute Order: Court Ruling re: |
| 08/29/2024 | Court Ruling re: at 9:32 AM in Department PS1 Honorable Kira L. Klatchko, Judge<br>D. Elless, Courtroom Assistant<br>Court Reporter: None<br>APPEARANCES:<br>No Appearances<br>The Court has reviewed the objections filed on August 23, 2024 and finds that no further corrections or modifications are necessary to ensure the statement is an accurate summary of the proceedings, and that the objections by Plaintiff are not well taken. The Court certifies the settled statement that it issued on August 8, 2024. Notice to be given by Clerk to DISTRICT COURT OF APPEAL 4TH DISTRICT, JEAN BARANOWSKI, MAGDALENA KOZINSKA.<br>Minute entry completed. |
| 08/29/2024 | Certificate of Mailing |
| 08/30/2024 | Notification of Estimate of Costs on Appeal due 09/09/24 on Appeal of Order JEAN BARANOWSKI |
| 09/06/2024 | $578.00 deposited into Trust Civil Appeal Transcripts (SAP 353023) by ABUNDANT INVESTMENTS, LLC, Receipt No. 20240906-00045 |
| 09/09/2024 | Appellant Jean Baranowski's Opposition to 08/29/24 Minute Order Re: Certification of Settled Statement on Appeal of Order JEAN BARANOWSKI |
| 09/09/2024 | Request for one copy only of Detailed record on Appeal of Order JEAN BARANOWSKI |
| 09/10/2024 | Appellant Jean Baranowski's Opposition to August 29, 2024 Minute Order Re: Certification of Settled Statement on Appeal of Order JEAN BARANOWSKI |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2301882: BARANOWSKI vs ABUNDANT INVESTMENTS, LLC
Civil
Unlimited Civil Declaratory Relief
Palm Springs Courthouse Department PS1
Status: Appeal

| Date | Action |
|---|---|
| 09/13/2024 | Appeals Clerk's Certificate. on Appeal of Order JEAN BARANOWSKI |
| 09/17/2024 | $40.00 withdrawn into Trust Civil Appeal Transcripts (SAP 353023) by ABUNDANT INVESTMENTS, LLC, Receipt No. 20240917-00255 |
| 09/17/2024 | $517.00 withdrawn into Trust Civil Appeal Transcripts (SAP 353023) by ABUNDANT INVESTMENTS, LLC, Receipt No. 20240917-00255 |
| 09/26/2024 | $21.00 withdrawn into Trust Civil Appeal Transcripts (SAP 353023) by ABUNDANT INVESTMENTS, LLC, Receipt No. 20240926-00329 |
| 09/26/2024 | A refund request has been approved. Original payment was made by unknown payment type in the amount of $21.00. |
| 11/19/2024 | Order from District Court of Appeal Request to augment is GRANTED on Appeal of Order JEAN BARANOWSKI |
| 02/13/2025 | Order from District Court of Appeal application for an extension of time to service and file the appellant's opening brief is GRANTED on Appeal of Order JEAN BARANOWSKI |
| 04/08/2025 | Order from District Court of Appeal Request for extension to file appellant's opening brief GRANTED on Appeal of Order JEAN BARANOWSKI |
| 04/30/2025 | Order from District Court of Appeal appellant's application for an extension of time to serve and file the appellant's opening brief is DENIED on Appeal of Order JEAN BARANOWSKI |
| 05/29/2025 | Order from District Court of Appeal appellant's request for judicial notice is DENIED on Appeal of Order JEAN BARANOWSKI |

# **EXHIBIT C**

# Appellate Courts Case Information

## 4th Appellate District Division 2

| |
|---|
| **Case Summary** |
| **Docket** |
| **Briefs** |
| **Scheduled Actions** |
| **Disposition** |
| **Parties and Attorneys** |
| **Trial Court** |
| |

## Docket (Register of Actions)

**Jean Baranowski v. Abundant Investments, LLC et al.**

**Case Number E083661**

| Date | Description | Notes |
|---|---|---|
| 04/15/2024 | Notice of appeal lodged/received. | dtd Apr 11, 2024; Jean Baranowski |
| 04/15/2024 | Default notice sent-appellant notified per rule 8.100(c). | |
| 04/26/2024 | Application for waiver of filing fee filed. | |
| 04/29/2024 | Civil case information statement filed. | |
| 04/30/2024 | Order waiving filing fee. | |
| 04/30/2024 | To court. | CCIS & appeal |
| 05/17/2024 | Appellant 's notice designating record on appeal filed in trial court on: | dtd May 13, 2024 |
| 05/30/2024 | Order filed. | Applnt is directed to serve and file a signed, file-stamped copy of the judgment of dismissal with this court on or before 15 days from the date of this order. |
| 06/03/2024 | Filed letter from: | applnt with signed, file stamped copy of dismissal, per order of May 30, 2024. |
| 06/04/2024 | Respondent 's notice designating record on appeal filed in trial court on: | May 23, 2024 |
| 09/11/2024 | Returned document for non-conformance. | Applnt's oppo to sup crt's settled statement; incorrect court |

| 09/16/2024 | Clerk's transcript filed. | C-3 (708 pgs) |
| 09/16/2024 | Clerk's transcript filed. | C-1 (39 pgs) Settled Statement |
| 09/16/2024 | Record on appeal filed. | |
| 09/16/2024 | Letter sent advising record on appeal has been filed. | |
| 10/22/2024 | Requested - extension of time | |
| 10/23/2024 | Motion/application to augment record filed. | by appellant<br>(58 pgs) |
| 10/23/2024 | Filed declaration of: | in support of mtn to augment, by applnt |
| 10/28/2024 | Granted - extension of time. | |
| 11/08/2024 | To court. | Applnt's mtn to augment and declaration in support of |
| 11/19/2024 | Augmentation granted. (See order.) | Documents attached to applnt's motion to augment filed Oct 23, 2024, are deemed part of the record on appeal.<br>(58 pgs) |
| 12/19/2024 | Returned document for non-conformance. | Applnt's AOB extension request; item 1c is incomplete |
| 12/23/2024 | Requested - extension of time | |
| 12/31/2024 | Granted - extension of time. | w/no further |
| 02/05/2025 | Requested - extension of time | |
| 02/11/2025 | To court. | Appellant's 3rd AOB extn request |
| 02/13/2025 | Granted - extension of time. | Last, by court order |
| 03/24/2025 | Requested - extension of time | |
| 04/04/2025 | To court. | Appellant's 4th AOB extn request |
| 04/08/2025 | Granted - extension of time. | By court order; This last extension is granted only in the interest of justice. |
| 04/23/2025 | Requested - extension of time | |
| 04/24/2025 | Returned document for non-conformance. | Respondent's opposition to appellant's 5th request for extension to file AOB; Document is not paginated per Rule 8.74(a)(2). |
| 04/25/2025 | Filing fee. | By respondent |
| 04/24/2025 | Opposition filed. | to appellant's 5th request for extension to file opening brief; by respondent Abundant Investments, LLC |
| 04/25/2025 | To court. | Appellant's 5th AOB extn request & respondent Abundant Investments, LLC's opposition |
| 04/30/2025 | Denied - extension of time. | The clerk of this court is directed to issue the notice pursuant to California Rules of Court, rule 8.220. |
| 04/30/2025 | Appellant notified re failure to timely file opening brief. | Plaintiff and Appellant: Jean Baranowski<br>Pro Per |
| 05/19/2025 | Returned document for non-conformance. | AOB;<br>1) Lacking service on trial court per Rule 8.212(c)(1).<br>2) Missing certificate of interested entities per Rule 8.208 (d)(1).<br>3) Attachments to briefs must be of materials in the appellate record per Rule 8.204(d). A request for judicial notice per Rule 8.252 may be filed concurrently with brief. |
| 05/20/2025 | Returned document for non-conformance. | AOB; incorrect pagination. Proof of service does not indicate AOB served to respondent. |
| 05/21/2025 | Returned document for non-conformance. | AOB; Incorrect pagination. |

