JEAN BARANOWSKI
78365 Highway 111, #123
La Quinta, CA 92253
TEL: 760-333-7499

In Pro Per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| IN RE<br><br>TAUREAN E WRIGHT<br><br>Debtor. | Case No.: 6:25-bk-11843-SY<br><br>REPLY DECLARATION OF JEAN BARANOWSKI IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 9<br><br>Subject Property:<br>107 Cachanilla Ct<br>Palm Desert, California 92260<br><br>Confirmation Hearing:<br>Date: July 15, 2025<br>Time: 01:30 PM<br>Place: 3420 Twelfth St.,<br>Riverside, CA 92501<br>Ctrm: 302<br>Judge: Scott H. Yun |

I, JEAN BARANOWSKI, declare as follows:

1. I am the Claimant in the above-referenced Chapter 13 bankruptcy case (Case No. 6:25-bk-11843-SY) and have personal knowledge of the facts stated herein. I am competent to testify thereto.

2. I dispute the Debtor's assertion that my interest in the property located at 107 Cachanilla

REPLY DECLARATION OF JEAN BARANOWSKI IN OPPOSITION TO DEBTOR'S
OBJECTION TO CLAIM NO. 9 - 1

Court, Palm Desert, California ("Property") was extinguished by a foreclosure sale on December 6, 2023. I maintain a legal and equitable interest in the Property, and my Proof of Claim (Claim #9) is valid and enforceable.

3. The Debtor's Objection mischaracterizes the status of ongoing litigation concerning the Property. As Exhibit B and C to the Debtor's own objection show, appeals are currently pending in both the California Court of Appeal (Case No. E083661) and the U.S. Court of Appeals for the Ninth Circuit (Case No. 24-7164), challenging the dismissals of my previous actions related to the Property's ownership. [These appeals demonstrate that the legal question of ownership is not "conclusively settled" as asserted by the Debtor.

4. My Proof of Claim for $533,915.00, is composed of:

    a. $83,915 for accrued rent owed. This amount is based on the residential lease agreement attached to my claim as Exhibit A, which clearly outlines the rental terms for the Property located at 107 Cachanilla Ct, Palm Desert, CA 92260-3159. The lease indicates that Taurean Wright, the Debtor, and other named persons were tenants of the property. The lease commenced on February 1, 2021, for a term terminating on February 1, 2022, at a monthly rent of $2,800.00, payable on the 1st day of each calendar month. My invoice attached to the claim reflects continued occupancy and an increased rent of $3,400 as of September 4, 2022.

    b. $250,000 for property damage incurred in June 2023. This represents the cost to remove and replace damage to the property.

    c. $200,000 for "equity" in the property. This amount is based on a physical appraisal of the property in July 2023, valuing it at $835,000.

    d. A priority claim of \3,400 for an alleged consumer deposit. This claim is supported under 11 U.S.C. § 507(a)(7). The lease agreement itself shows a security deposit of $2,800.00 was paid.

5. The Debtor's argument that the claim for "equity" is not a "claim" under § 101(5) is premature and should be disregarded. My ownership interest in the Property is still being

REPLY DECLARATION OF JEAN BARANOWSKI IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 9 - 2

litigated in higher courts, and a final determination on that issue has not been made. Therefore, the value of my equitable interest in the Property remains a valid component of my claim.

6. Regarding the priority claim under § 507(a)(7) for a consumer deposit, the lease agreement clearly indicates a security deposit of $2,800.00 was paid.

7. This falls under the definition of a deposit related to the lease of property for personal, family, or household use.

8. The Debtor's assertion that my claim for rent and damages lacks evidentiary support is inaccurate. The attached invoice itemizes the accrued rent and property damage. While the Debtor characterizes it as "self-serving," it is a direct reflection of the amounts owed under the lease agreement and for damages incurred. Further supporting documentation for damages can be provided as necessary during discovery.

9. The various "Notification of Payment Deferral" documents from PHH Mortgage Services attached to the Debtor's claim (Claim #8) indicate a deferred balance due on October 1, 2036, or upon loan payoff. This raises questions about the Debtor's claim of full ownership and the validity of their foreclosure process. The escrow analysis statement also notes the account's involvement in a bankruptcy petition filed on March 25, 2025, under Chapter 13.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

*JEAN BARANOWSKI*
Jean Baranowski

REPLY DECLARATION OF JEAN BARANOWSKI IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NO. 9 - 3

# PROOF OF SERVICE OF DOCUMENT

78365 Highway 111, #123, La Quinta, CA 92253

DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF REORGANIZATION

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.

ecfcacb@aldridgepite.com; JCD@ecf.inforuptcy.com; j delmotte@aldridgepite.com; Benjamin Heston bhestonecf@gmail.com; benheston@recap.email; NexusBankruptcy@jubileebk.net; United States Trustee (RS)

☐ Service information continued on attached page

On (date) __07/09/2025__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,

judge **will be completed** no later than 24 hours after the document is filed.
Taurean E Wright

Palm Desert, CA 92260-3159

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served

such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is

☐ Service information continued on attached page

07/09/2025    William Baranowski                    /s/ William Baranowski

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.