1  JEAN BARANOWSKI
2  78365 Highway 111, #123
   La Quinta, CA 92253
3  TEL: 760-333-7499
   Fax Number: None
4  Email: support@moneywiser.com

5  JEAN BARANOWSKI, IN PRO PER

6

7              UNITED STATE BANKRUPTCY COURT
8      CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

9  In re:                          Case No.: 6125-BK-11843-Y
10 TAUREAN E WRIGHT
11         Debtor.                  **OBJECTION TO CONFIRMATION OF
                                    DEBTOR'S FIRST AMENDED CHAPTER 13
12                                  PLAN OF REORGANIZATION**

13                                  **SUBJECT PROPERTY:**
                                    107 CACHANILLA CT
14                                  PALM DESERT California 92260

15                                  **CONFIRMATION HEARING:**
                                    DATE: July 15, 2025
16                                  TIME: 01:30 PM
                                    PLACE: 3420 Twelfth St., Riverside, CA 92501
17                                  CTRM: 302
                                    JUDGE: Scott H. Yun
18

19

20

21      **TO THE HONORABLE BANKRUPTCY COURT:**

22      **NOTE THAT**, JEAN BARANOWSKI, Pro Per, an interested party and true owner of

23  the property located at 107 Cachanilla Court, Palm Desert, CA 92260, hereby objects to the

24  confirmation of the Debtor, Taurean E Wright's, First Amended Chapter 13 Plan of

25  Reorganization (hereafter "First Amended Plan").

26      This objection is based on several critical inaccuracies and fraudulent representations

27  within the First Amended Plan, which directly impact the integrity of these proceedings and Ms.

28  Baranowski's property rights.

OBJECTION TO CONFIRMATION OFDEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF
REORGANIZATION - 1

## I.    STATEMENT OF FACTS

1.   Jean Baranowski is the rightful owner of the property at 107 Cachanilla Court, Palm Desert, CA 92260 ("Property"), and the legitimate borrower of the $645,000 loan acquired in July 2006

2.   On or about July 5, 2006, **Jean Baranowski**, NOT DEBTOR, executed a promissory note in the original principal sum of $645,000.00 (the "Note") which was made payable to Franklin Financial, A Corporation ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 107 Cachanilla Ct, Palm Desert, CA 92260 (the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Deutsche Bank National Trust Company as Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1, by and through its authorized loan servicing agent, PHH Mortgage (collectively the "Creditor").

3.   The authorized loan servicing agent, PHH Mortgage, mails monthly statements to the Property in the name of JEAN BARANOWSKI.

4.   Debtor, Taurean E Wright's is interfering with Jean Baranowski's contractual rights related to the Property and mortgage transactions.

5.   On or about December 10, 2020, Jean Baranowski and Debtor entered into a lease agreement for Debtor to rent the Property from her. Shortly after moving into the Property, Debtor, stopped paying Jean Baranowski rent. The debtor continues to reside in the Property rent free as a squatter.

6.   On March 25, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Riverside Division, and was assigned case number 6:25-bk-11843-SY.

7.   On April 8, 2025, Debtor filed his original Chapter 13 Plan ("Plan") which provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE.

8.   On May 27, 2025, Debtor filed his First Amended Chapter 13 Plan ("Plan") which again provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

OBJECTION TO CONFIRMATION OFDEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF
REORGANIZATION - 2

9. Debtor, Taurean E Wright's, Chapter 13 bankruptcy is a sham designed to use this Court to validate his "Hijacking" of Jean Baranowski's loan and property by seeking a valid legal order to make payments to Creditor in exchange for possessory rights to the Property and to stay in the Property as long as possible without making payments to Jean Baranowski's or PHH Mortgage.

## II.    ARGUMENT

### A. THE FIRST AMENDED CHAPTER 13 PLAN IS NOT PROPOSED IN GOOD FAITH DUE TO LACK OF PRIVITY OF CONTRACT

A Chapter 13 plan must be proposed in good faith. Jean Baranowski, NOT DEBTOR, executed a promissory note for which Debtor seeks to reorganize in this Chapter 13 Bankruptcy.

Debtor cannot be compelled by this Court to execute or be bound by the Chapter 13 plan to repay the mortgage note on the Property because that contract Debtor is not in Privity of Contract.

The fundamental principle of contract law known as "privity of contract," which states that a contract can only create rights and obligations between the parties who signed it, has its roots in several key English common law.

In, *Tweddle v. Atkinson* (1861) 1 B & S 393, a contract was made between two fathers for the benefit of their children (who were getting married). When one father failed to make the promised payment, the son (the intended beneficiary) sued. The court held that the son could not enforce the contract because he was not a party to it and had not provided any consideration.

Here, Debtor was not a party to the mortgage loan between Jean Baranowski and Creditors. Furthermore, Debtor was not n intended beneficiary.

Therefore, Debtor has no right to request to make mortgage payment arrears in a Chapter 13 plan. Debtor's request that this Court confirm his Chapter 13 plan that modifies Jean Baranowski's mortgage loan (contract) terms is made in bad faith because Debtor does not have privity of contract.

### B. THE FIRST AMENDED PLAN IS NOT FEASIBLE DUE TO THE INVALIDITY OF THE UNDERLYING DEBT STRUCTURE.

OBJECTION TO CONFIRMATION OFDEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 3

1    While the First Amended Plan attempts to address some of the feasibility concerns raised

2  in the initial objection by adjusting proposed payments, these adjustments are irrelevant if the

3  underlying premise of the debt is fraudulent. The plan's foundation relies on Debtor paying off a

4  loan that legally belongs to Jean Baranowski, and which has been falsely attributed to a third

5  party by Creditor, Sionita C. Angeles.

6    The pre-petition arrears and ongoing payments listed in Class 2 of the First Amended

7  Plan for "PHH MORTGAGE / DEUTSCHE BANK" are predicated on Debtor's fraudulent

8  misrepresentation of the mortgage loan. Without a legitimate and accurately identified Debtor

9  and loan obligation, Debtor's Chapter 13 Plan's financial projections and proposed payments are

10  baseless and cannot satisfy the feasibility requirement under 11 U.S.C. §1325(a)(6).

11  **III.    CONCLUSION**

12    For the foregoing reasons, Jean Baranowski respectfully requests that this Court deny

13  confirmation of the Debtor's First Amended Chapter 13 Plan. The plan is tainted by fraudulent

14  misrepresentations regarding the identity of the Debtor and the nature of the loan, and as such,

15  cannot be considered to be proposed in good faith or be found feasible. Jean Baranowski seeks

16  the protection of her contractual and property rights and requests that the Court dismiss the

17  Debtor's Chapter 13 case.

18

19  Dated: July 10, 2025

20

21  *Jean Baranoski*

22  JEAN BARANOWSKI
    Creditor

23  In Pro Per

24

25

26

27

28
    OBJECTION TO CONFIRMATION OFDEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF
    REORGANIZATION - 4

# PROOF OF SERVICE OF DOCUMENT

78365 Highway 111, #123, La Quinta, CA 92253

DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN OF REORGANIZATION

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)

the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ecfcacb@aldridgepite.com; JCD@ecf.inforuptcy.com;j delmotte@aldridgepite.com; Benjamin Heston bhestonecf@gmail.com; benheston@recap.email; NexusBankruptcy@jubileebk.net; United States Trustee (RS)

☐ Service information continued on attached page

On (*date*) __07/09/2025__ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,

judge <u>will be completed</u> no later than 24 hours after the document is filed.
Taurean E Wright

Palm Desert, CA 92260-3159

—

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served

such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is

☐ Service information continued on attached page

07/09/2025    William Baranowski