JEAN BARANOWSKI
78365 Highway 111, #123
La Quinta, CA 92253
TEL: 760-333-7499
Fax Number: None
Email: support@moneywiser.com

JEAN BARANOWSKI, IN PRO PER

UNITED STATE BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>TAUREAN E WRIGHT<br><br>Debtor. | Case No.: 6125-BK-11843-Y<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION; DECLARATION OF JEAN BARANOWSKI**<br><br><u>SUBJECT PROPERTY</u>:<br>107 CACHANILLA CT<br>PALM DESERT California 92260<br><br><u>CONFIRMATION HEARING</u>:<br>DATE: July 15, 2025<br>TIME: 01:30 PM<br>PLACE: 3420 Twelfth St., Riverside, CA 92501<br>CTRM: 302<br>JUDGE: Scott H. Yun |

**TO THE HONORABLE BANKRUPTCY COURT:**

**NOTE THAT**, JEAN BARANOWSKI, Pro Per, an interested party and true owner of the property located at 107 Cachanilla Court, Palm Desert, CA 92260, hereby objects to the confirmation of the Debtor, Taurean E Wright's, Third Amended Chapter 13 Plan of Reorganization (hereafter "Third Amended Plan").

This objection is based on several critical inaccuracies and fraudulent representations within the Third Amended Plan, which directly impact the integrity of these proceedings and Ms. Baranowski's property rights.

OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 1

## I. STATEMENT OF FACTS

1. Jean Baranowski is the rightful owner of the property at 107 Cachanilla Court, Palm Desert, CA 92260 ("Property"), and the legitimate borrower of the $645,000 loan acquired in July 2006.

2. On or about July 5, 2006, **Jean Baranowski**, NOT DEBTOR, executed a promissory note in the original principal sum of $645,000.00 (the "Note") which was made payable to Franklin Financial, A Corporation ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 107 Cachanilla Ct, Palm Desert, CA 92260 (the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Deutsche Bank National Trust Company as Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1, by and through its authorized loan servicing agent, PHH Mortgage (collectively the "Creditor").

3. The authorized loan servicing agent, PHH Mortgage, mails monthly statements to the Property in the name of JEAN BARANOWSKI.

4. Debtor, Taurean E Wright's is interfering with Jean Baranowski's contractual rights related to the Property and mortgage transactions.

5. On or about December 10, 2020, Jean Baranowski and Debtor entered into a lease agreement for Debtor to rent the Property from her. Shortly after moving into the Property, Debtor, stopped paying Jean Baranowski rent. The debtor continues to reside in the Property rent free as a squatter.

6. On March 25, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Riverside Division, and was assigned case number 6:25-bk-11843-SY.

7. On April 8, 2025, Debtor filed his original Chapter 13 Plan ("Plan") which provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE.

8. On May 27, 2025, Debtor filed his First Amended Chapter 13 Plan ("Plan") which again provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 2

Case 6:25-bk-11843-SY    Doc 53    Filed 07/12/25    Entered 07/14/25 13:47:45    Desc
Main Document    Page 3 of 12

9. On June 9, 2025, Debtor filed his Second Amended Chapter 13 Plan ("Plan") which again provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

10. On July 11, 2025, Debtor filed his Third Amended Chapter 13 Plan ("Plan") which again provides for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

11. Debtor, Taurean E Wright's, Chapter 13 bankruptcy is a sham designed to use this Court to validate his "Hijacking" of Jean Baranowski's loan and property by seeking a valid legal order to make payments to Creditor in exchange for possessory rights to the Property and to stay in the Property as long as possible without making payments to Jean Baranowski's or PHH Mortgage.

## II.    ARGUMENT

### A. THE THIRD AMENDED CHAPTER 13 PLAN IS NOT PROPOSED IN GOOD FAITH DUE TO LACK OF PRIVITY OF CONTRACT

A Chapter 13 plan must be proposed in good faith. Jean Baranowski, NOT DEBTOR, executed a promissory note for which Debtor seeks to reorganize in this Chapter 13 Bankruptcy.

Debtor cannot be compelled by this Court to execute or be bound by the Chapter 13 plan to repay the mortgage note on the Property because that contract Debtor is not in Privity of Contract.

The fundamental principle of contract law known as "privity of contract," which states that a contract can only create rights and obligations between the parties who signed it, has its roots in several key English common law.

