David Coats (SBN 295684)
dacoats@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE, LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

Attorneys for Creditor
Deutsche Bank National Trust Company As
Trustee For INDYMAC INDX Mortgage Loan
Trust 2006-FLX1, Mortgage Pass-Through
Certificates Series 2006-FLX1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Taurean E Wright<br><br>Debtor. | Case No. 6:25-bk-11843-SY<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S 4th AMENDED CHAPTER 13 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>107 CACHANILLA CT<br>PALM DESERT  California  92260<br><br>**CONFIRMATION HEARING:**<br>DATE:         October 7, 2025<br>TIME:         01:30 PM<br>PLACE:       3420 Twelfth St.,<br>                     Riverside, CA 92501<br>CTRM:       302<br>JUDGE:      Scott H. Yun |

Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1, by and through its authorized loan servicing agent, PHH Mortgage (collectively the "<u>Creditor</u>"), secured creditor of the above-entitled debtor, Taurean E Wright ("<u>Debtor</u>"), hereby objects[1] to confirmation of the

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, Schneid & Crane, LLP's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz, Schneid & Crane, LLP, either expressly or impliedly through Robertson, Anschutz, Schneid & Crane, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -    CASE NO.    6:25-BK-11843-SY
**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**

4th Amended Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below:[2]

## I. STATEMENT OF FACTS

On or about July 5, 2006, Jean Baranowski ("Non-Filing Borrower") executed a promissory note in the original principal sum of $645,000.00 (the "Note") which was made payable to IndyMac Bank, F.S.B. ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 107 Cachanilla Ct, Palm Desert, CA 92260 (the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On March 25, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Riverside Division, and was assigned case number 6:25-bk-11843-SY.

Creditor has filed its proof of claim on May 29, 2025 (Claim No. 8-1) which reflects Total debt in the amount of $657,726.63, pre-petition arrears in the amount of $119,941.03 and monthly payments of $3,889.26

On September 8, 2025, Debtor filed his 4th Amended Chapter 13 Plan ("Plan"). Creditor now objects to confirmation thereof.

## II. ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT IS NOT FEASIBLE**

11 U.S.C. §1325(a)(6) requires a debtor to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case

under all circumstances that the plan has a reasonable likelihood of success. In re Craig, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing In re Anderson, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982).

In the present case, the Debtor's 4th Amended Plan as proposed is not feasible. Debtor's Amended Schedule J includes ongoing mortgage payments of $3,565.00, when the correct number is $3,889.26, a difference of $324.26/month. Including the monthly post-petition arrears payments of $2,000.00/month, net income has to be at least $2,324.26/month. Debtor's Schedule J, however, shows net income of only $1,982.19/month, so the plan is underfunded by about $300/month, which would add up to $18,000.00 over a 60 month plan. The Plan is not feasible and therefore cannot be confirmed.

Finally, it is Creditor's understanding that it is Debtor's ultimate intention to refinance the loan and live in the Subject Property. The problem is that the Note and Deed of Trust were both entered into by the Non-Filing Borrower, rather than the Debtor. As such, Creditor objects to confirmation of the Plan because Creditor and Debtor are not in privity of contract. Creditor is agreeable to continuing the confirmation hearing to allow Debtor to submit an application to assume the loan. Counsel for Creditor and for Debtor have discussed the matter and Creditor is working to provide Debtor with an assumption agreement presently.

For the reasons stated above, Creditor objects to the confirmation of Debtor's Plan, but requests that the confirmation hearing be continued to allow sufficient time for the assumption application to be filed and reviewed.

**WHEREFORE**, Creditor respectfully requests:

1. That the Court deny confirmation of the Debtor's 4th Amended Plan;
2. For such other and further relief as this court deems just and proper

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: 9/26/2025                    /s/ *David Coats*

1  David Coats
   Attorneys for Creditor, Deutsche Bank National
2  Trust Company As Trustee For INDYMAC INDX
   Mortgage Loan Trust 2006-FLX1, Mortgage Pass-
3  Through Certificates Series 2006-FLX1

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28