JEAN BARANOWSKI
78365 Highway 111, #123
La Quinta, CA 92253
TEL: 760-333-7499
Fax Number: None
Email: support@moneywiser.com

JEAN BARANOWSKI, IN PRO PER

UNITED STATE BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

In re:

TAUREAN E WRIGHT

    Debtor.

Case No.: 6125-BK-11843-Y

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION; DECLARATION OF JEAN BARANOWSKI

**SUBJECT PROPERTY:**
107 CACHANILLA CT
PALM DESERT California 92260

**CONFIRMATION HEARING:**
DATE: July 15, 2025
TIME: 01:30 PM
PLACE: 3420 Twelfth St., Riverside, CA 92501
CTRM: 302
JUDGE: Scott H. Yun

TO THE HONORABLE BANKRUPTCY COURT:

NOTE THAT, JEAN BARANOWSKI, Pro Per, an interested party, an unsecured creditor of Debtor, TAUREAN E WRIGHT ("Debtor") and true owner of the property located at 107 Cachanilla Court, Palm Desert, CA 92260, hereby objects to the confirmation of the Debtor, Taurean E Wright's, Fourth Amended Chapter 13 Plan of Reorganization (hereafter "Fourth Amended Plan").

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 1

This objection is based on several critical inaccuracies and misrepresentations hidden within Debtor's Fourth Amended Plan, which directly impact the integrity of these proceedings and Ms. Baranowski's unsecured and secured property rights.as described herein

## I. STATEMENT OF FACTS

1. Jean Baranowski is the rightful owner of the property commonly known as, 107 Cachanilla Court, Palm Desert, CA 92260 (the "Property"), the legitimate borrower of the mortgage loan acquired in July 2006 that the Property secures, and an unsecured creditor of Debtor.

2. July 5, 2006 (Baranowski ) signed closing documents at escrow, these documents included a Promissory Note. The Deed of Trust (contract <u>to secure an indebtedness</u>) encumbering the property at 107 Cachanilla Court, Palm Desert, Ca 92260 (the "Property") ,was recorded at the Riverside recorder's office July 14,2006 as instrument #2006-0515643 Both documents were sent to IndyMac Bank, F.S.B., Charted Savings Bank the Original Lender (owner) of Jean Baranowski loan for $645,000 Indymac F S B n<u>ot named on Jean Baranowski's note</u>,(payable to)  Both documents imaged in IndyMac image system The documents were registered with Mers Inc managed by the Banks Servicer.  Baranowski Loan ("Debt") was Securitized

3. Jean Baranowski's Promissory Note ("Note") has an incomplete stamping on the Note itself from IndyMac Bank, F.S.B., signed by Cynthia Prees as Assistant Vice President, made payable to an as of yet unnamed payee. **EXHIBIT 1**

4. On or before September 28,2006 IndyMac Bank F.S.B Charted Savings Bank prior to going bankrupt sold Baranowski payment stream (The Debt) identified in the  IndyMac INDX Mortgage Loan Trust 2006-FLX1 ("INDX 2006-FLX1Trust pooled in IndyMac MBS: INDX 2006-FLX1 (DB) servicer of the MBS is Deutsche Bank National Trust Company  **EXHIBIT 2** The Trust a SPV created to issue  mortgage-backed securities The Trust closing date was September 28, 2006

5. IndyMac MBS, Inc Depositor for IndyMac Mortgage Loan Trust 2006-FLX1Trust is not named or referenced in any way on Jean Baranowski note. neither is Deutsche Bank National iTrust Company not in its individual capacity, but solely as Trustee   IndyMac MBS Inc Depositor for IndyMac Mortgage Loan Trust 2006-FLX1Trust is not named or referenced in any way on Jean Baranowski Deed of Trust either

6. No evidence ownership interest was assigned to IndyMac MSB. Inc Deposit in the Jean Baranowski note from IndyMac F.S.B  IndyMac Bank, F.S.B., Charted Savings Bank Indymac INDX Mortgage Loan 2006-FLX 1 never had ownership interest in Jean Baranowski note

7. Whit out these transaction going through the proper parties, VALID transactions cannot take place and that would leave the trust without having properly secured assests for the certificate holders.

