JEAN BARANOWSKI
78365 Highway 111, #123
La Quinta, CA 92253
TEL: 760-333-7499
Fax Number: None
Email: support@moneywiser.com

JEAN BARANOWSKI, IN PRO PER

## UNITED STATE BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

In re:

TAUREAN E WRIGHT

Debtor.

Case No.: 6125-BK-11843-Y

MOTION TO REMOVE REAL PROPERTY
AND MORTGAGE FROM BANKRUPTCY
ESTATE PURSUANT TO 11 U.S.C. § 541 —
PROPERTY ACQUIRED BY FRAUD

SUBJECT PROPERTY:
107 CACHANILLA CT
PALM DESERT California 92260

CONFIRMATION HEARING:
DATE: Dec 09 2025
TIME: 01:30 PM
PLACE: 3420 Twelfth St., Riverside, CA 92501
CTRM: 302
JUDGE: Scott H. Yun

### TO THE HONORABLE BANKRUPTCY COURT:

**NOTE THAT**, JEAN BARANOWSKI, Pro Per, an interested party and true owner of the

property located at 107 Cachanilla Court, Palm Desert, CA 92260, hereby: move the court to

remove the real property at 107 Cachanilla Court, Palm Desert, CA 92260 and the associated

Baranowski mortgage loan # 719239598 (illegally added to this BK )from this Bad Faith

bankruptcy of Taurean E Wright 7 Intendant reasons:

MOTION TO EXCLUDE REAL PROPERTY AND MORTGAGE FROM BANKRUPTCY

## STATEMENT OF FACTS:

1. Jean Baranowski is the rightful owner of the property commonly known as, 107 Cachanilla Court, Palm Desert, CA 92260 (the "Property"), the legitimate borrower of the mortgage loan (page 1a) acquired in July 2006

2. July 5, 2006 (Baranowski ) signed closing documents at escrow, these documents included a Promissory Note. The Deed of Trust **EXHIBIT 1**(contract to secure an indebtedness) encumbering the property at 107 Cachanilla Court, Palm Desert, Ca 92260 (the "Property") ,was recorded lien at the Riverside recorder's office July 14,2006 as instrument #2006-0515643 Both documents were sent to IndyMac Bank, F.S.B., Charted Savings Bank the Original Lender (owner) of Jean Baranowski loan for $645,000 Indymac F S B not named on Jean Baranowski's note,(payable to)  Both documents imaged in IndyMac image system The documents were registered with Mers Inc.Deutsche Bank National Trust Company

3. Jean Baranowski's Promisary Note ("Note") has an incomplete stamping on the Note itself from IndyMac Bank, F.S.B., signed by Cynthia Prees as Assistant Vice President, made payable to an as of yet unnamed payee.

4. For 20 years Baranowski payments were made to One West Bank as server, then to Ocwen Loan Servicing LLC and by 2018 to Phh Mortgage (statement) Deutsche National Bank Servicer Baranowski was never notified about a new lender as by 2008 IndyMac went bankrupt dissolved 2009. Baranowski wrote a letter to the Gov. OTC to find out where my loans were One West Bank responded Baranowski Loan ("Debt") was Securitized (however not done properly in accordance with the PSA Pool Service Agreement **EXHINIT** ...formed 9/1/2006 as had explained to the court ) and Baranowski's NOTE, DOT and payment stream("THE DEBT) was Sold to the trust ("The Debt") identified in the  IndyMac INDX Mortgage Loan Trust 2006-FLX01 ("INDX 2006-FLX1Trust pooled(commingled with other monies) in IndyMac MBS: INDX 2006-FLX1 (DB)  Deutsche Bank National Trust Company **as server** .The Trust closed September 28,2006 **EXHIBIT 2 SEC 8-K**

5. On or about 2019 Baranowski payments increase to $6,000 p/m  the 1st and a HELOC $129,000 securitized loan 2nd (Arm) Indymac gave Baranowski a 2nd second under duress she did

MOTION TO EXCLUDE REAL PROPERTY AND MORTGAGE FROM BANKRUPTCY

1  not ask for nor apply for Indymac maxed out all Baranowski equity 100% predatory lending

2  causing me undue financial hardship by 2019 Baranowski could not sustain the payments any

3  longer was unable to sell the house it( was underwater since 2006 I mailed Deutsche Bank

4  CEO/VP said to take the house back (2,000 was Covet ) PHH/Deutsche Bank would not and

5  gave me a loan Modification instead I did not want that got me further into financial hardship By

6  December 2020 I rented my home out to my real estate agent who hijacked my house would not

7  let me back in my house they stopped paying rent and my house went into default. The renters