| 05/21/2025 | Appellant's opening brief. | Plaintiff and Appellant: Jean Baranowski<br>Pro Per |
|---|---|---|
| 05/21/2025 | Returned document for non-conformance. | Request for judicial notice by appellant; Incorrect pagination. Missing chrono & alpha indices per Misc. Order 22-16. |
| 05/21/2025 | Request for judicial notice filed. | By appellant (Exhibits - 41 pgs) |
| 05/22/2025 | Letter sent to counsel re: | Opposition to appellant's request for judicial notice is due w/in 10 days. |
| 05/22/2025 | Opposition filed. | To appellant's motion for judicial notice; by respondent |
| 05/22/2025 | To court. | Appellant's request for judicial notice & respondent's opposition |
| 05/29/2025 | Request for judicial notice denied. | Appellant's May 21, 2025, request is denied. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

OBJECTION TO CLAIM NO. 9

(SPx),APPEAL,CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:24-cv-02483-JGB-SP

Jean Baranowski v. Deutsche Bank National Trust Company et al
Assigned to: Judge Jesus G. Bernal
Referred to: Magistrate Judge Sheri Pym
Case in other court:  Ninth CCA, 24-07164
Cause: 28:1331(a) Fed. Question: Real Property

Date Filed: 11/19/2024
Date Terminated: 11/22/2024
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Jean Baranowski**                                                  represented by **Jean Baranowski**
78365 Highway 111, Unit 123
La Quinta, CA 92253
760-333-7499
PRO SE

V.

**Defendant**

**Deutsche Bank National Trust Company**
*as Trustee for IndyMac INDX Mortgage*
*Loan Trust2006-FLX1, Mortgage Pass-*
*Through Certificate Series 2006-FLX1*

**Defendant**

**PHH Mortgage Corporation**

**Defendant**

**Western Progressive, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2024 | 1 | COMPLAINT FOR DAMAGES against Defendants Deutsche Bank National Trust Company, PHH Mortgage Corporation, Western Progressive, LLC. Case assigned to Judge Jesus G. Bernal for all further proceedings. Discovery referred to Magistrate Judge Sheri Pym. Jury Demanded., filed by Plaintiff Jean Baranowski. (Attachments: # 1 Civil Cover Sheet). (et) (Entered: 11/20/2024) |
| 11/19/2024 | 2 | REQUEST to Proceed In Forma Pauperis with Declaration in Support filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |
| 11/19/2024 | 3 | Request for Clerk to Issue Summons on Complaint - (Discovery) 1 filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |

| 11/19/2024 | 4 | Request for Clerk to Issue Summons on Complaint - (Discovery) 1 filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |
|---|---|---|
| 11/19/2024 | 5 | Request for Clerk to Issue Summons on Complaint - (Discovery) 1 filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |
| 11/19/2024 | 6 | PETITION FOR TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |
| 11/19/2024 | 7 | NOTICE of LIS PENDENS filed by Plaintiff Jean Baranowski. (et) (Entered: 11/20/2024) |
| 11/20/2024 | 8 | NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Complaint - (Discovery) 1 . The following error(s) was/were found: Other error(s) with document(s): Local Rule 7.1 no notice of interested parties. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (et) (Entered: 11/20/2024) |
| 11/20/2024 | 9 | NOTICE OF ASSIGNMENT to District Judge Jesus G. Bernal and Magistrate Judge Sheri Pym. (et) (Entered: 11/20/2024) |
| 11/20/2024 | 10 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 11/20/2024) |
| 11/20/2024 | 11 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (et) (Entered: 11/20/2024) |
| 11/22/2024 | 12 | ORDER by Judge Jesus G. Bernal: Denying 2 PETITION to Proceed in Forma Pauperis (Non-Prisoner Case). MD JS-6, Case Terminated. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 11/22/2024) |
| 11/22/2024 | 13 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff Jean Baranowski. Motion for In forma Paupers filed for the 9th Circuit Court of Appeals. (mat) (Entered: 11/25/2024) |
| 11/22/2024 | 14 | REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT, re: Notice of Appeal to 9th Circuit Court of Appeals 13 , filed by Plaintiff Jean Baranowski. [Document forward to the 9th Circuit Court of Appeals.] [Incorrect form used.] (mat) (Entered: 11/25/2024) |
| 11/25/2024 | 15 | AMENDED NOTICE OF APPEAL to 9th CIRCUIT filed by Plaintiff Jean Baranowski. Amending Notice of Appeal to 9th Circuit Court of Appeals 13 Filed On: 11/22/24; Entered On: 11/25/24. (mat) (Entered: 11/25/2024) |
| 11/27/2024 | 16 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-7164 assigned to Notice of Appeal to 9th Circuit Court of Appeals 13 as to Plaintiff Jean Baranowski. (car) (Entered: 12/01/2024) |
| 12/17/2024 | | APPEAL FEE PAID: re Notice of Appeal to 9th Circuit Court of Appeals 13 as to Plaintiff Jean Baranowski; Receipt Number: 25440 in the amount of $605. (fa) (Entered: 12/17/2024) |

# EXHIBIT E

**ACMS Case Summary**
**United States Court of Appeals for the Ninth Circuit**

---

**Court of Appeals Docket #:** 24-7164                                                    **Docketed:** 11/27/2024
**Nature of Suit:** 3220 Foreclosure
Baranowski v. Deutsche Bank National Trust Company, et al.
**Appeal From:** Riverside, Central California
**Fee Status:** Paid

---

**Case Type Information:**
    **1)** Civil
    **2)** Private
    **3)**

---

**Originating Court Information:**
    **District:** Central District of California : 5:24-cv-02483-JGB-SP
    **Trial Judge:** Jesus G. Bernal, District Judge
    **Date Filed:** 11/19/2024