In, *Tweddle v. Atkinson* (1861) 1 B & S 393, a contract was made between two fathers for the benefit of their children (who were getting married). When one father failed to make the promised payment, the son (the intended beneficiary) sued. The court held that the son could not enforce the contract because he was not a party to it and had not provided any consideration.

Here, Debtor was not a party to the mortgage loan between Jean Baranowski and Creditors. Furthermore, Debtor was not an intended beneficiary.

Therefore, Debtor has no right to request to make mortgage payment arrears in a Chapter 13 plan. Debtor's request that this Court confirm his Chapter 13 plan that attempt to modify Jean Baranowski's mortgage loan (contract) terms is made in bad faith because Debtor does not have

privity of contract.

B. <u>THE THIRD AMENDED PLAN IS NOT FEASIBLE DUE TO THE INVALIDITY OF THE UNDERLYING DEBT STRUCTURE.</u>

While the Third Amended Plan attempts to address some of the feasibility concerns raised in prior objections by adjusting proposed payments, these adjustments are irrelevant because the underlying premise of the debt is fraudulent. The plan's foundation relies on Debtor paying off a loan that legally belongs to Jean Baranowski, and which has been falsely attributed to a third party by Creditor, Sionita C. Angeles.

The pre-petition arrears and ongoing payments listed in Class 2 of the Third Amended Plan for "PHH MORTGAGE / DEUTSCHE BANK" are predicated on Debtor's fraudulent misrepresentation of the mortgage loan. Without a legitimate and accurately identified Debtor and loan obligation, Debtor's Chapter 13 Plan's financial projections and proposed payments are baseless and cannot satisfy the feasibility requirement under 11 U.S.C. §1325(a)(6).

III. CONCLUSION

For the foregoing reasons, Jean Baranowski respectfully requests that this Court deny confirmation of the Debtor's Third Amended Chapter 13 Plan. The plan is tainted by fraudulent misrepresentations regarding the identity of the PHH MORTGAGE / DEUTSCHE BANK mortgage loan borrower and the nature of the loan, and as such, the Chapter 13 Plan cannot be considered to be proposed in good faith or be found feasible. Jean Baranowski seeks the protection of her contractual and property rights and requests that the Court dismiss the Debtor's Chapter 13 case.

Dated: July 12, 2025

*Jean Baranowski*
JEAN BARANOWSKI
Creditor
In Pro Per

OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 4

DECLARATION OF JEAN BARANOWSKI

I, JEAN BARANOWSKI, declare as follows:

1. I am the Claimant in the above-referenced Chapter 13 bankruptcy case (Case No. 6:25-bk-11843-SY) and have personal knowledge of the facts stated herein. I am competent to testify thereto.

2. I am the borrower of the mortgage loan on the property commonly known as 107 Cachanilla Court, Palm Desert, CA 92260. Attached as Exhibit A is a true and correct copy of the mortgage statement for March 2025, which shows my loan number, 7192395981, the same account number that Debtor alleges is his loan on his Third Amended Chapter 13 plan.

3. Effective April 2025, the new monthly mortgage payment on my loan is $3,889.26. Attached as Exhibit B is a true and correct copy of the mortgage statement for April 2025.

4. I do not consent for Debtor, Taurean E Wright to repay my loan. Debtor, Taurean E Wright is not conveying ant benefit to me.

**5.** Debtor, Taurean E Wright proposed repayment plan of my loan is an interference with my contract with the mortgage servicer, PHH Mortgage.

6. Debtor, Taurean E Wright is trying to become unjustly enriched by potentially gaining some claim or leverage over my loan.

7. I am concerned that Debtor, Taurean E Wright's payment on my loan could be considered a gift by the IRS. Since the amount would exceed the annual gift tax exclusion ($17,000 per person per year in 2024), I would be required to file a gift tax return.