8. On October 10, 2018, the beneficial interest under said Deed of Trust 12 twelve years later, was assigned to Deutsche Bank National Company("DB") as Trustee for IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1 IndyMac INDX Mortgage Loan Trust 2006-FLX1,by Mers Beneficiary/solely as nominee for IndyMac Bank, F.S.B., Charted Savings Instrument #B ins# 2018-0401195.**EXHIBIT 3#8-3b**

9. Jean Baranowski Assignment of Deed of Trust was recorded on October 10, 2018, which is twelve (12) years after the Trust closed on or about September 28, 2006, This is legally impossible. There was no true sale of the Jean Baranowski Mortgage Loan caused through the Jean Baranowski Corporate Assignment of Deed of Trust.

10. IndyMac INDX Mortgage Loan Trust 2006- FLX1 is not named or referenced in any way on the Jean Baranowski Note and Deed of Trust.

11. Jean Baranowski's loan instruments, and all available documents recorded in the Riverside County records associated therewith, there is no evidence or indication that IndyMac INDX Mortgage Loan Trust 2006-FLX1 ever acquired ownership rights, to the Jean Baranowski's loan, Note, Deed of Trust, the debt evidence thereby and/or real property secured thereby.

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 3

12. As IndyMac INDX Mortgage Loan Trust 2006-FLX1 has never acquired rights to the Jean Baranowski's Note and Deed of Trust, those rights cannot be transferred to another party. Historically, An Assignment of a Deed Of Trust without an assignment of the Debt create no right in the assignee

13. No proof, or even a showing, of any proper transfer of the debt obligation (purportedly evidenced by the note) along with proper transfer of collateral rights in the real property (purportedly evidenced by the Deed of Trust). In fact, There is no evidence that suggests the Jean Baranowski note was properly transferred simultaneously with any purported transfer of the beneficial rights in the Jean Baranowski Deed of Trust.....

14. On July 28, 2020 Lenders Acknowledgement Proof of Claim filed with Case 6:25-bk-11843-SY Claim 8-1 Filed 05/29/25 Desc Main **Document EXHIBIT 4 Page 77 & 85** of 116 pages.

15. Loan Modification - Debtor Jean Baranowski mortgage loan agreement terms modified by server PHH Corporation Deutsche Bank National Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1 AGREE is the owner of the loan and retain all rights to collect PHH Corporation as lender/server/or agent.

16. Deutsche Bank National Trust Company as Trustee for the IndyMac INDX Mortgage Loan Trust 2006-FLX1 not in its Individual Capacity but solely as Trustee for Indy INDX Mortgage Loan Trust 2006-FLX1 Mortgage Pass-Through Certificates Series 2006-FLX1 and PHH Corporation is not named or referenced in any way on the Jean Baranowski's Note. No proper transfer of the debt was done and recorded with the Riverside Record office. Those rights cannot be transferred to another party.(#12)

17. Without these transactions going through the proper parties, valid transactions can not take place and that would leave the trust without having properly secured assets for the certificate holders.

18. An assignment of trust deed is necessary if a lender sells a loan secured by a trust deed. It assigns the trust deed to whoever buys the loan (such as another lender), granting them all the

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 4

rights to the property. It is recorded along with the <u>genuine original,</u> making it a matter of public record. No such public records found.

19. In the nature of a writ of rights Jean Baranowski moves the court to sequester the genuine original note to hold until the litigation is over

20. On or about December 2022, WFG National Title Ins Co prepared Trustee Sale Guarantee ("TSG") legal document requested by Deutsche Bank and ZBS LAW **EXHIIT 5** ….

21. TSG findings determined only one assignment under said deed of trust was assigned 2018 no other public recorded as of the date of this report. It identifies that Jean Baranowski's debt is in the IndyMac INDX Mortgage Loan Trust 2006-FLX1 ("INDX 2006-FLX1Trust") (#)

22. On or about May, 13, 2025, Case 6:25-bk-11843-SY Doc 23 was filed. Entered 05/13/25 15:32:12 **EXHIBIT 6**

23. Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1, by and through its authorized loan servicing **agent**, PHH Mortgage (collectively the "Creditor"), secured **creditor of the above-entitled debtor, Sionita C Angeles ("Debtor"), EXHIBITS 6-1** This is Fraud Your Honor, Filing fraudulent documents with the court is a felony, Deutsche Bank is abusing the integrity of this court Baranowski requests Deutsche Bank be Sanctioned Using a Senior Citizen for their fraudulent loan activities she knows nothing about Ms Angeles bankruptcy attorney said those are fraudsters and Taurean Wright not questioning the banks actions instead going along They should both be held accountable

**24. Debtor, Taurean E Wright's is interfering with Jean Baranowski's contractual rights related to the Property and mortgage transactions.**

25. On or about December 10, 2020, Jean Baranowski and Debtor entered into a lease agreement for Debtor to rent the Property from her. Shortly after moving into the Property, Debtor, stopped paying Jean Baranowski rent. This court approved Jean Baranowski's unsecured portion of her proof of claim, Claim 8, in the amount of $83,915.00.