8  Taurean Wright refused to pay the rent instead took my rent money (that's theft) and acquired

9  my house through a in a fraudulent foreclosure on the 2nd leaving me a senior citizen on the

10 street. It was when Baranowski was in default she discovered Deutsche Bank now "owner" of

11 the1st and the 2nd Baranowski hired a mortgage investigator years r only to uncover the horror of

12 the history of her home loans and having made payments to an unknow payee (lender) for years

13 and, about the 2018 fraudulent assignment only to discover Deutsche Bank was not the secured

14 creditor of my 1st in addition Abundant Investments were not the holder and beneficial interest of

15 my second lien identified in a 2007 HI trust **EXHIBIT TSG** Baranowski verified its findings

16 with the Title company who will testify if called upon) That 2nd trust closed March 14, 2007

17
18 Attached Exhibit A (??? pages) supports the fact.s 7 INDENTANT REASONS Legal Bases

19  1. The 2018 Assignment to Deutsche Bank 1st lien is VOID (no notarial seal, robo-signing
20     assignment transferred 12 years later legally impossible (Glaski v. Bank of America
       (2013) 218 Cal.App.4th 1079) — **12 years late**.(Doc84 filed with BK court
       11/24/2025 Deutsche Bank is not the Secured Creditor
21  2. The **second Deed of Trust (HELOC)** was obtained by **fraud and duress** on
22     October 12, 2006 — notary forced signature without reading, refused to leave until
       signed, immediate asked to cancel cancellation ignored — **void ab initio** (Civ. Code
23     §§ 1567, 1689(b)(1)).
24  3. The second lien was **securitized identified in the IndyMac 2007-H1 trust EXHIBIT
       (TSG #....) Trust closed March 14,2007** — any attempt to transfer it after that date is
25     **VOID** (Glaski v. Bank of America (2013) 218 Cal.App.4th 1079) **15 years late**
26  4. No public record of the 2nd lien ever being assigned to Deutsche Bank Break in the chain
       of title (TSG) ZBS issue noted **page 9** respondents appeal brief EXHIBIT,,,,,Without a
27     recorded assignment, no one after IndyMac had power of sale (Civ.Code § 2932.5).
       Abundant Investments wrongful forclosue.
28

MOTION TO EXCLUDE REAL PROPERTY AND MORTGAGE FROM BANKRUPTCY

5. The Substitution of Trustee is VOID (Washington notary,( CA Gov.Code § 8202 ) notary must be in CA-commissioned for CA real property compliance issue), SOT no authority) executed by Abundant Investments which never had title)

6. ZBS Law's own TSG Sch A Trustee Sale Guarantee admits reliance on the void assignment. Never verified void assignments foreclosed anyway.

7. Debtor acquired title through a **void foreclosure sale** in September 2023.

Property obtained by fraud is **not property of the estate** (11 U.S.C. § 541; In re Rodeo Creek Ltd. P'ship, 977 F.2d 592 (9th Cir. 1992)).Att

Both liens are VOID Deutsche Bank ls not the Secured Creditor and Tureens title is worthless Judge made it clear Taurean is not the borrower It is illegal and a violation of Baranowski rights to be allowed to sell the property and pay off Baranowski Loan This action is baseless act and constitutes an abuse of process
because:
• The 2018 Assignment to Deutsche Bank is VOID (no notarial seal, executed 12 years after trust closing, robo-signed);
• The 2023 foreclosure sale is VOID (void SOT, void underlying assignment);
• Deutsche Bank therefore has **no enforceable lien** and is prohibited from any further collection or foreclosure activity.

REQUESTED RELIEF:
• Remove the property and loan from this Bad faith Bankrupysy
• Declare the automatic stay inapplicable;
• Set for shortest time or rule on papers.
• Declare that Deutsche Bank National Trust Company has no enforceable lien and is permanently enjoined from any further foreclosure or collection activity on the property.

Dated: December 05, 2025

JEAN BARANOWSKI
Creditor
In Pro Per

MOTION TO EXCLUDE REAL PROPERTY AND MORTGAGE FROM BANKRUPTCY

*TRUSTEE*

Jean Baranowski,
78365 Highway 111 #123
La Quinta CA 92253
support@moneywiser.com

December 5, 2025

Rod Daniels, Chapter 13
Trustee 3685 Main Street,
Suite 300
Riverside, CA 92501
kadockery@ch13kad.com

Re: Case No. 6:25-bk-11843-WJ – Taurean Eugene Wright

Subject Property: 107 Cachanilla Court, Palm Desert, CA 92260

Dear Trustee Rod Daniels

The 2023 foreclosure sale is VOID. Creditor has filed a Motion to Remove property from the
Estate and Objection to Confirmation tonight (see attached page Exhibit A proving blank-seal
assignment, expired notary, Washington notary, robo-signer, and ZBS admission).