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 11/22/2024 | 11/22/2024 | 11/22/2024 | 11/25/2024 |

---

| | | |
|---|---|---|
| 11/27/2024 | 1 | **CASE OPENED.** A copy of your notice of appeal / petition filed in 5:24-cv-02483-JGB-SP has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit.<br>The U.S. Court of Appeals docket number **24-7164** has been assigned to this case. All communications with the court must indicate this Court of Appeals docket number. Please carefully review the docket to ensure the name(s) and contact information are correct.  It is your responsibility to alert the court if your contact information changes.<br>**Resources Available**<br>For more information about case processing and to assist you in preparing your brief, please review the Case Opening Information (for attorneys and pro se litigants) and review the Appellate Practice Guide. Attorneys should consider contacting the court's Appellate Mentoring Program for help with the brief and argument. [Entered: 11/27/2024 09:47 AM] |
| 11/27/2024 | 2 | **SCHEDULE NOTICE.** Appeal Opening Brief (No Transcript Due) (Appellant) 1/6/2025. **For appeal no. 24-7164, 5:24-cv-02483-JGB-SP**. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1. [Entered: 11/27/2024 01:49 PM] |
| 11/29/2024 | 3 | Amended Notice of Appeal Received. [Entered: 11/29/2024 10:01 AM] |
| 12/17/2024 | 4 | Originating Court Notice of Fee Received. [Entered: 12/17/2024 11:49 AM] |
| 12/23/2024 | 5 | **MOTION** to Extend Time to File Brief filed by Appellant Jean Baranowski. [Entered: 12/24/2024 02:44 PM] |
| 01/03/2025 | 6 | **ORDER FILED.** The motion (Docket Entry No. 5) for an extension of time to file the opening brief is granted. The opening brief is due April 7, 2025. [Entered: 01/03/2025 03:50 PM] |
| 04/03/2025 | 7 | **MOTION** to Extend Time to File Brief filed by Appellant Jean Baranowski. [Entered: 04/08/2025 02:41 PM] |
| 04/22/2025 | 8 | **ORDER FILED.** The motion (Docket Entry No. 7) for an extension of time to file the opening brief is granted. The opening brief is due June 6, 2025. Because there is no appearance by appellees, briefing will be completed upon the filing of the opening brief. [Entered: 04/22/2025 10:43 AM] |
| 06/03/2025 | 9 | **MOTION** to Extend Time to File Brief filed by Appellant Jean Baranowski. [Entered: 06/04/2025 10:19 AM] |

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT F

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PlnDue, Incomplete, DebtEd, DISMISSED, CLOSED**

## U.S. Bankruptcy Court
### Central District of California (Riverside)
### Bankruptcy Petition #: 6:23-bk-12509-WJ

|  |  |
|---|---|
| | *Date filed:* 06/12/2023 |
| | *Date terminated:* 08/17/2023 |
| | *Debtor dismissed:* 06/13/2023 |
| | *341 meeting:* 07/19/2023 |

*Assigned to:* Wayne E. Johnson
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

*Debtor*
**Jean Baranowski**                                        represented by **Gordon G Bones**
107 Cachanilla Ct                                          Bones Law Firm
Palm Desert, CA 92260                                      5860 Esrig Wy
RIVERSIDE-CA                                               Sacramento, CA 95841
760-333-7499                                               916-965-6647
SSN / ITIN: xxx-xx-9378                                    Email: gbones@boneslawfirm.com

*Trustee*
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

*U.S. Trustee*
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 06/12/2023 | 1<br>(12 pgs; 3 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum) due 6/26/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 6/26/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 6/26/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 6/26/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 6/26/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 6/26/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 6/26/2023. Schedule I: Your Income (Form 106I) due 6/26/2023. Schedule J: Your Expenses (Form 106J) due 6/26/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 6/26/2023. Statement of Financial Affairs (Form 107 or 207) due 6/26/2023. Chapter 13 Plan (LBR F3015-1) due by 6/26/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 6/26/2023. Chapter 13 Calculation of Your Disposable Income (Form |

| | | |
|---|---|---|
| | | 23.00 (admin). 6/26/2023. Cert. of Credit Counseling due by 6/26/2023. Statement of Related Cases (LBR Form F1015-2) due 6/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 6/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 6/26/2023. Incomplete Filings due by 6/26/2023. (WD) (Entered: 06/12/2023) |
| 06/12/2023 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski . (WD) (Entered: 06/12/2023) |
| 06/12/2023 | 3 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 7/19/2023 at 08:00 AM at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on 8/9/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by 8/21/2023. (WD) (Entered: 06/12/2023) |
| 06/12/2023 | | Receipt of Chapter 13 Filing Fee - $313.00 by 03. Receipt Number 60152486. (admin) (Entered: 06/12/2023) |
| 06/12/2023 | 4 (1 pg) | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Jean Baranowski. (Bones, Gordon) See docket entry no. 5 for corrective actions. Modified on 6/13/2023 (WD). (Entered: 06/12/2023) |
| 06/13/2023 | 5 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)4 Certification About a Financial Management Course for Debtor 1 (Official Form 423) filed by Debtor Jean Baranowski) (WD) (Entered: 06/13/2023) |
| 06/13/2023 | 6 | Notice to Filer of Error and/or Deficient Document **Other - Per docket entry no. 4 you added yourself as the attorney of record. At the time of the initial filing of the petition the Debtor filed in pro se. A substitution of attorney needs to be filed so you may be listed as the attorney of record on this case.** (RE: related document(s)4 Certification About a Financial Management Course for Debtor 1 (Official Form 423) filed by Debtor Jean Baranowski) (ET) (Entered: 06/13/2023) |
| 06/13/2023 | 9 (1 pg) | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 3 Meeting (AutoAssign Chapter 13)) (YG) (Entered: 06/13/2023) |
| 06/14/2023 | 10 (1 pg) | Certificate of Credit Counseling Filed by Debtor Jean Baranowski . (AJ) (Entered: 06/14/2023) |
| 06/14/2023 | 11 (4 pgs) | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 2. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/14/2023 | 12 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |

| | | |
|---|---|---|
| 06/14/2023 | 13<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/15/2023 | 14<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)9 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc (only for ccdn items) (BNC)) No. of Notices: 2. Notice Date 06/15/2023. (Admin.) (Entered: 06/15/2023) |
| 06/28/2023 | 15 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on 8/9/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 06/28/2023) |
| 07/11/2023 | 16<br>(3 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 07/11/2023) |
| 08/09/2023 | 17<br>(1 pg) | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 08/11/2023) |
| 08/16/2023 | 18<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 08/16/2023) |
| 08/16/2023 | 19<br>(5 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 08/16/2023) |
| 08/17/2023 | 20 | Bankruptcy Case Closed - DISMISSED. Order of Dismissal in the above referenced case was entered and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Auto Closed) (AG ) - (Entered: 08/17/2023) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