8. I absolutely oppose to Debtor, Taurean E Wright's Chapter 13 plan which would require Debtor to make payments on my loan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2025

*Jean Baranowski*
Jean Baranowski
Claimant, Pro Se

OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 5

# EXHIBT A

**MORTGAGE**

PHH Mortgage Services | PO BOX 24738
West Palm Beach FL 33416

2/19/25 11:04 AM 316 01445/35 20250219 20657126 I041 1 oz DOM 2965710000 I041 PRMS

JEAN BARANOWSKI
78365 HIGHWAY 111 PMB 12
LA QUINTA CA 92253-2071

To obtain information about your account:
Visit: www.PHHMortgage.com
Call toll free: 1-877-744-2506
Email us: CustomerCare@mortgagefamily.com
Fax: 1-856-917-8300
Hours: Monday through Friday 8:00AM to 9:00PM ET
and Saturday 8:00AM to 5:00PM ET

Your monthly mortgage statement dated: February 19, 2025

| Loan number: | 7192395981 |
|---|---|
| Payment Due Date: | 3/1/2025 |
| Amount Due: | $107,268.55 |

*If payment is received after 3/16/2025, a $132.29 late fee may be charged*

### Account Information

| | |
|---|---|
| Property Address | 107 CACHANILLA CT |
| | PALM DESERT, CA 92260-3159 |
| Outstanding Balance (not payoff amount) | $568,342.60 |
| Principal Balance (interest bearing) | $511,594.78 |
| Deferred Balance (non-interest bearing) | $56,748.02 |
| Current Interest Rate | 3.7500 % |
| Prepayment Penalty | No |
| Escrow Balance | -$29,993.50 |
| Suspense Balance | $0.00 |
| Maturity Date | 10/1/2036 |

### Explanation of Amount Due

| | |
|---|---|
| Total New Fees and Charges | $30.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $398.31 |
| Assessed Expenses | $7,381.94 |
| Past Due Payment(s) | $99,458.30 |
| Total Amount Due as of 2/18/2025 | $107,268.55 |
| Accelerated Amount (not a payoff amount) | $650,482.12 |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Optional Products | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

### Important Messages

The account is presently due for the 12/1/2022 payment.
Your last full payment was applied to the payment due 11/01/2022.
*Partial Payments: If the account is presently past due, any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.
Please note that this is not the payoff quote and any amount less than the payoff quote will be returned. Please contact us for payoff quote.

### Transaction Activity

| Posted Date | Received/ Credited Date | Description | Principal ($) | Interest ($) | Escrow ($) | Late Charges, Shortages & Fees ($) | Suspense & Other ($) | Optional Products ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| 02/05 | | Payoff Quote Fee Assessed | $0.00 | $0.00 | $0.00 | -$30.00 | $0.00 | $0.00 | $0.00 |

### Important Information

Please note your loan has been referred to an attorney to start foreclosure proceedings. Prior to remitting payment you MUST contact the attorney for the full reinstatement amount as the amount above may have changed. If you need information regarding the attorney assigned to your loan please contact customer service at 866-947-7729.

If you have been approved for a loss mitigation workout program, please refer to your agreement for payment details.

1 of 3

---

Complete this coupon, tear it off and return it with your check. Please write your loan number on your check and make it payable to PHH Mortgage Services.

Loan Number: 7192395981
JEAN BARANOWSKI

| | |
|---|---|
| Payment Due Date | 3/1/2025 |
| Total New Fees and Charges | $30.00 |
| Outstanding Unpaid Late Charges, Returned Item Charges, Shortages and Other Fees | $398.31 |
| Assessed Expenses | $7,381.94 |
| Past Due Payments | $99,458.30 |
| Total Amount Due as of 2/18/2025 | $107,268.55 |
| Accelerated Amount (not a payoff amount) | $650,482.12 |

If you're paying more than the amount due, please tell us where you want us to apply the extra amount. If we do not receive your instructions, we'll apply the extra amount first to unpaid late charges and then to principal.

| | |
|---|---|
| Extra Principal | $_____ |
| Extra escrow | $_____ |
| Unpaid late charges | $_____ |
| Other (specify) _____ | $_____ |
| Total check enclosed | $_____ |

PHH Mortgage Services
PO BOX 660093
DALLAS TX 75266-0093

99 954 7192395981 0000402040 0000388811 4

# EXHIBT B

**PHH MORTGAGE**

PHH Mortgage Services| PO BOX 24738
West Palm Beach FL 33416

JEAN BARANOWSKI
78365 HIGHWAY 111 UNIT 123
LA QUINTA, CA 92253-2071

**Questions:** Visit us at
www.PHHMortgage.com
Call toll Free: **1-877-744-2506**
Fax: 1-856-917-8300

Statement Date: April 4, 2025
Account Number: ▓▓▓▓▓▓

Property Address:
107 CACHANILLA CT
PALM DESERT, CA 92260

## Escrow Analysis Statement

Dear: JEAN BARANOWSKI

As your servicer, we have safeguards in place to make sure there's enough money to make the tax and insurance payments. These safeguards protect you from unexpected payment changes. **See below for details of what changed as well as when the new monthly payment will take effect.**

### 1. Your New Monthly Mortgage Payment

The new monthly mortgage payment includes changes to the escrow payment amount. See Sections 2 for what's changed in the escrow account.