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 5

26. On March 25, 2025, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Riverside Division, and was assigned case number 6:25-bk-11843-SY.

27. On April 8, 2025, Debtor filed his original Chapter 13 Plan ("Plan") PHH adding Jean Baranowski loan 5981 placing Baranowski in Bankruptcy which provided for Debtor to repay Jean Baranowski's loan PHH MORTGAGE should have never have allowed Taureann to accept payments on Baranowski's loan that is a violation of Baranowski's contract agreement with IndyMac

28. On May 27, 2025, Debtor filed his First Amended Chapter 13 Plan ("1Plan") which again provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE EXHIBIT

29. On June 9, 2025, Debtor filed his Second Amended Chapter 13 Plan ("2Plan") which again provided for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

30. On July 11, 2025, Debtor filed his Third Amended Chapter 13 Plan ("3Plan") which again provides for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE

31. On August 28, 2025, this court approved Jean Baranowski's unsecured portion of her proof of claim, Claim 8, in the amount of $83,915.00.

32. On Filed September 8, 2025, Debtor filed his Fourth Amended Chapter 13 Plan ("4Plan") which again provides for Debtor to repay Jean Baranowski's loan to PHH MORTGAGE.

33. Debtor, Taurean E Wright's, Fourth Amended Chapter 13 bankruptcy is a sham designed to use this Court to discharge unsecured creditors. To carry out his scheme, Debtor, Taurean E Wright, is "Hijacking" Jean Baranowski's secured mortgage on the Property by alleging it is his mortgage loan when in fact it is Jean Baranowski's mortgage loan.

34. Debtor's devious sham to pay a third party's secured debt as his own directly harms the Debtor's unsecured creditors.

35. Debtor, Taurean E Wright's, Fourth Amended Chapter 13 bankruptcy is a sham designed to use this court to discharge unsecured creditors. To carry out his scheme, Taureen Wright and his wife Leia (Jermaine) Wright who uses 15 aliases, filing Jointly, use $295,000 cash (Baranowski rent money) to buy Baranowski's house that is thievery. They trashed the house

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 6

1  and put me on the street they destroyed my credit, I had to get police protection to get into my
2  own house they lived there for free and would not let me into the house I tried to sell the house
3  they would not let prospective buyers see the house ) Taurean has a court order to pay Baraowski
4  $83,000 Taureans father in law Julian Decierdo'is cosigner on the rental .lease See  creditors list
5  **EXHIBIT 8**
6  36.     Tureen admitting to the trustee at the creditors meeting he did not know there was a first
7  for about $750,000 when all the interest and other costs are added Taurean Wright wants to pay
8  One million Dollars for a house, live in it and scam his creditors and have the court discharge his
9  creditors in Bankruptcy that is fraud and should not appen He must be held accountable Its Fraud
10 I will never sign off allowing Taurean to pay off my 1st loan and long term will never happen A
11 chapter 13 is for 5 years. Taurean cannot pay off the 1st in five years and all other creditor car
12 payments more It is not feasible.
13 37.     Teaurean last income he submitted to the court was in January/February. I know their
14 financial situation they were my tenants. Baranowski move the court for Debtor to update his
15 income to date. Including cash Debtor receives for renting the casita stock market account, bar
16 cash tips  Income from Taureans wife, Jermaine  Wright accounts for all her updated income
17 for creditor to review
18 38.     The court should never allow Debtor to pay off Baranowski  legal binding contract. Jean
19 Baranowski signed with IndyMac. Debtor motives and intentional acts taking advantsage of
20 Baranowski and this court to abuse this court must be stopped. It is sad that this court reputation
21 has to be dishonored because of a Debtor as Taurean Wright. This house must be sold .or
22 foreclosed the market value has and is going down.
23 39.     Deutsche Band has withheld the foreclosure 11 times increasing the loan amount and
24 interest each month and depleting the equity. This is not fair. Banks are not honest with
25 homeowners wait until homeowners  default Deutsche Bank is scheming behind Baranoeski's
26 back to get Taurean to assume my loan EXHIBIT 10 Baranowski object
27 40.     This Bankruptcy was filed in Bad faith If Taureen gets away with his dishonest motives
28 and intentional acts scheme,  many homeowner will be hurt by others like Taureen     peole like