The property is not estate property.

I am the owner of the above property. The debtor obtained title through a non-judicial
foreclosure that is based on a **facially void** assignment recorded in 2018 (Instrument No.
2018-0401195) that contains **no physical notarial seal** and was executed **twelve years**
after the REMIC trust closed (see attached filing with the court 11/24/2025 Exhibits attached).

Despite the foreclosure, the loan servicer PHH continues to report the mortgage **in my name
only** and is reporting it as "included in bankruptcy" and you have been accepting post-petition
payments from Mr. Wright.who clearly swore before the Trustee at the creditors meeting there
was no loan on the property. Furthermore the Judge clearly explained at a prior hearing the
Trustee attended that Taurean Wright is not the Borrower  Attached are my most recent
statements (still addressed solely to Jean Baranowski) showing NSF notations and the
bankruptcy flag. My credit report is showing multiple late notations As a direct result, my credit
score has dropped **45 points**, I have been denied credit, and I am suffering ongoing severe
financial and emotional harm.

Property obtained through a void foreclosure is **not property of the estate** (11 U.S.C. § 541;
In re Rodeo Creek Ltd. P'ship, 977 F.2d 592 (9th Cir. 1992)). Acceptance and disbursement of
mortgage payments on non-estate property, and allowing the servicer to report those payments
(and late or NSF) against my credit, violates 11 U.S.C. §§ 541, 1322(b)(2), and the Fair Credit
Reporting Act (15 U.S.C. § 1681s-2)

*B – CREDIT*

Furthermore, Please find an asset of Mr Wright he did no include in his t include in his BK

Invading paying his creditors

Please immediately:

1. Exclude it from the estate (11 U.S.C. § 541);
2. Cease accepting payments on Creditor's loan; 3. Abandon the property under 11 U.S.C. § 554.

Thank you.

Jean Baranowski

The property is not estate property.

B-C 2)



Facsimile Transmission

**To:** <u>BARANOWSKI, JEAN</u>

Company:
Fax: 888-309-2856
Phone:

**From:**
Fax:
Phone:
Fax ID: MCA4A1FE3E30988

**NOTES:**

EXHIBITS

Date:   July 5, 2006                                     Loan # ██████6

# FLEX PAY ADJUSTABLE RATE NOTE
### (LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

July 5, 2006                        RIVERSIDE                        California

[Date]                                [City]                                [State]

### 107 CACHANILLA COURT, PALM DESERT, CA 92260

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $   645,000.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is   INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of ████0 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on   September 1, 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on August 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   INDYMAC BANK, F.S.B., P.O. BOX 78826, PHOENIX, AZ 85062-8826   or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ ██████ . This amount is a fifty and NO/1000ths   percent ( 50.00 %) reduction of the payment amount that will be sufficient to repay the unpaid principal in full on the Maturity Date in substantially equal installments at the interest rate set forth in Section 2. This amount may change.

**(C) Payment Changes**

My monthly payment will remain the same until september 1, 2009 , the month after the first Change Date, and will not change again until after I have made my 120th scheduled monthly payment unless it is required to change in accordance with Section 4(F) below.

**IndyMac Bank Flex Pay 3/1 LIBOR Adjustable Rate Note - Multistate**
**8480981** (0602)

VMP Mortgage Solutions, Inc.

MIN: 100055401237576667

Form 5606
2/06

Page 1 of 5                        Initials _____  _____  _____  _____



**Recording Requested By**
First American Title Company
Riverside Resale

Recording Requested By:
INDYMAC BANK, F.S.B., C/O DOCUMENT
MANAGEMENT
*[Company Name]*

And When Recorded Mail To:
INDYMAC BANK, F.S.B., C/O DOCUMENT
MANAGEMENT
*[Company Name]*

*[Name of Natural Person]*
BLDG B, 901 E 104TH ST, SUITE 400/500

*[Street Address]*
KANSAS CITY, MO 64131
*[City, State Zip Code]*

DOC # 2006-0515643
07/14/2006 08:00A Fee:72.00
Page 1 of 22
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



123757666-10
7/24/06   EA

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|----|-----|-----|-------|
|   |   |   | 22   |      |    |    |     |     |       |
| A | R | L |      |      | COPY | LONG | REFUND | NCHG | EXAM |

*[Space Above Ti*

# DEED OF TRUST

MIN:  100055401237576667

T
TC

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)    **"Security Instrument"** means this document, which is dated    July 5, 2006    , together with all Riders to this document.