Repeat-cacb, DISMISSED, PlnDue, Incomplete, RepeatPACER, CLOSED

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:23-bk-13045-WJ

|  |  |
|---|---|
| | *Date filed:* 07/12/2023 |
| | *Date terminated:* 09/21/2023 |
| | *Debtor dismissed:* 07/24/2023 |
| | *341 meeting:* 08/23/2023 |

*Assigned to:* Wayne E. Johnson
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

| | |
|---|---|
| ***Debtor*** | represented by **Gordon G Bones** |
| **Jean Baranowski** | Bones Law Firm |
| 107 Cachanilla Court | 5860 Esrig Wy |
| Palm Desert, CA 92260 | Sacramento, CA 95841 |
| RIVERSIDE-CA | 916-965-6647 |
| SSN / ITIN: xxx-xx-9378 | Email: gbones@boneslawfirm.com |
| *aka* **Jean Baroness Baranowski** | |

***Trustee***
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

***U.S. Trustee***
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 07/12/2023 | 1<br>(10 pgs; 2 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 07/26/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 07/26/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 07/26/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 07/26/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 07/26/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 07/26/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 07/26/2023. Schedule I: Your Income (Form 106I) due 07/26/2023. Schedule J: Your Expenses (Form 106J) due 07/26/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 07/26/2023. Statement of Financial Affairs (Form 107 or 207) due 07/26/2023. Chapter 13 Plan (LBR F3015-1) due by 07/26/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 07/26/2023. Chapter 13 |

| | | |
|---|---|---|
| | | Calculation of Your Disposable Income (Form 122C-2) Due: 07/26/2023. Incomplete Filings due by 07/26/2023. (Bones, Gordon) WARNING: Case is also deficient for: Statement About Your Social Security Numbers (Official Form 121) (Individual debtors only) [FRBP 1007(f); LBR 10021] due 07/17/2023; Holographic Signature of Debtor(s) on Petition (Official Form 101 or 201) due 07/17/2023 (use event Addendum to Voluntary Petition); Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due 07/17/2023 Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. See docket entries no.3-5 for corrective actions.Modified on 7/12/2023 (MY). (Entered: 07/12/2023) |
| 07/12/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13045) [misc,volp13] ( 313.00) Filing Fee. Receipt number A55681261. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/12/2023) |
| 07/12/2023 | 2 (1 pg) | Certificate of Credit Counseling Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/12/2023) |
| 07/12/2023 | 3 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (MY) (Entered: 07/12/2023) |
| 07/12/2023 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 4 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. Case is also deficient for: Statement About Your Social Security Numbers (Official Form 121) (Individual debtors only) [FRBP 1007(f); LBR 10021] due 07/17/2023; Holographic Signature of Debtor(s) on Petition (Official Form 101 or 201) due 07/17/2023 (use event Addendum to Voluntary Petition); Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due 07/17/2023 Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, Set Case Commencement Deficiency Deadlines (ccdn)) (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 5 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) must be uploaded as creditors .txt file to CM/ECF. THE FILER IS INSTRUCTED TO UPLOAD THE LIST OF CREDITORS (MAILING LIST) TO CM/ECF IMMEDIATELY. Document filed** |

| | | |
|---|---|---|
| | | **debtor's holographic signature. All debtor's signatures must be holographic. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (MY) Modified on 7/12/2023 (MY). (Entered: 07/12/2023) |
| 07/12/2023 | 6 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 7 (2 pgs) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) *C:\ECF\Baranowski, Jean\CREDITOR.TXT* Filed by Debtor Jean Baranowski (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Bones, Gordon) (Entered: 07/12/2023) |
| 07/12/2023 | 8 (1 pg) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/12/2023) |
| 07/13/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023. (Admin) (Entered: 07/13/2023) |
| 07/13/2023 | 9 (7 pgs) | Addendum to voluntary petition Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/13/2023) |
| 07/13/2023 | 10 (48 pgs) | Chapter 13 procedures order Re: (BNC-PDF) Signed on 7/13/2023 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski. (YG) (Entered: 07/13/2023) |
| 07/13/2023 | 11 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) does not match the uploaded creditors .txt file. Creditors are missing from CM/ECF/not yet uploaded; filed pdf document needs to be uploaded via BK - Creditor Maintenance. THE FILER IS INSTRUCTED TO UPLOAD THE LIST OF CREDITORS (MAILING LIST) as txt. file into CM/ECF IMMEDIATELY.** (RE: related document(s)7 Verification of Master Mailing List of Creditors (LBR F1007-1) filed by Debtor Jean Baranowski) (MY) (Entered: 07/13/2023) |
| 07/13/2023 | 12 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Status hearing to be held on 8/23/2023 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 07/13/2023) |
| 07/14/2023 | 13 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 8/23/2023 at 09:00 AM at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on 9/6/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by 9/20/2023. (Scheduled Automatic Assignment, shared account) (Entered: 07/14/2023) |
| 07/14/2023 | 14 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |

| | | |
|---|---|---|
| 07/14/2023 | **15**<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)**6** Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |
| 07/14/2023 | **16**<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)**3** Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |
| 07/16/2023 | **17**<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)**13** Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 07/16/2023. (Admin.) (Entered: 07/16/2023) |
| 07/17/2023 | 18 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/17/2023) |
| 07/17/2023 | 19 | Notice to Filer of Error and/or Deficient Document **Document filed without debtor's holographic signature. Any document requiring the debtor's signature must be holographic. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)**18** Statement About Your Social Security Numbers (Official Form 121) filed by Debtor Jean Baranowski) (MY) (Entered: 07/17/2023) |
| 07/18/2023 | **20**<br>(2 pgs) | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 07/18/2023) |
| 07/19/2023 | 21 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/19/2023) |
| 07/24/2023 | **22**<br>(1 pg) | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)**1** Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, **3** Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC), Set Case Commencement Deficiency Deadlines (ccdn), **13** Meeting (AutoAssign Chapter 13)) (SH) (Entered: 07/24/2023) |
| 07/24/2023 | 23 | Hearing Set (RE: related document(s)**1** Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on 9/6/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (SH) (Entered: 07/24/2023) |
| 07/24/2023 | **24**<br>(12 pgs) | Motion to vacate dismissal Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/24/2023) |
| 07/24/2023 | 25 | Motion to vacate order Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/24/2023) |
| 07/25/2023 | **26**<br>(5 pgs) | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (TR) (RE: related document(s)**24** Motion to vacate dismissal Filed by Debtor Jean Baranowski filed by Debtor Jean Baranowski). (Danielson (TR), Rod) (Entered: 07/25/2023) |
| 07/25/2023 | 27 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Filer is to review Judge Johnson's** |