**New monthly mortgage payment**
**$3,889.26**
Effective Date: April 2025

| New Monthly Payment | Current | New |
|---|---|---|
| Principal and Interest Amount | $2,646.33 | $2,646.33 |
| Escrow Payment | $918.31 | $1,242.93 |
| Total Monthly Payment | $3,564.64 | $3,889.26 |
| Difference in Monthly Payment: $324.62 | | |

**PLEASE NOTE:** If you use a bill pay service to make the payments, YOU must adjust the amount with your provider. If you're enrolled in Autopay, WE'LL automatically adjust the payment.

### 2. What Changed?

The new escrow payment includes changes to the insurance amounts. The chart below shows what has changed in the escrow account. The anticipated annual escrow amounts include changes in insurance.

| HERE'S HOW TO CALCULATE YOUR NEW MONTHLY ESCROW PAYMENT | | |
|---|---|---|
| Total [Taxes and Insurance] | Divide by 12 Months | New Monthly Escrow Payment |
| $14,915.17 /12 = $1,242.93 | | |

| Tax Insurance Type | CURRENT Annual Amount | NEW Annual Amount |
|---|---|---|
| County Tax | $11,864.96 | $11,864.96 |
| Hazard Insurance | $3,036.34 | $3,050.21 |
| **Annual Amount** | **$14,901.30** | **$14,915.17** |

**Other taxes/other insurance may include school district, village tax, water & sewer, irrigation, agency fees, ground rent and windstorm insurance.

### 3. Your Escrow Details

The **required minimum escrow balance** is the lowest positive balance allowed in the escrow account at any given time.

We require the escrow account to always maintain 2 month(s) of monthly escrow payment. This helps us minimize the impact to the monthly mortgage payment when property tax and insurance rates increase. See Section 4 for details

| | |
|---|---|
| Required Minimum Escrow Balance | $2,485.87 |
| Anticipated Escrow Balance | -$6,676.81 |
| Escrow adjusted per Proof of Claim | $9,162.68 |

We determine the **anticipated escrow balance** using the current tax and insurance expenses and the anticipated escrow payments for the upcoming year. See Section 2 for details. To balance the account, we compare the estimated lowest account balance to the new anticipated escrow balance. See Section 4 for details.

The difference between the required minimum escrow balance and the anticipated escrow balance can leave a shortage or overage. Based on our review the escrow account has sufficient funds.

### 4. Anticipated Escrow Amounts

Over the next 12 months, we project the following activity will occur in the escrow account. The required minimum escrow balance in the account should be no less than $2,485.86 for the upcoming year. This is known as the low point and is indicated as LP below. The anticipated lowest account balance of -$6,676.82 will be reached in March 2026. The difference between the required balance of $2,485.86 and the

NMLS: ▓▓▓▓    www.PHHMortgage.com
This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

Page 3

**PHH MORTGAGE**

anticipated balance of -$6,676.82 resulted in the escrow account having enough funds for the coming year.

| Date | Description | ANTICIPATED AMOUNTS PAID INTO THE ESCROW ACCOUNT ($) | ANTICIPATED AMOUNTS PAID OUT OF THE ESCROW ACCOUNT ($) | ANTICIPATED ESCROW BALANCE ($) | REQUIRED ESCROW ACCOUNT BALANCE ($) |
|---|---|---|---|---|---|
| | Opening Balance | | | -$6,676.81 | $2,485.87 |
| Apr 2025 | | 1,242.93 | 0.00 | -5,433.88 | 3,728.80 |
| May 2025 | | 1,242.93 | 0.00 | -4,190.95 | 4,971.73 |
| Jun 2025 | | 1,242.93 | 0.00 | -2,948.02 | 6,214.66 |
| Jul 2025 | | 1,242.93 | 0.00 | -1,705.09 | 7,457.59 |
| Aug 2025 | | 1,242.93 | 0.00 | -462.16 | 8,700.52 |
| Sep 2025 | | 1,242.93 | 0.00 | 780.77 | 9,943.45 |
| Oct 2025 | | 1,242.93 | 0.00 | 2,023.70 | 11,186.38 |
| Nov 2025 | COUNTY TAX | 1,242.93 | 5,932.48 | -2,665.85 | 6,496.83 |
| Dec 2025 | | 1,242.93 | | -1,422.92 | 7,739.76 |
| Jan 2026 | | 1,242.93 | 0.00 | -179.99 | 8,982.69 |
| Feb 2026 | HAZARD INS. | 1,242.93 | 3,050.21 | -1,987.27 | 7,175.41 |
| Mar 2026 | COUNTY TAX | 1,242.93 | 5,932.48 | -6,676.82 | 2,485.86  LP |
| Total | | $14,915.16 | $14,915.17 | | |