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF
REORGANIZATION - 7

him These schemes will just continue Taureen took advantage of me 368(d) of Ca Penal Code Elder abuse.is one of the worst actcommited

FURTHERMORE TSG a legal document findings conclude Abundant Investments was not the recorded holder of the beneficial interest concluding a wrongful foreclosure of the 2nd alleging Taurean is not the title holder of this house house **EXHIBIT 11**

## II.  ARGUMENT

Pursuant to 11 U.S.C. § 541, when a Debtor files for Chapter 13, all of their legal and equitable interests in property become part of the bankruptcy estate. This includes the real property owned by grant deed, even though the mortgage is owed by a third party.

Pursuant to 11 U.S.C. § 101(5), when a mortgage holder has a "claim" against the Debtor's property, even though the Debtor is not personally liable on the note, the lender has a right to foreclose on the property. The Supreme Court affirmed this in Johnson v. Home State Bank, 501 U.S. 78 (1991).

Pursuant to 11 U.S.C. § 1322(b), a Chapter 13 plan can modify the rights of secured creditors and provide for the curing of defaults and maintenance of payments on long-term secured debts.

The above argument is the legal basis that Debtor, Taurean E Wright, employes to argue for paying the mortgage through his 4Plan to protect the Property from foreclosure. In summary, the Subject Property is an asset of the bankruptcy estate. The mortgage is a secured "claim" against the Subject Property. To protect the Subject Property from foreclosure, the Debtor, Taurean E Wright desires to cure any arrears and maintain the regular payments on the mortgage to be made through the Chapter 13 Trustee.

Debtor's proposed 4Plan fails to meet several mandatory confirmation requirements under 11 U.S.C. § 1325.

A.  **OBJECTION #1 TO DEBTOR'S 4PLAN – THE DISPOSABLE INCOME TEST PURSUANT TO § 1325(B).**

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 8

1  Pursuant to 11 U.S.C. § 1325(b) debtors who can afford to pay more to their
2  unsecured creditors are required to do so. The court cannot confirm a plan unless the plan
3  provides that all of the debtor's "projected disposable income" for the applicable commitment
4  period is applied to make payments to unsecured creditors.

5  Here, Debtor's alleged plan payment to mortgage creditor PHH Mortgage, (Claim #8)
6  is legally the debt of a third party, Jean Baranowski. It is not a debt for the maintenance or
7  support of the Debtor. The Debtor is attempting to voluntarily pay someone else's debt, Jean
8  Baranowski's debt, using funds that would otherwise be considered disposable income. Plan
9  payments to mortgage creditor PHH Mortgage are not a reasonably necessary expense for the
10 Debtor.

11 Therefore, the funds the Debtor proposes to use for payment of the mortgage creditor
12 PHH Mortgage, must instead be paid his unsecured creditors.

13 B. OBJECTION #2 TO DEBTOR'S 4PLAN - THE GOOD FAITH TEST PURSUANT
14    TO § 1325(A)(3)

15 A Chapter 13 plan must be "proposed in good faith and not by any means forbidden
16 by law." The court must look at the "totality of the circumstances" to determine good faith.

17 Here, Debtor's 4Plan is designed to manipulate the bankruptcy system. The Debtor is
18 using the structure of Chapter 13 not to repay his own secured creditors, but to protect an asset
19 by paying a third party's debt. Debtor's scheme directly harms the unsecured creditors. Debtor's
20 4Plan favors the third-party borrower over the Debtor's legal creditors, which is a classic
21 indicator of bad faith.

22 Debtor's 4Plan is a scheme to shield an asset from his creditors and is therefore filed
23 in bad faith.

24 C. OBJECTION #2 TO DEBTOR'S 4PLAN  - THE 4PLAN IS NOT FEASIBLE DUE
25    TO THE INVALIDITY OF THE UNDERLYING DEBT STRUCTURE.