(B)    **"Borrower"** is    JEAN BARANOWSKI A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

. Borrower is the trustor under this Security Instrument.

(C)    **"Lender"** is    INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

Lender is a    Federal Savings Bank    organized and existing under the laws of United States of America    . Lender's address is    155 NORTH LAKE AVENUE, PASADENA, CA 91101    .

(D)    **"Trustee"** is    FIRST AMERICAN TITLE INSURANCE CO.

(E)    **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

Loan No: 123757666

California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com
Page 1 of 13

MERS Modified Form 3005 01/01

14301CA 8/08/00
© 2000, The Compliance Source, Inc.



(3)

(F)    "Note" means the promissory note signed by Borrower and dated    July 5, 2006    . The Note
states that Borrower owes Lender    six hundred forty five thousand and NO/100ths
                                    Dollars (U.S. $ 645,000.00      )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
August 1, 2036    .

(G)    "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H)    "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the
Note, and all sums due under this Security Instrument, plus interest.

(I)    "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to
be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [xx] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [xx] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] 1-4 Family Rider | [ ] Revocable Trust Rider | |
| [ ] Other(s) [specify] | | |

(J)    "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)    "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that
are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)    "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape
so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited
to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and
automated clearinghouse transfers.

(M)    "Escrow Items" means those items that are described in Section 3.

(N)    "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third
party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of,
the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or
(iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O)    "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)    "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus
(ii) any amounts under Section 3 of this Security Instrument.

(Q)    "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor
legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all
requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not
qualify as a "federally related mortgage loan" under RESPA.

(R)    "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party
has assumed Borrower's obligations under the Note and/or this Security Instrument.

Loan No: 123757666

(3) 2

# SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

# Form 8-K

## CURRENT REPORT

Pursuant to Section 13 or 15(d) of the
Securities Exchange Act of 1934

Date of Report (Date of earliest Event
Reported): September 28, 2006

**IndyMac INDX Mortgage Loan Trust 2006-FLX1**
(exact name of issuing entity)

*Commission File Number of the issuing entity: 333-132042-38*

**IndyMac MBS, Inc.**
(Exact name of the depositor as specified in its charter)

*Commission File Number of the depositor: 333-132042*

**IndyMac Bank, F.S.B.**
(Exact name of the sponsor as specified in its charter)

```
        Delaware                              95-4791925
----------------------------            --------------------
(State or Other Jurisdiction            (I.R.S. Employer
    of Incorporation)                   Identification No.)


    155 North Lake Avenue                     91101
    Pasadena, California                   ----------
    ----------------------                 (Zip Code)
    (Address of Principal
    Executive Offices)
```

Registrant's telephone number, including area code: (800) 669-2300

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any following provisions (see General Instruction A.2. below):

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[ ] Soliciting material pursuant to Rule 14a-12(b) under the Exchange Act

(17 CFR 240.14a-12(b))

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

Exhibit 99.1

**INDYMAC MBS, INC.**
**Depositor**

**INDYMAC BANK, F.S.B.**
**Seller and Servicer**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**Trustee**

**POOLING AND SERVICING AGREEMENT**
**Dated as of September 1, 2006**

**INDYMAC INDX MORTGAGE LOAN TRUST**
**2006-FLX1**

**MORTGAGE PASS-THROUGH CERTIFICATES**
**Series 2006-FLX1**

---

TABLE OF CONTENTS
-----------------

Page

----

ARTICLE ONE DEFINITIONS
6

    Section 1.01.
Definitions.............................................................6
    Section 1.02.    Rules of
Construction...........................................................36

ARTICLE TWO CONVEYANCE OF MORTGAGE LOANS; REPRESENTATIONS AND WARRANTIES
38

    Section 2.01.    Conveyance of Mortgage
Loans.................................................38
    Section 2.02.    Acceptance by the Trustee of the Mortgage
Loans.................................................41
    Section 2.03.    Representations, Warranties, and Covenants of the Seller and the
Servicer............43
    Section 2.04.    Representations and Warranties of the Depositor as to the Mortgage
Loans..............44

(3)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

78365 Highway 111, #123, La Quinta, CA 92253

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO REMOVE REAL PROPERTY AND
MORTGAGE FROM CHAPTER 13 BANKRUPTCY TAUREEN WRIGHT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/05/2025           , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin Heston
bhestonecf@gmail.com; benheston@recap.email; NexusBankruptcy@jubileebk.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*)   12/05/2025          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/05/2025 | William Baranowski | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**