| | | |
|---|---|---|
| | | See calendar for the correct hearing information at www.cacb.uscourts.gov. **THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. THIS MATTER WILL NOT BE SET FOR CALENDAR UNTIL CORRECTIONS ARE MADE. Incorrect Case Number Format. The Riverside Division is 6 not 1, per the case number on the pleading and no judge initials were indicated. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE PROPER CASE NUMBER FORMAT.** (RE: related document(s)24 Motion to vacate dismissal filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |
| 07/25/2023 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All orders are to be submitted in the Lodged Order Upload (LOU) not in CM/ECF. Please see the court website at cacb.uscourts.gov for instructions. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY. Incorrect Case Number Format. The Riverside Division is 6 not 1, per the case number on the pleading and no judge initials were indicated. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE PROPER CASE NUMBER FORMAT.** (RE: related document(s)25 Motion to vacate order filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |
| 07/25/2023 | 29 (14 pgs) | Errata Filed by Debtor Jean Baranowski (RE: related document(s)24 Motion to vacate dismissal ). (Bones, Gordon) (Entered: 07/25/2023) |
| 07/25/2023 | 30 | Notice of motion/application Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/25/2023) |
| 07/25/2023 | 31 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. The pleading is interactive and need to be refiled in flatten format. Please refer to the court's website for instructions on how to flatten a PDF. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)30 Notice of motion/application filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |
| 07/26/2023 | 32 (3 pgs) | Supplemental Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/26/2023) |
| 07/26/2023 | 33 (5 pgs) | Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/26/2023) |
| 07/26/2023 | 34 (3 pgs) | BNC Certificate of Notice (RE: related document(s)22 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 5. Notice Date 07/26/2023. (Admin.) (Entered: 07/26/2023) |
| 07/31/2023 | 35 (1 pg) | Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/31/2023) |

| | | |
|---|---|---|
| 07/31/2023 | 36 | Notice to Filer of Error and/or Deficient Document **of Mismatch between filed document and docket event. The PDF is a Supplement not a new motion. THE FILER IS INSTRUCTED TO FILE A NOTICE OF WITHDRAWAL USING WITHDRAWAL DOCKET EVENT AND REFILE THE DOCUMENT USING THE CORRECT DOCKET EVENT THAT MATCHES THE DOCUMENT.** (RE: related document(s)35 Extend Deadline to File Schedules and/or Plan (Case Opening Documents - All Chapters) (motion) filed by Debtor Jean Baranowski) (SH) (Entered: 07/31/2023) |
| 07/31/2023 | 37 (1 pg) | *Supplemental to Debtor's Motion to Extend Time to File Case Opening Documents* Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/31/2023) |
| 08/10/2023 | 38 (3 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 08/10/2023) |
| 08/16/2023 | 39 (4 pgs) | Memorandum of decision (BNC-PDF) (Related Doc # 24 ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/16/2023 | 40 (2 pgs) | Order Denying Motions. See order for details (BNC-PDF) (Related Doc # 24 , 29 and 32 ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/18/2023 | 41 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)39 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2023. (Admin.) (Entered: 08/18/2023) |
| 08/18/2023 | 42 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)40 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2023. (Admin.) (Entered: 08/18/2023) |
| 08/23/2023 | 43 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 08/25/2023) |
| 09/06/2023 | 44 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 09/08/2023) |
| 09/19/2023 | 45 (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 09/19/2023) |
| 09/19/2023 | 46 (5 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 09/19/2023) |
| 09/21/2023 | 47 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (SH) (Entered: 09/21/2023) |

# EXHIBIT H

**Repeat-cacb, Incomplete, RepeatPACER, DISMISSED, Pln13F, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:23-bk-13624-WJ

*Date filed:* 08/14/2023
*Date terminated:* 02/15/2024
*Debtor dismissed:* 08/21/2023

*Assigned to:* Wayne E. Johnson
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File
Information

**Debtor**
**Jean Baranowski**
78365 Highway 111 123
La Quinta, CA 92253
RIVERSIDE-CA
760-333-7499
SSN / ITIN: xxx-xx-9378
*aka* **Jean Baroness Baranonski**

represented by **Gordon G Bones**
Bones Law Firm
5860 Esrig Wy
Sacramento, CA 95841
916-965-6647
Email: gbones@boneslawfirm.com

**Trustee**
**Rod (WJ) Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 08/14/2023 | 1 (8 pgs; 2 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 08/28/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 08/28/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 08/28/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 08/28/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 08/28/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 08/28/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 08/28/2023. Schedule I: Your Income (Form 106I) due 08/28/2023. Schedule J: Your Expenses (Form 106J) due 08/28/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 08/28/2023. Statement of Financial Affairs (Form 107 or 207) due 08/28/2023. Chapter 13 Plan (LBR F3015-1) due by 08/28/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) |

| | | |
|---|---|---|
| | | Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 08/28/2023. Incomplete Filings due by 08/28/2023. (Bones, Gordon) WARNING: See docket entries 6,7 & 8 for corrective action. CASE ALSO DEFICIENT FOR Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due 8/18/2023. See Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours , docket entry no. 10. CASE ALSO DEFICIENT FOR Certificate of Credit Counseling due 008/28/2023, Statement of Related Cases due 08/28/2023, Disclosure of Compensation of Attorney for Debtor due 08-28/2023, Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date due 08/28/2023 and Verification of Master Mailing List of Creditors due 08/28/2023. See Case Commencement Deficiency Notice, docket entry no. 9. Modified on 8/15/2023 (ET). (Entered: 08/14/2023) |
| 08/14/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13624) [misc,volp13] ( 313.00) Filing Fee. Receipt number C55806425. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/14/2023) |
| 08/14/2023 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/14/2023) |
| 08/14/2023 | 3 (2 pgs) | List of Creditors (Master Mailing List of Creditors) *Matrix Format* Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/14/2023) |
| 08/14/2023 | 4 (13 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 107 Cachanilla Ct Palm Desert CA 92260 . Fee Amount $188, Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/14/2023) |
| 08/15/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number 23-13045, Chapter 13 filed in California Central Bankruptcy on 07/12/2023 , Dismissed for Failure to File Information on 07/24/2023; Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023.(Admin) (Entered: 08/15/2023) |
| 08/15/2023 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( 6:23-bk-13624) [motion,nmis] ( 188.00) Filing Fee. Receipt number A55807830. Fee amount 188.00. (re: Doc# 4) (U.S. Treasury) (Entered: 08/15/2023) |
| 08/15/2023 | 5 | Hearing Set (RE: related document(s)4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) The Hearing date is set for 8/23/2023 at 02:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/15/2023) |
| 08/15/2023 | 6 | Notice to Filer of Correction Made/No Action Required: **Incorrect/incomplete debtor(s) name and/or alias entered. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 7 | Notice to Filer of Correction Made/No Action Required: **Debtor(s) mailing address was entered in the system instead of the street address. THIS** |