The enclosed update follows notice of the account's involvement in a bankruptcy petition, filed on 3/25/2025 under chapter 13 of the Bankruptcy Code. This statement should be reviewed carefully. The mortgage payment may be affected. Please contact us at the number above if this account is not part of a Chapter 13 proceeding or plan. If this account is subject to any other Bankruptcy protection or received an Order of Discharge in a Chapter 7 bankruptcy case, or received any other discharge under the U.S Bankruptcy Code that applied to the referenced property, please be advised that this Notice is for information purposes only and not intended as an attempt to collect a debt against you personally.

**5 Escrow Account History**

| Date | Description | AMOUNT PAID TO ESCROW | | AMOUNT WE PAID FROM ESCROW | | ESCROW BALANCE | |
|---|---|---|---|---|---|---|---|
| | | Estimated ($) | Actual ($) | Estimated ($) | Actual ($) | Estimated ($) | Actual ($) |
| | Opening balance | | | | | $7,727.03 | -$29,993.50 |
| Jan 2025 | | 1,241.78 | * | | | 8,968.81 | -29,993.50 |
| Feb 2025 | HAZARD INS. | 1,241.78 | * | 3,036.34 | * | 7,174.25 | -29,993.50 |
| Mar 2025 | COUNTY TAX | 1,241.78 | 29,249.17 * E | 5,932.48 | 5932.48 E | 2,483.55 | -6,676.81 |
| Apr 2025 | | 1,241.78 | * | | | 3,725.33 | |
| May 2025 | | 1,241.78 | * | | | 4,967.11 | |
| Jun 2025 | | 1,241.78 | * | | | 6,208.89 | |
| Jul 2025 | | 1,241.78 | * | | | 7,450.67 | |
| Aug 2025 | | 1,241.78 | * | | | 8,692.45 | |
| Sep 2025 | | 1,241.78 | * | | | 9,934.23 | |
| Oct 2025 | | 1,241.78 | * | | | 11,176.01 | |
| Nov 2025 | COUNTY TAX | 1,241.78 | * | 5,932.48 | * | 6,485.31 | |
| Dec 2025 | | 1,241.78 | * | | | 7,727.09 | |
| Totals | | $14,901.36 | $29,249.17 | $14,901.30 | $5,932.48 | | |

The letter E in the table above indicates that all or a portion of a payment has not happened but is estimated to happen. An asterisk (*) indicates a difference from projected activity either in the amount or date.

NMLS: ▮  www.PHHMortgage.com
This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

## FREQUENTLY ASKED QUESTIONS

### What is an escrow analysis?

An Escrow Analysis is a review of your escrow account to ensure enough funds are collected during the year to pay upcoming installments of your insurance premium(s) and/or property taxes. Any increase or decrease to your annual property taxes or insurance premiums may cause the mortgage payment amount to change. We provide details of the annual analysis in the Escrow Account Statement. The statement details the most recent escrow review. You may receive more than one analysis in the year. There are a number of reasons for an interim escrow analysis.

The most common reasons are:

- The loan was acquired from another servicer.
- A material change to insurance or tax amounts due.
- Changes after closing.
- Change in tax or insurance due dates.

### How is the required escrow beginning account balance determined?

The required beginning escrow balance is made up of a cushion plus any prorated taxes and insurance needed to fulfill the anticipated disbursements for the next 12 months.

### Why did the monthly escrow payment change?

The monthly escrow payment is comprised of 1/12th of all anticipated annual disbursements. If there is an increase or decrease in the annual tax or insurance amounts the monthly escrow payment will change. Please refer to the escrow analysis for a more detailed explanation of the disbursement amounts.