26 While the 4Plan attempts to address some of the feasibility concerns raised in prior
27 objections by adjusting proposed payments, these adjustments are irrelevant because the
28 underlying premise of the debt is fraudulent. The plan's foundation relies on Debtor paying off a

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF
REORGANIZATION - 9

1  loan that legally belongs to Jean Baranowski, and which has been falsely attributed to a third
2  party by third party, Sionita C. Angeles.
3      The pre-petition arrears and ongoing payments listed in Class 2 of the Fourth Amended
4  Plan for "PHH MORTGAGE / DEUTSCHE BANK" are predicated on Debtor's fraudulent
5  misrepresentation of the mortgage loan. Without a legitimate and accurately identified Debtor
6  and loan obligation, Debtor's Chapter 13 Plan's financial projections and proposed payments are
7  baseless and cannot satisfy the feasibility requirement under 11 U.S.C. §1325(a)(6).

## III. CONCLUSION

For the foregoing reasons, Jean Baranowski respectfully requests that this Court deny confirmation of the Debtor's Fourth Amended Chapter 13 Plan. The plan is tainted by fraudulent misrepresentations regarding the identity of the PHH MORTGAGE / DEUTSCHE BANK mortgage loan borrower and the nature of the loan, and as such, the Chapter 13 Plan cannot be considered to be proposed in good faith or be found feasible. Jean Baranowski seeks the protection of her contractual and property rights and requests that the Court dismiss the Debtor's Chapter 13 case

Dated: September 29, 2025

_/s/ Jean Baranowski_
JEAN BARANOWSKI
Creditor
In Pro Per

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 10

## DECLARATION OF JEAN BARANOWSKI

I, JEAN BARANOWSKI, declare as follows:

1. I am the Claimant in the above-referenced Chapter 13 bankruptcy case (Case No. 6:25-bk-11843-SY) and have personal knowledge of the facts stated herein. I am competent to testify thereto.

2. I am the borrower of the mortgage loan on the property commonly known as 107 Cachanilla Court, Palm Desert, CA 92260. Attached as Exhibit A is a true and correct copy of the mortgage statement for March 2025, which shows my loan number, 7192395981, the same account number that Debtor alleges is his loan on his Third Amended Chapter 13 plan.

3. Effective April 2025, the new monthly mortgage payment on my loan is $3,889.26. Attached as Exhibit B is a true and correct copy of the mortgage statement for April 2025.

4. I do not consent for Debtor, Taurean E Wright to repay my loan. Debtor, Taurean E Wright is not conveying any benefit to me.

5. Debtor, Taurean E Wright proposed repayment plan of my loan is an interference with my contract with the mortgage servicer, PHH Mortgage.

6. Debtor, Taurean E Wright is trying to become unjustly enriched by potentially gaining some claim or leverage over my loan.

7. Debtor's proposed 4Plan infringes on my right of payment of my unsecured debt.

8. I am concerned that Debtor, Taurean E Wright's payment on my loan could be considered a gift by the IRS. Since the amount would exceed the annual gift tax exclusion ($17,000 per person per year in 2024), I would be required to file a gift tax return.

9. I absolutely oppose to Debtor, Taurean E Wright's Chapter 13 plan which would require Debtor to make payments on my loan at the expense of unsecure creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 24, 2025

_____
Jean Baranowski
Claimant, Pro Se

OBJECTION TO CONFIRMATION OF DEBTOR'S FOURTH AMENDED CHAPTER 13 PLAN OF REORGANIZATION - 11

EXHIBITS

Date:  July 5, 2006                                                                                         Loan # 6

# FLEX PAY ADJUSTABLE RATE NOTE
### (LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

July 5, 2006                           RIVERSIDE                                    California
[Date]                                 [City]                                       [State]

107 CACHANILLA COURT, PALM DESERT, CA 92260
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 645,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of ___ %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on September 1, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on August 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at INDYMAC BANK, F.S.B., P.O. BOX 78826, PHOENIX, AZ 85062-8826 or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ _____. This amount is a fifty and NO/1000ths percent ( 50.00 %) reduction of the payment amount that will be sufficient to repay the unpaid principal in full on the Maturity Date in substantially equal installments at the interest rate set forth in Section 2. This amount may change.

**(C) Payment Changes**

My monthly payment will remain the same until September 1, 2009, the month after the first Change Date, and will not change again until after I have made my 120th scheduled monthly payment unless it is required to change in accordance with Section 4(F) below.