| | | |
|---|---|---|
| | | **ENTRY PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 8 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements not recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | <u>9</u><br>(1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | <u>10</u><br>(1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (ET) (Entered: 08/15/2023) |
| 08/15/2023 | <u>11</u><br>(48 pgs) | Chapter 13 procedures order Re: (BNC-PDF) Signed on 8/15/2023 (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski). (YG) (Entered: 08/15/2023) |
| 08/15/2023 | 12 | Hearing Set (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Status hearing to be held on 9/20/2023 at 02:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/15/2023) |
| 08/16/2023 | 13 | Hearing Set (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on 10/4/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/16/2023) |
| 08/16/2023 | <u>14</u><br>(4 pgs) | Scheduling order. See order for details Re: (BNC-PDF) (Related Doc # <u>1</u> ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/16/2023 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) <u>1</u> VOLUNTARY PETITION (CHAPTER 13) filed by Jean Baranowski) Status Hearing to be held on 12/18/2023 at 01:30 PM 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for <u>1</u> , (YG) (Entered: 08/16/2023) |
| 08/17/2023 | <u>15</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski No. of Notices: 1. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | <u>16</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>9</u> Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | <u>17</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>10</u> Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/18/2023 | <u>18</u><br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>14</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2023. (Admin.) (Entered: 08/18/2023) |

| | | |
|---|---|---|
| 08/21/2023 | 19 (2 pgs) | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 08/21/2023) |
| 08/21/2023 | 20 (1 pg) | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski, 10 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) (YG) (Entered: 08/21/2023) |
| 08/23/2023 | 21 (3 pgs) | BNC Certificate of Notice (RE: related document(s)20 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/23/2023 | 27 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) (YG) (Entered: 08/25/2023) |
| 08/24/2023 | 22 (2 pgs) | Motion to vacate dismissal Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/24/2023) |
| 08/24/2023 | 23 (2 pgs) | Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22* Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/24/2023) |
| 08/25/2023 | 24 (5 pgs) | Amendment to List of Creditors. Fee Amount $32 Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/25/2023) |
| 08/25/2023 | | Receipt of Amended List of Creditors (Fee)( 6:23-bk-13624-WJ) [misc,amdcm] ( 32.00) Filing Fee. Receipt number A55849927. Fee amount 32.00. (re: Doc# 24) (U.S. Treasury) (Entered: 08/25/2023) |
| 08/25/2023 | 25 (2 pgs) | Motion to Amend (related document(s)22 Motion to vacate dismissal , 23 Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/25/2023) |
| 08/25/2023 | 26 (3 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Debtor Jean Baranowski (RE: related document(s)25 Motion to Amend (related document(s)22 Motion to vacate dismissal , 23 Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski). (Bones, Gordon) (Entered: 08/25/2023) |
| 08/25/2023 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry.** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)26 Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) filed by Debtor Jean Baranowski) (YG) (Entered: 08/25/2023) |

| Date | Doc | Description |
|---|---|---|
| 08/28/2023 | [29](#)<br>(5 pgs) | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (RE: related document(s)[25](#) Motion to Amend (related document(s)[22](#) Motion to vacate dismissal , [23](#) Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski filed by Debtor Jean Baranowski. (Danielson (TR), Rod) (Entered: 08/28/2023) |
| 08/28/2023 | [30](#)<br>(1 pg) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2) Filed by Debtor Jean Baranowski. (Bones, Gordon) - WARNING: See docket entry no. 38 for corrective action. Modified on 8/29/2023 (ET). (Entered: 08/28/2023) |
| 08/28/2023 | [31](#)<br>(1 pg) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [32](#)<br>(1 pg) | Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [33](#)<br>(4 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [34](#)<br>(1 pg) | Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [35](#)<br>(7 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [36](#)<br>(16 pgs) | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | [37](#)<br>(7 pgs) | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/29/2023 | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) [36](#) ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/29/2023) |
| 08/29/2023 | 38 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related |

| | | |
|---|---|---|
| | | ument(s)30 Summary of Assets and Liabilities (Official Form 106Sum or 206Sum) filed by Debtor Jean Baranowski, Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule D Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2)) (ET) (Entered: 08/29/2023) |
| 08/29/2023 | 39 (22 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2) Filed by Debtor Jean Baranowski. (Bones, Gordon) - WARNING: Schedule J is reflected in PDF of docket entry no. 39 not Schedule J-2. Modified on 8/29/2023 (ET). (Entered: 08/29/2023) |
| 09/01/2023 | 40 (3 pgs) | Memorandum of decison (BNC-PDF) (Related Doc # 22 ) Signed on 9/1/2023 (YG) (Entered: 09/01/2023) |
| 09/01/2023 | 41 (2 pgs) | Order Denying Motions. See order for details (BNC-PDF) (Related Doc # 22 ) Signed on 9/1/2023 (YG) (Entered: 09/01/2023) |
| 09/03/2023 | 42 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)40 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/03/2023 | 43 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)41 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/07/2023 | 44 (3 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 09/07/2023) |
| 09/20/2023 | 45 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)36 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski (EZ) (Entered: 09/22/2023) |
| 10/04/2023 | 46 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)36 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski (EZ) (Entered: 10/05/2023) |
| 10/17/2023 | 47 (1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Interested Party Rod Danielson. (Danielson (TR), Rod) (Entered: 10/17/2023) |

| 10/17/2023 | 48 (5 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Interested Party Rod Danielson. (Danielson (TR), Rod) (Entered: 10/17/2023) |
|---|---|---|
| 12/18/2023 | 49 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 12/20/2023) |
| 12/18/2023 | 50 (1 pg) | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 12/20/2023) |
| 02/15/2024 | 51 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (SH) (Entered: 02/15/2024) |

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT I

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Repeat-cacb, Pln13F, RepeatPACER, DISMISSED, CLOSED**

## U.S. Bankruptcy Court
### Central District of California (Riverside)
### Bankruptcy Petition #: 6:23-bk-13914-WJ

|  |  |
|---|---|
| | *Date filed:* 08/30/2023 |
| | *Date terminated:* 04/01/2024 |
| | *Debtor dismissed:* 11/08/2023 |
| | *341 meeting:* 10/04/2023 |

*Assigned to:* Wayne E. Johnson
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Gordon G Bones** |
| **Jean Baranowski** | Bones Law Firm |
| 78365 Highway 111 123 | 5860 Esrig Way |
| La Quinta, CA 92253 | Sacramento, CA 95841 |
| RIVERSIDE-CA | 916-965-6647 |
| SSN / ITIN: xxx-xx-9378 | Email: gbones@boneslawfirm.com |
| *aka* Jean Baroness Baranonski | |