### How did you calculate the new escrow payment?

We list all possible disbursements or expenses such as property taxes or insurance premiums to be paid on your behalf for the next 12 months. We take the total and divide the amount by 12 payments. Total anticipated disbursements divided by 12 payments equals the Monthly Escrow Payment. Due to changes in property taxes or insurance premiums, it is possible the escrow account could end up with a balance which is less than the target cushion amount. This is referred to as a shortage.

Any shortage of funds in the escrow account will be determined at the time of the escrow analysis. Additionally, it is possible the escrow account could end up with a balance which is greater than the required cushion amount. This is referred to as a surplus.

### What is an escrow cushion?

An escrow cushion is the amount of money set aside in the escrow account to cover any unanticipated costs such as an increase in property taxes or insurance premiums and prevents the escrow balance from being overdrawn. By law the cushion must be no greater than one-sixth (1/6) of the estimated total annual disbursements from the escrow account

### If the escrow account has a surplus, when will I receive the overage check?

If the escrow analysis resulted in an escrow surplus greater than $50.00 and the account is not more than 30 days past due, has not been referred to foreclosure, and the account is not in bankruptcy at the time the escrow analysis is performed, an escrow refund check will either be included with the escrow analysis statement or sent under separate cover within 30 business days.

Any surplus under $50.00 will be adjusted from the monthly escrow payment.

### Where do I send the escrow shortage payment?

You may direct deposit the escrow shortage amount to the escrow account using our pay by phone service or website. There may be fees associated with these payment services. You may also send in funds to escrow by mail. If sending by mail, be sure to write the account number on the check and specify "ESCROW application" on the memo line. Mail to:

PHH Mortgage
PO Box 371867
Pittsburgh, PA 15250-7867

Overnight mail:
PHH Mortgage
Attn: 371867
500 Ross Street 154-0470
Pittsburgh, PA 15250

Once the escrow funds are received, the monthly escrow payment will be adjusted within 10 business days of posting. If the escrow analysis discloses a shortage greater than one month's escrow payment, PHH cannot and does not require repayment of this amount and, instead, PHH has spread any shortage across the monthly escrow payments.

### How do I remove the escrow account?

Contact us to request a review of the loan for escrow waiver eligibility. Upon receiving your written request, subject to eligibility based on investor guidelines we will review and send out notification with the decision.

### What should I do if the account is escrowed and I received a delinquent tax bill, tax exemption, or tax reduction notice?

Write the account number on the tax correspondence and share it with us:

Email: KanaTax@MortgageFamily.com
Fax: 1-562-682-8880
Mail: PHH Mortgage Servicing
Attn: Tax Department
PO Box 24665
West Palm Beach FL 33416-4665

### What do I do if the account was escrowed as a result of a delinquent tax payment notice and I have proof of payment?

You can send the proof of payment to us. Write your account number on the correspondence and send it to us:

Email: ProofOfTaxPayments@MortgageFamily.com
Fax: 1-561-682-8880
Mail: PHH Mortgage Servicing
Attn: Tax Department
PO Box 24665
West Palm Beach FL 33416-4665

### What should I do if I receive a check from my insurance carrier for property damage or have questions regarding an existing claim?

Please call us at 1-888-882-1815, Monday through Friday 8 am - 9 pm ET and Saturday 8 am - 5 pm ET.

### What should I do if I change insurance carriers?

Insurance policy information can be uploaded on our website at MyCoverageInfo.com/ MortgageFamily. You can also send us a copy of the insurance declaration page by fax to 1-937-525-4210 or by email to MortgageFamily@MyCoverageInfo.com.

If you have any questions regarding your insurance policy information, please contact our Insurance Customer Care center directly for further assistance at 1-888-882-1855, Monday through Friday, 8 am - 9 pm ET and Saturday 8 am - 5 pm ET

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
78365 Highway 111, #123, La Quinta, CA 92253

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN OF REORGANIZATION; DECLARATION OF JEAN BARANOWSKI

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/12/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   David Coats dacoats@raslg.com; Rod Danielson (TR) notice-efile@rodan13.com; Joseph C Delmotte ecfcacb@aldridgepite.com; JCD@ecf.inforuptcy.com;j delmotte@aldridgepite.com; Benjamin Heston bhestonecf@gmail.com; benheston@recap.email; NexusBankruptcy@jubileebk.net; United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov;ben@nexusbk.com

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2025 | WILLIAM BARANOWSKI | *William Baranowski* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          F 9013-3.1.PROOF.SERVICE