IndyMac Bank Flex Pay 3/1 LIBOR Adjustable Rate Note - Multistate                                 MIN: 100055401237576667
8480981  (0602)                                                                                                  Form 5606
VMP Mortgage Solutions, Inc.                                                                                          2/06

Page 1 of 5                    Initials: 



(1)



One West Bank, FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

800 781 7399 Tel
269 353 2460 International Callers

www.onewestbank.com

We enter into a servicing agreement with the master servicer for each MBS. Among other responsibilities, the typical servicing agreement delegates to IndyMac Mortgage Services, a division of OneWest Bank, FSB, the responsibility of responding to borrowers' inquiries including their requests for loan modifications. The master servicer generally does not respond to borrowers' inquiries; instead the inquiries are re-directed to us for our responses. The master servicer does not approve or decline requests for loan modifications. Instead, the master servicing agreement sets forth the eligibility requirements for loan modifications and other assistance programs.

Your loan is pooled in the following MBS: INDX 2006-FLX1 (DB) the serviced of the MBS is Deutsche Bank National Trust Company; as trustee. Their telephone number is 714-247-6000 and their mailing address is:

1761 E St Andrew's Place
Santa Ana, CA 92705-4934

Any questions regarding your loan should be addressed directly to IndyMac Mortgage Services. If you have any questions or would like more information about your loan, please contact our Customer Service Department at (800) 781-7399. Representatives are available Monday through Friday 8:00 a.m. to 9:00 p.m. Eastern Standard Time.

If you have any questions, please visit our website at www.owb.com or contact Indymac Mortgage Services at (800)781-7399. Representatives are available Monday through Friday 8:00 am to 9:00 pm EST.

Sincerely,

Alisha Bender
Escalation Specialist
IndyMac Mortgage Services, a division of One West Bank, FSB




Case 6:23-bk-13914-WJ    Doc 26-1    Filed 09/05/23    Entered 09/05/23 18:51:18    Desc
Declaration    Page 205 of 209

## TRUSTEE'S SALE GUARANTEE

### SCHEDULE B



2. Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment map or notices filed by said districts. Said assessments are collected with the County Taxes.

3. The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.

4. Said land disclosed herein is also known by the County Tax Assessor as the following parcel number(s):

   624-400-025

5. Any easements, servitudes, or senior encumbrances appearing in the Public Records.

6. Covenants, conditions, or restrictions, if any, appearing in the Public Records; but omitting, except to the extent permitted by any applicable federal or state law, covenants or restrictions, if any, based on race, color, religion, sex, familial status, national origin, handicap, sexual orientation, marital status, ancestry, source of income, disability, medical condition, or other unlawful basis.

7. Any lease, grant, exception, or reservation of mineral rights appearing in the Public Records.

8. Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

   Amount: $645,000.00
   Dated: July 5, 2006
   Trustor: Jean Baranowski, a married woman as her separate property
   Trustee: First American Title Insurance Co.
   Beneficiary: Mortgage Electronic Registration Systems, Inc., solely as nominee for the Lender
   Lender: IndyMac Bank, FSB, a Federally Chartered Savings Bank
   Recorded: July 14, 2006
   Instrument No.: 2006-0515643, of Official Records

   The beneficial interest under said Deed of Trust was:
   Assigned to: Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1
   By: Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac Bank, FSB, a Federally Chartered Savings Bank, its successors and assigns
   By Assignment Recorded: October 10, 2018
   As Instrument No.: 2018-0401195, of Official Records

   A Substitution of Trustee which names Western Progressive, LLC as trustee, recorded October 18, 2019, as Instrument No. 2019-0419618, of Official Records.

9. Deed of Trust (With Future Advance Clause) to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

   Amount: $129,000.00
   Dated: October 10, 2006
   Trustor: Jean Baranowski, a Married Woman as her Sole and Separate Property
   Trustee: First American Title Insurance Co.
   Beneficiary:
   Lender: Indymac Bank, F.S.B., A Federally Chartered Savings Bank
   Recorded: October 20, 2006
   Instrument No.: 2006-0774014, of Official Records

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

3

DOC # 2018-0401195
10/10/2018 10:23 AM Fees: $102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:

OCWEN LOAN SERVICING, LLC
1795 INTERNATIONAL WAY
IDAHO FALLS, ID 83402

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: LISA #580

2018-02413-CA

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Riverside, California
SELLER'S SERVICING #: ▓▓▓5981 "BARANOWSKI"
SELLER'S LENDER ID#: DW 24110

MIN #: ▓▓▓▓▓▓▓6667  SIS #: 1-888-679-6377

Prepared By: Jacoby Waters, OCWEN LOAN SERVICING, LLC 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402
800-746-2936

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR INDYMAC BANK, FSB, A FEDERALLY CHARTERED SAVINGS BANK, its successors and assigns hereby grants, assigns and transfers to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-FLX1 at C/O OCWEN LOAN SERVICING, LLC., 1661 WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL 33409 all its interest under that certain Deed of Trust dated 07/05/2006 , in the amount of $645,000.00, executed by JEAN BARANOWSKI A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS and Recorded: 07/14/2006 as Instrument No.: 2006-0515643 in the County of Riverside, State of California.