***Trustee***
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

***U.S. Trustee***
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 08/30/2023 | 1<br>(7 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski (Bones, Gordon) WARNING: See Notice to filer docket entry #18. Case is deficient for: Certificate of Credit Counseling due 9/13/2023. Declaration by Debtor as to whether Income was received from an Employer within 60 days due 09/13/2023. Incomplete filings due 09/13/2023. See Case Commencement Deficiency Notice docket entry #17. Modified on 8/30/2023 (RS). (Entered: 08/30/2023) |
| 08/30/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13914) [misc,volp13] ( 313.00) Filing Fee. Receipt number A55873058. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/30/2023) |
| 08/30/2023 | 2<br>(22 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims |

|  |  |  |
|---|---|---|
|  |  | Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 3 (22 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 4 (7 pgs) | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 5 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 6 (1 pg) | Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 7 (1 pg) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 8 (3 pgs) | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Jean Baranowski. (List of Creditors does not match Uploaded list of creditors.) (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 9 (7 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 10 (6 pgs; 2 docs) | Meeting of Creditors with 341(a) meeting to be held on 10/4/2023 at 09:00 AM at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on 10/25/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by 11/8/2023. (Scheduled Automatic Assignment, shared account) (Entered: 08/30/2023) |
| 08/30/2023 | 11 (16 pgs) | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. Assumption of executory contracts and/or unexpired leases: 1 included. Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |

| | | |
|---|---|---|
| 08/30/2023 | **12**<br>(1 pg) | Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | | ***Statistics Reporting*** Motion to Assume Contract/Leases (CM06). (RE: related document(s) **11** ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/30/2023) |
| 08/30/2023 | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) **11** ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/30/2023) |
| 08/30/2023 | **13**<br>(10 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 107 Cachanilla Court, Palm Desert, CA 92660 . Fee Amount $188, Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | **14**<br>(3 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years, Disposable Income Is Determined (Official Form 122C-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( **6:23-bk-13914-WJ**) [motion,nmis] ( 188.00) Filing Fee. Receipt number A55873493. Fee amount 188.00. (re: Doc# **13**) (U.S. Treasury) (Entered: 08/30/2023) |
| 08/30/2023 | **15**<br>(1 pg) | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Incorrect docket event used to file credit counseling certificate.) (Entered: 08/30/2023) |
| 08/30/2023 | 16 | Hearing Set (RE: related document(s)**13** Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) The Hearing date is set for 9/6/2023 at 02:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/30/2023) |
| 08/30/2023 | **17**<br>(1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)**1** Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (RS) (Entered: 08/30/2023) |
| 08/30/2023 | 18 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) does not match the uploaded creditors .txt file. THE FILER IS INSTRUCTED TO REFILE THE LIST OF CREDITORS (MAILING LIST) WITH CORRECT INFORMATION. Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)**1** Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (RS) (Entered: 08/30/2023) |
| 08/31/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number **23-13045**, Chapter 13 filed in California Central Bankruptcy on 07/12/2023 , Dismissed for Failure to File Information on 07/24/2023; Case Number **23-13915**, Chapter 13 filed in California Central Bankruptcy on 08/30/2023; Case Number **23-13624**, Chapter 13 filed in |

| | | |
|---|---|---|
| | | California Central Bankruptcy on 08/14/2023 , Dismissed for Failure to File Information on 08/21/2023; Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023.(Admin) (Entered: 08/31/2023) |
| 08/31/2023 | 19<br>(3 pgs) | Amendment to List of Creditors. Fee Amount $32 Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/31/2023) |
| 08/31/2023 | | Receipt of Amended List of Creditors (Fee)( 6:23-bk-13914-WJ) [misc,amdcm] ( 32.00) Filing Fee. Receipt number A55881985. Fee amount 32.00. (re: Doc# 19) (U.S. Treasury) (Entered: 08/31/2023) |
| 08/31/2023 | 20<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jean Baranowski (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Bones, Gordon) (Entered: 08/31/2023) |
| 09/01/2023 | 21<br>(13 pgs; 2 docs) | Motion to Continue Hearing On (related documents 13 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay) *Amended Hearing Date* Filed by Debtor Jean Baranowski (Attachments: # 1 Exhibit) (Bones, Gordon) (Entered: 09/01/2023) |
| 09/01/2023 | 22<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)10 Meeting (AutoAssign Chapter 13)) No. of Notices: 7. Notice Date 09/01/2023. (Admin.) (Entered: 09/01/2023) |
| 09/01/2023 | 23<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)17 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 09/01/2023. (Admin.) (Entered: 09/01/2023) |
| 09/05/2023 | 24<br>(2 pgs) | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 09/05/2023) |
| 09/05/2023 | 25 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on 10/25/2023 at 02:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 09/05/2023) |
| 09/05/2023 | 26<br>(224 pgs; 3 docs) | Opposition to (related document(s): 13 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 107 Cachanilla Court, Palm Desert, CA 92660 . Fee Amount $188, filed by Debtor Jean Baranowski) Filed by Creditor Abundant Investments, LLC (Attachments: # 1 Declaration # 2 Proof of Service) (Glowin, Nichole) (Entered: 09/05/2023) |
| 09/06/2023 | 27<br>(2 pgs) | Order Denying Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 13 ). Signed on 9/6/2023 (YG) (Entered: 09/06/2023) |
| 09/06/2023 | 32<br>(2 pgs) | Document Hearing Held - Motion denied (RE: related document(s)13 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) (YG) (Entered: 09/08/2023) |
| 09/07/2023 | 28 | Hearing Set (RE: related document(s)21 Motion to Continue Hearing/Rescheduled Hearing (BK/AP Case) filed by Debtor Jean Baranowski) The Hearing date is set for 10/4/2023 at 02:30 PM at Crtrm |

| | | |
|---|---|---|
| | | 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 09/07/2023) |
| 09/07/2023 | [29](#)<br>(224 pgs; 3 docs) | Opposition to (related document(s): [21](#) Motion to Continue Hearing On (related documents [13](#) Motion for Relief - Imposing a Stay or Continuing the Automatic Stay) *Amended Hearing Date* filed by Debtor Jean Baranowski) Filed by Creditor Abundant Investments, LLC (Attachments: # [1](#) Declaration # [2](#) Proof of Service) (Glowin, Nichole) (Entered: 09/07/2023) |
| 09/08/2023 | [30](#)<br>(48 pgs) | Chapter 13 procedures order Re: (BNC-PDF) Signed on 9/8/2023 (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski). (YG) (Entered: 09/08/2023) |
| 09/08/2023 | 31 | Hearing Set (RE: related document(s)[1](#) Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Status hearing to be held on 10/4/2023 at 02:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 09/08/2023) |
| 09/08/2023 | [33](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[27](#) Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 09/08/2023. (Admin.) (Entered: 09/09/2023) |
| 09/13/2023 | [34](#)<br>(5 pgs) | Chapter 13 Trustee's Notice of Requirements Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 09/13/2023) |
| 09/13/2023 | [35](#)<br>(5 pgs) | Statement Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 09/13/2023) |
| 09/13/2023 | [36](#)<br>(4 pgs) | Scheduling order. See order for details Re: (BNC-PDF) (Related Doc # [1](#)) Signed on 9/13/2023 (YG) (Entered: 09/13/2023) |
| 09/13/2023 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) [1](#) VOLUNTARY PETITION (CHAPTER 13) filed by Jean Baranowski) Status Hearing to be held on 01/29/2024 at 10:30 AM 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for [1](#) , (YG) (Entered: 09/13/2023) |
| 09/13/2023 | [37](#)<br>(4 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jean Baranowski (RE: related document(s)[1](#) Voluntary Petition (Chapter 13)). (Bones, Gordon) (Entered: 09/13/2023) |
| 09/15/2023 | [38](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[36](#) Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2023. (Admin.) (Entered: 09/15/2023) |