In witness whereof this instrument is executed.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR INDYMAC BANK, FSB, A FEDERALLY CHARTERED SAVINGS BANK, its successors and assigns

On SEP 28 2018

*[signature]*

Jacoby D. Waters,
Assistant Secretary

*VAS*VASGMAC*09/27/2018 02:45:54 PM* GMAC40GMACA000000000000005428270* CARIVER* ▓▓5981 CASTATE_TRUST_ASSIGN_ASSN **JW1GMAC*



PHH PROOF OF CLAIM 116 pages.pdf - 2020 Deusche Bank Loan...    file:///G:/Users/Owner/Downloads/2020%20Deusche%20Bank%20...
Case 6:25-bk-11843-SY    Doc 71    Filed 09/29/25    Entered 10/01/25 13:33:52    Desc
Main Document    Page 16 of 20

Case 6:25-bk-11843-SY    Claim 8-1    Filed 05/29/25    Desc Main Document    Page 85 of 116

# LENDER ACKNOWLEDGEMENT

(For Lender's Signature Only)

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

PHH Mortgage Corporation

_Jorge Marin_ (signature)

Authorized Signer

Jorge Marin

Date: OCT 26 2020    Authorized Signer

State of _____

County of _____

On this ___ day of _____, ____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as _____ of PHH Mortgage Corporation., said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _____



Case 6:25-bk-11843-SY    Claim 8-1    Filed 05/29/25    Desc Main Document    Page 77 of 116

The debtor, JEAN BARANOWSKI, and Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1 through the servicer of the underlying mortgage loan agreement, PHH Mortgage Corporation, have agreed to modify the terms of said underlying mortgage loan agreement. Deutsche Bank National Trust Company As Trustee For IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1 is the owner of the loan and retains all rights to collect payments as per the underlying mortgage loan agreement. PHH Mortgage Corporation, remains servicer for said underlying mortgage loan agreement.

This Loan Modification Agreement ("Agreement"), made this 28th day of July, 2020 ("Modification Agreement Date"), between JEAN BARANOWSKI ("Borrower") and PHH Mortgage Corporation, Lender/Servicer or Agent for Lender/Servicer ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument") dated 07/05/2006 and recorded in the Records of Riverside County, CA and (2) the Note, bearing the same date as, and secured by, the Security Instrument (collectively, "Loan Documents"), which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

107 CACHANILLA CT
PALM DESERT, CA 92260

The real property described being set forth as follows:

(Legal Description Attached, if applicable, for Recording Only)

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

**Representations:**

1. Borrower is experiencing a financial hardship and as a result, 1) is or will be in default under the Loan Documents and 2) does not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments due under the Loan Documents.
2. Under penalty of perjury, if required by the Lender, borrower provided Lender with full and complete information that, when provided, accurately stated borrower's income, expenses, and assets. To the extent requested by Lender, borrower provided documents that supported that information.
3. Borrower has made any and all required trial period plan payments or down payments.
4. Borrower currently has sufficient income to support the financial obligations under the Loan Documents, as modified by this Agreement.
5. Borrower understands that property title may be reviewed as a precondition to the modification.

**Acknowledgements and Preconditions to the Modification:**

1. Lender has no obligation to make any modification of the Loan Documents if any of the requirements under this Agreement are not met.
2. Prior to the Modification Effective Date (defined as 10/01/2020), if Lender determines that any of the representations above are no longer true and correct, 1) the Loan Documents will not be modified, 2) this Agreement will not be valid, and 3) Lender will have all of the rights and remedies provided by the Loan Documents.
3. The Loan Documents will not be modified unless and until 1) Lender approves this Agreement and 2) the Modification Effective Date has occurred.

**Modified Loan Terms:**

1. If all of Borrower's representations above continue to be true and correct and all preconditions to the modification set forth above have been met, the Loan Documents will automatically become modified on 10/01/2020. If Borrower has failed to make any payments that are a precondition to this modification or receipt of clear title is not received, this modification will not take effect.