| | | |
|---|---|---|
| 09/21/2023 | 39<br>(5 pgs; 2 docs) | Objection to Confirmation of Plan *With Proof of Service* Filed by Creditor Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1 (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. Assumption of executory contracts and/or unexpired leases: 1 included. Filed by Debtor Jean Baranowski.). (Attachments: # 1 Proof Of Service)(Wan, Fanny) (Entered: 09/21/2023) |
| 09/25/2023 | 40<br>(1 pg) | Request for Recording of Court Proceedings *09/06/2023*. Fee Amount $32, Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 09/25/2023) |
| 09/25/2023 | | Receipt of Request for Recording of Court Proceedings (fee)( 6:23-bk-13914-WJ) [misc,rrcp] ( 32.00) Filing Fee. Receipt number A55969139. Fee amount 32.00. (re: Doc# 40) (U.S. Treasury) (Entered: 09/25/2023) |
| 09/25/2023 | 41<br>(1 pg) | Transcript Order Form, regarding Hearing Date 09/06/23 Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 09/25/2023) |
| 09/26/2023 | 42 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 23-WJ-10. RE Hearing Date: 9/6/23, [TRANSCRIPTION SERVICE PROVIDER: J&J Courts Transcribers Inc, Telephone number 609-586-2311.] (RE: related document(s)41 Transcript Order Form (Public Request) filed by Debtor Jean Baranowski) (YG) (Entered: 09/26/2023) |
| 10/04/2023 | 43<br>(3 pgs) | Objection to Confirmation of Chapter 13 Plan . (Danielson (TR), Rod) (Entered: 10/04/2023) |
| 10/04/2023 | 44<br>(2 pgs) | Order Denying Motion To Impose Or Continue The Automatic Stay. See order for details Re: (BNC-PDF) (Related Doc # 21 ) Signed on 10/4/2023 (YG) (Entered: 10/04/2023) |
| 10/04/2023 | 45<br>(1 pg) | Document Hearing Held - Vacated (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski) (EZ) (Entered: 10/05/2023) |
| 10/04/2023 | 46<br>(2 pgs) | Document Hearing Held - Denied (RE: related document(s)21 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) (EZ) (Entered: 10/05/2023) |
| 10/06/2023 | 47<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)44 Order (Generic) (BNC-PDF) No. of Notices: 1. Notice Date 10/06/2023. (Admin.) (Entered: 10/06/2023) |
| 10/13/2023 | 48<br>(4 pgs) | Reply to (related document(s): 43 Trustee's Objection to Confirmation of Plan (batch)) *Declaration of Jean Baranowski as Reply to Objections Filed* Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 10/13/2023) |
| 10/25/2023 | 49<br>(1 pg) | Document Hearing Held - Vacated (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski) (EZ) (Entered: 10/26/2023) |

| | | |
|---|---|---|
| 11/08/2023 | 50<br>(5 pgs) | Memorandum of decision regarding the motion by the trustee to dismiss this case (BNC-PDF) (Related Doc # 43 ) Signed on 11/8/2023 (YG) (Entered: 11/08/2023) |
| 11/08/2023 | 51<br>(2 pgs) | Order Dismissing Case - **Debtor** Dismissed (BNC-PDF). Signed on 11/8/2023 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 10 Meeting (AutoAssign Chapter 13), 13 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski, 21 Motion to Continue Hearing/Rescheduled Hearing (BK/AP Case) filed by Debtor Jean Baranowski). (YG) (Entered: 11/08/2023) |
| 11/08/2023 | 52<br>(1 pg) | Notice of dismissal (BNC) (YG) (Entered: 11/08/2023) |
| 11/10/2023 | 53<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)52 Notice of dismissal (BNC)) No. of Notices: 9. Notice Date 11/10/2023. (Admin.) (Entered: 11/10/2023) |
| 11/10/2023 | 54<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)50 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 11/10/2023. (Admin.) (Entered: 11/10/2023) |
| 11/10/2023 | 55<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)51 Order Dismissing Case (BNC-PDF)) No. of Notices: 1. Notice Date 11/10/2023. (Admin.) (Entered: 11/10/2023) |
| 11/13/2023 | 56<br>(3 pgs) | Motion to vacate dismissal Filed by Debtor Jean Baranowski (YG) (Entered: 11/13/2023) |
| 11/14/2023 | 57<br>(4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 11/14/2023) |
| 11/15/2023 | 58<br>(6 pgs) | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (TR) (RE: related document(s)56 Motion to vacate dismissal Filed by Debtor Jean Baranowski (YG) filed by Debtor Jean Baranowski). (Danielson (TR), Rod) (Entered: 11/15/2023) |
| 01/29/2024 | 59<br>(1 pg) | Document Hearing Held - Vacated (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski) (EZ) (Entered: 01/30/2024) |
| 01/29/2024 | 60<br>(1 pg) | Document Hearing Held - Vacated (RE: related document(s)11 Chapter 13 Plan (LBR F3015-1) filed by Debtor Jean Baranowski) (EZ) (Entered: 01/31/2024) |
| 02/26/2024 | 61<br>(2 pgs) | ORDER (BNC-PDF) See Order for Details (Related Doc # 56) Signed on 2/26/2024 (SM6) (Entered: 02/26/2024) |
| 02/28/2024 | 62<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)61 ORDER vacating an order (BNC-PDF)) No. of Notices: 1. Notice Date 02/28/2024. (Admin.) (Entered: 02/28/2024) |
| 03/06/2024 | 63<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson |

| | | (TR). (Danielson (TR), Rod) (Entered: 03/06/2024) |
|---|---|---|
| 03/06/2024 | 64<br>(5 pgs) | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 03/06/2024) |
| 04/01/2024 | 65 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (SH) (Entered: 04/01/2024) |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OBJECTION TO CLAIM & NOTICE OF HEARING AND OBJECTION TO CLAIM OF JEAN BARANOWSKI (CLAIM 9)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>6/10/2025</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats    dacoats@raslg.com
Rod Danielson (TR)    notice-efile@rodan13.com
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Sean C Ferry    sferry@raslg.com, sean.ferry7@ecf.courtdrive.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>6/10/2025</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Jean Baranowski**
78-365 Highway 111 Ste 123
La Quinta, CA 92253

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| <u>6/10/2025</u> | <u>Benjamin Heston</u> | <u>/s/Benjamin Heston</u> |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**