The new Maturity Date will be 10/01/2036.

Borrower understands that in order to reach an affordable payment under this modification, the loan may have been re-

Page 2



## TRUSTEE'S SALE GUARANTEE

### SCHEDULE A

| | |
|---|---|
| Guarantee No.: | Liability: $118,000.00 |
| File No.: | |
| Your No.: | |
| Date of Guarantee: December 13, 2022 | Fee: $390.00 |

1. Name of Assured:

   ZBS Law, LLP and Deutsche Bank National Trust Company as Trustee of the Indymac Residential Asset-Backed Trust, Series 2004-LH1, its Successors and Assign

2. The estate or interest in the Land that is the subject of this Guarantee is:

   Fee Simple

3. Assurances:

   According to the Public Records as of the Date of Guarantee.

   a. Title to the estate or interest is vested in:

   Jean Baranowski, a married woman as her separate property

   b. Title to the estate or interest is subject to defects, liens or encumbrances shown in Schedule B which are not necessarily shown in the order of their priority.

   c. The Land referred to in this Guarantee is situated in the State of California, County of Riverside, and is described as follows:

   See Exhibit "A" attached hereto and made a part hereof

   d. Relative to the Mortgage shown in Paragraph 9 of Schedule B:

   i. For the purposes of California Civil Code §§ 2924b (b) and (d), the address of the trustor or mortgagor as shown in the Mortgage is:

   Jean Baranowski
   107 Cachanilla
   Palm Desert, CA 92260

   Jean Baranowski
   107 Cachanilla Court
   Palm Desert, California 92260

   ii. The names and addresses of all persons who have recorded requests for a copy of notice of default and for a copy of notice of sale as provided by California Civil Code §§ 2924b (a), (b) and (d) are:

   Epsten Grinnell & Howell APC
   10200 Willow Creek Road, Suite 100
   San Diego, CA 92131

   iii. The names and addresses of all additional persons who are entitled to receive a copy of notice of default and a copy of notice of sale as provided by California Civil Code §§ 2924b (c) (1), (2) and (3) are:

   Jean Baranowski
   P.O. Box 1274
   Palm Springs, California, 92263

   Affects: Vesting

   Jean Baranowski
   78-365 Hwy 111 Ste 123
   La Quinta, CA 92253-2071

   Affects: Vesting

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017



Case 6:23-bk-13914-WJ    Doc 26-1    Filed 09/05/23    Entered 09/05/23 18:51:18    Desc
Declaration    Page 206 of 209

Said Deed of Trust was Re-Recorded on July 31, 2007 as Instrument No. 2007-0495552, of Official Records.

A Special Request for Notice pursuant to Civil Code 2924b was recorded February 13, 2019 as Instrument No. 2019-0049219, of Official Records. N\R

The beneficial interest under said Deed of Trust was:
Assigned to:    Deutsche Bank National Trust Company as Trustee of the Indymac Residential Asset-Backed Trust, Series 2004-LH1, its Successors and Assigns
By:    Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB, as Successor in Interest to Indymac Bank, FSB
By Assignment Recorded:    May 6, 2014
As Instrument No.:    2014-0164852, of Official Records.

A purported assignment executed by IndyMac Bank, F.S.B. to Deutsche Bank National Trust Company as Indenture Trustee of the Indymac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 and recorded December 11, 2019, as Instrument No. 2019-0509694, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.

A purported assignment executed by Deutsche Bank National Trust Company as Indenture Trustee of the Indymac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 to Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust and recorded December 11, 2019, as Instrument No. 2019-0509695, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.

A purported assignment executed by Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust to Abundant Investments LLC and recorded February 2, 2021, as Instrument No. 2021-0067844, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.



WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
73365 Highqay 111, #123, La Quinta, CA 92253

A true and correct copy of the foregoing document entitled (*specify*): <u>OBJECTION TO CONFIRMATION OF DEBTOR'S</u>
<u>CHAPTER 13 AMENDED PLAN FOUR OF REORGANIZATION AS TO 107 CACHANILLA COURT, PALM DESERT,</u>
<u>SHOWN IN BANKRUPTCY FILING OF TAUREAN WRIGHT.</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

BENJAMIN HESTON bhestonecf@gmail.com. benheston@recap,email, NexusBankruptcy@jubileebk,net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __09/23/25__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __05/13/2025__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/23/25 | William Baranowski | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE